UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN PROCESS EQUIPMENT COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC MUTUAL INSURANCE COMPANIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 04-10736 (DPW) |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Atlantic Mutual Insurance Company (incorrectly identified in the Complaint as "Atlantic Mutual Insurance Companies") denying each and every allegation that is not specifically admitted herein responds as follows to the enumerated paragraphs in the Complaint filed by American Process Equipment Company, Inc. ("APEC"):

1.   Insofar as the allegations in Paragraph 1 merely purport to characterize the cause of action set forth in the complaint no response is required. To the extent an answer is required, Atlantic Mutual Insurance Company ("Atlantic Mutual") admits that APEC made an insurance claim alleging a loss that purportedly occurred in or around April 2002, and that it has not paid the claim as no amounts are owed to APEC. Atlantic Mutual denies the remaining allegations in Paragraph 1, and denies that it owes any amounts to APEC.

BOST1-825279-1

## PARTIES

2.   Atlantic Mutual is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.   Atlantic Mutual admits that it is a corporation duly formed and licensed to engage in the insurance business in the Commonwealth of Massachusetts and that it has its principal place of business at 140 Broadway, New York, NY. Atlantic Mutual denies the remaining allegations in Paragraph 3 of the Complaint.

## FACTS

4.   Atlantic Mutual admits that APEC submitted a written claim alleging losses in excess of $3 million in connection with purported water damage to its business equipment. Atlantic Mutual denies that any amounts are owed to APEC in connection with its insurance claim, and further states that it is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.   Atlantic Mutual admits that APEC provided it with the documents attached as Exhibits 2 and 3 to the Complaint, and denies that it owes any money to APEC in connection with its purported insurance claim.

6.   Atlantic Mutual admits that APEC submitted an insurance claim alleging that APEC suffered property damage in or about April 2002, that counsel for Atlantic Mutual examined Paul O'Neill, Jr. of APEC under oath, and that APEC provided Atlantic Mutual with copies of certain documents. Atlantic Mutual denies that APEC cooperated fully with Atlantic Mutual's investigation, and denies the remaining allegations in Paragraph 6.

7. Atlantic Mutual admits that it has not paid APEC's purported insurance claim (except that it advanced $50,000 to APEC pursuant to a full and complete reservation of rights), and denies the remaining allegations in Paragraph 7 of the Complaint.

8. Atlantic Mutual denies the allegations in Paragraph 8 of the Complaint.

9. Atlantic Mutual admits that APEC sent it a letter dated March 18, 2004 in which APEC references the appraisal process and its purported belief that appraisal is not required in this matter. Atlantic Mutual denies the remaining allegations in Paragraph 9 of the Complaint.

10. Atlantic Mutual denies the allegations contained in Paragraph 10 of the Complaint.

## COUNT I

11. Atlantic Mutual repeats the responses set forth in Paragraphs 1 through 10 above and incorporates them by reference as though fully set forth herein.

12. Atlantic Mutual denies the allegations contained in Paragraph 12 of the Complaint.

## COUNT II

13. Atlantic Mutual repeats the responses set forth in Paragraphs 1 through 12 above and incorporates them by reference as though fully set forth herein.

14. Atlantic Mutual denies the allegations contained in Paragraph 14 of the Complaint.

15. Atlantic Mutual denies the allegations contained in Paragraph 15 of the Complaint.

## COUNT III

16. Atlantic Mutual repeats the responses set forth in Paragraphs 1 through 15 above and incorporates them by reference as though fully set forth herein.

17. Insofar as the allegations of Paragraph 17 purport to set forth a private claim under Massachusetts General Laws Chapter 176D, Atlantic Mutual states that M.G.L. c. 176D does not permit a private cause of action and, therefore, no response is required. To the extent a response is required to Paragraph 17, Atlantic Mutual denies the allegations contained in Paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses Atlantic Mutual states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover under the Atlantic Mutual policy because it breached material terms and conditions of the policy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovery by its own acts and conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy its statutory obligations and conditions precedent to presenting a claim under G.L. c. 93A which precludes it from recovering on any claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's lawsuit is wholly frivolous, brought for purposes of delay, and is without merit.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the policy's two-year suit limitation provision.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of notice and/or late notice of the claims to the defendant and the resulting prejudice to defendant, and, therefore, the plaintiff may not recover in this action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or must be reduced according to the terms and conditions of the defendant's insurance policy at issue in this case.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as plaintiff failed to take all reasonable steps to protect its property from damage.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as plaintiff failed to cooperate with defendant in connection with defendant's investigation of plaintiff's insurance claim.

**WHEREFORE**, Atlantic Mutual respectfully requests the Court to (a) enter judgment in its favor on each of the counts in plaintiff's complaint; (b) award Atlantic Mutual its costs and reasonable attorneys' fees; and (c) award Atlantic Mutual such other relief as the Court may deem just and appropriate.

### DEFENDANT'S JURY CLAIM

THE DEFENDANT, ATLANTIC MUTUAL, DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

### COUNTERCLAIM OF ATLANTIC MUTUAL INSURANCE COMPANY

For its counterclaim against American Process Equipment Company, Inc., Atlantic Mutual Insurance Company states as follows:

1. Atlantic Mutual Insurance Company ("Atlantic Mutual") is a New York Corporation with a principal place of business at 140 Broadway, New York, New York.

2. American Process Equipment Company, Inc. ("APEC") is, upon information and belief, a Massachusetts corporation with a principal place of business at 295 Lincoln Street, Hingham, Massachusetts.

3. Atlantic Mutual issued an insurance policy, Policy No. 765-00-76-73-000, to APEC which took effect on June 30, 2001 and had a one year term.

4. Subject to its terms and conditions, the policy provided coverage for damage to APEC's property, subject to the policy's terms, conditions and exclusions, and expressly states that the Policy is void in the event of concealment, fraud or misrepresentation by APEC:

> **D.  Concealment, Misrepresentation Or Fraud**
>
> This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
> 1. This policy;
>
> 2. The Covered Property;
>
> 3. Your interest in the Covered Property; or

6

        4.      A claim under this policy.

5.      The policy also sets forth the insured's duties in the event of loss or damage. These duties include the following:

    **J.**    **DUTIES IN THE EVENT OF LOSS OR DAMAGE**

        1.      You must see that the following are done in the event of loss covered under this Coverage Part: …

            b.      Give us prompt notice of the loss or damage, including a description of the property covered. ….

            d.      Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss unless such loss or damage is covered under your Loss Expense and Prevention Coverage for Preservation of Property. Also, if feasible, set the damaged property aside and in the best possible order for examination. …

            h.      Cooperate with us in the investigation or settlement of the claim.

6.      On or about April 22, 2002, APEC notified Atlantic Mutual that certain pieces of APEC business equipment had been damaged as a result of water leaks in the roof of the premises occupied by APEC.

7.      Thereafter, on or about July 18, 2002, APEC, through its President Paul X. O'Neill, Jr. ("O'Neill"), filed a written claim with Atlantic Mutual alleging $3,149,000 in purported losses. APEC claimed to have suffered damage to its machine tools, and to its fabrication and heat treating equipment. APEC also alleged that it had suffered lost revenue, damage to work-in-process, and costs to redesign one of its machines.

8. Atlantic Mutual investigated APEC's purported insurance claim by, among other things, taking an examination under oath of APEC's President, Mr. O'Neill, and interviewing various witnesses.

9. Atlantic Mutual's investigation has revealed, among other things (i) that APEC's roof leaked water onto APEC's business equipment prior to the alleged loss, and that APEC failed to take reasonable measures to protect its business equipment; (ii) that APEC grossly inflated the value of the equipment that was allegedly damaged in an effort to defraud Atlantic Mutual; and (iii) that APEC misled and lied to Atlantic Mutual in connection with Atlantic Mutual's investigation of APEC's purported insurance claim, including with respect to the cause and extent of the purported loss.

## COUNT I
### (Breach of Contract)

10. Atlantic Mutual repeats the allegations contained in Paragraphs 1 through 9 of its counterclaim and incorporates them by reference as though fully set forth herein.

11. APEC breached the terms of the insurance policy by hiding important information from Atlantic Mutual in connection with its claim for insurance coverage.

12. APEC breached the terms of the insurance policy by misleading Atlantic Mutual in its investigation into the cause and extent of the damage to its business equipment.

13. APEC breached the terms of the insurance policy by attempting to defraud or lie to Atlantic Mutual about the cause and timing of the purported damage to its business equipment.

14. APEC breached the terms of the insurance policy by submitting a claim for insurance coverage that was fraudulent and/or dishonest.

15. APEC breached the terms of the insurance by failing to give timely notice of its claimed loss to Atlantic Mutual, by failing to take reasonable measures to protect its property,

and by failing to cooperate with Atlantic Mutual in connection with APEC's purported insurance claim.

16. As a result of APEC's breach of the insurance policy, Atlantic Mutual is not obligated to pay APEC any sums in connection with APEC's claim for insurance coverage.

17. As a result of APEC's breach of the insurance policy, Atlantic Mutual has incurred monetary damages which were expended in investigating APEC's claim for insurance coverage, and in advancing $50,000 to APEC pursuant to a full and complete reservation of rights.

**WHEREFORE**, Atlantic Mutual respectfully requests the Court to (a) enter judgment finding that APEC breached the terms of the insurance policy and that Atlantic Mutual has no obligation to pay any sums in connection with APEC's claim for insurance coverage; (b) award Atlantic Mutual its actual damages including, without limitation, all its costs and expenses in connection with this matter and the $50,000 it advanced to APEC pursuant to a full and complete reservation of rights; and (c) award Atlantic Mutual such other relief as the Court may deem just and appropriate.

**COUNT II**
**(Rescission)**

18. Atlantic Mutual repeats the allegations contained in Paragraphs 1 through 17 of its counterclaim and incorporates them by reference as though fully set forth herein.

19. The policy issued by Atlantic Mutual to APEC provides that it is void in the event of concealment, fraud or misrepresentation by APEC. As explained above, the policy states:

> **D.    Concealment, Misrepresentation Or Fraud**
>
> > This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

      1.      This policy;

      2.      The Covered Property;

      3.      Your interest in the Covered Property; or

      4.      A claim under this policy.

20.    APEC, through its President, Paul O'Neill, hid important information from Atlantic Mutual, misled Atlantic Mutual, and attempted to defraud and/or lie to Atlantic Mutual in connection with its claim for insurance coverage for alleged damage to its business equipment.

**WHEREFORE**, Atlantic Mutual respectfully requests the Court to (a) enter judgment finding that the policy was void *ab initio* and that Atlantic Mutual has no obligation to pay any sums in connection with APEC's claim for insurance coverage; (b) award Atlantic Mutual its actual damages including, without limitation, all its costs and expenses in connection with this matter and the $50,000 it advanced to APEC pursuant to a full and complete reservation of rights; and (c) award Atlantic Mutual such other relief as the Court may deem just and appropriate.

## COUNT III
### (Fraud/Misrepresentation)

21.    Atlantic Mutual repeats the allegations contained in Paragraphs 1 through 20 of its counterclaim and incorporates them by reference as though fully set forth herein.

22.    APEC, through Paul O'Neill, made false statements of material fact pertaining to APEC's claim for insurance coverage for damage to APEC's business equipment.

23.    APEC, through Paul O'Neill, made false statements of material fact pertaining to APEC's claim for insurance coverage for alleged damage to its business equipment to induce

Atlantic Mutual to act in a manner it would not have acted in if the false statements of material fact had not been made.

24.  Atlantic Mutual relied upon the false statements of material fact made by APEC, through Paul O'Neill, and acted in a manner it would not have acted in if the false statements of material fact had not been made.

25.  As a result of its reliance on the false statements of material fact made by APEC, through Paul O'Neill, Atlantic Mutual incurred substantial damages in the form of costs and fees that it incurred in investigating APEC's claim for insurance coverage, and in the form of a $50,000 advance it made to APEC pursuant to a full and complete reservation of rights.

**WHEREFORE**, Atlantic Mutual respectfully requests the Court to (a) enter judgment finding that APEC engaged in fraud through its misrepresentations to Atlantic Mutual; (b) award Atlantic Mutual its actual damages including, without limitation, all its costs and expenses in connection with this matter and the $50,000 it advanced to APEC pursuant to a full and complete reservation of rights; (c) award Atlantic Mutual its costs and reasonable attorneys' fees; and (d) award Atlantic Mutual such other relief as the Court may deem just and appropriate.

## COUNT IV
### (Unfair and Deceptive Trade Practices, G.L. c. 93A)

26.  Atlantic Mutual repeats the allegations contained in Paragraph 1 through 25 of its counterclaim and incorporates them by reference as though fully set forth herein.

27.  APEC is a business engaged in trade or commerce.

28.  In seeking insurance coverage for allegedly damage to its business equipment, APEC engaged in unfair and deceptive trade practices prohibited by G.L. c. 93A by hiding important information from Atlantic Mutual, misleading Atlantic Mutual, attempting to defraud Atlantic Mutual and lying to Atlantic Mutual.

29.   APEC's unfair and deceptive trade practices were willful and knowingly engaged in by its President, Paul O'Neill.

30.   As a result of APEC's unfair and deceptive trade practices, Atlantic Mutual suffered substantial money damages.

**WHEREFORE**, Atlantic Mutual respectfully requests the Court to (a) enter judgment finding that APEC willfully and knowingly engaged in unfair and deceptive trade practices in violation of G.L. c. 93A; (b) award Atlantic Mutual its actual damages including, without limitation, all its costs and expenses in connection with this matter and the $50,000 it advanced to APEC pursuant to a full and complete reservation of rights; (c) award Atlantic Mutual three times its actual damages and its costs and reasonable attorneys' fees incurred in pursuing this action; and (d) award Atlantic Mutual such other relief as the Court may deem just and appropriate.

## JURY CLAIM

THE COUNTERCLAIM PLAINTIFF, ATLANTIC MUTUAL, DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

> **DEFENDANT,**
> **ATLANTIC MUTUAL INSURANCE COMPANY,**
> By its attorneys,
>
> /s/ John W. Steinmetz
> John E. Tener, BBO # 563791
> John W. Steinmetz, BBO # 568108
> **ROBINSON & COLE LLP**
> One Boston Place
> Boston, MA 02108-4404
> (617) 557-5900

Dated: May 10, 2004

## CERTIFICATE OF SERVICE

I, John W. Steinmetz, hereby certify that on this 10th day of May, 2004, I served a true copy of the foregoing document via first-class mail, postage prepaid, upon the following:

David L. Kelston
Noah Rosmarin
Adkins, Kelston & Zavez, P.C.
90 Canal Street, Fifth Floor
Boston, MA 02114

John W. Steinmetz