SCANNED

DATE: 07/21/04

BY: Shy

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUL 21 A 3 31

U.S. DISTRICT COURT
DISTRICT OF MASS

Civil Action No. 04-10736 (NMG)

|  |  |
|---|---|
| AMERICAN PROCESS EQUIPMENT COMPANY, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| ATLANTIC MUTUAL INSURANCE COMPANIES | ) ) ) |
| Defendant. | ) ) ) |

## ANSWER OF PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM
## AMERICAN PROCESS EQUIPMENT COMPANY, INC.

Defendant-in-counterclaim American Process Equipment Company, Inc. ("APEC")

answers the numbered paragraphs of Atlantic Mutual Insurance Companies's ("Atlantic

Mutual") Counterclaim as follows.

1.    Admitted upon information and belief.

2.    Admitted that at times material to this lawsuit APEC's principal place of business

was at 295 Lincoln Street, Hingham, Massachusetts.

3.    Admitted.

4.    APEC answers that the policy speaks for itself.  Responding further, APEC states

that to the extent that the allegations of paragraph 4 are inconsistent with the terms

and conditions of the policy, or mischaracterize them, those allegations are denied.

5.     APEC answers that the policy speaks for itself. Responding further, APEC states
       that to the extent that the allegations of paragraph 5 are inconsistent with the terms
       and conditions of the policy, or mischaracterize them, those allegations are denied.

6.     APEC admits that it notified Atlantic Mutual shortly after it became of aware of the
       casualty described in its claim for insurance proceeds under its policy with Atlantic
       Mutual.

7.     Admitted. Answering further, APEC states that its written claim for insurance
       proceeds under its policy with Atlantic Mutual speaks for itself.

8.     Admitted. Answering further, APEC states that on several occasions Atlantic
       Mutual was offered the opportunity to review documents and videotapes in support
       of APEC's insurance claim, but declined APEC's offer to review these documents
       and videotapes. Moreover, although Atlantic Mutual was provided with substantial
       documentary and testimonial evidence in support of APEC's claim for insurance
       proceeds, Atlantic Mutual failed and refused to provide insurance coverage for
       APEC's loss, while it also never denied coverage.

9.     Denied. Answering further, APEC states that over the very extended course of
       Atlantic Mutual's supposed investigation of APEC's claim, Atlantic Mutual never
       stated or even suggested to it the claims it now puts forward in this paragraph.

## Count I
### (Breach of Contract)

10.  APEC incorporates by reference its responses to paragraphs 1 through 9 as if fully set forth herein.

11.  Denied.

12.  Denied.

13.  Denied.

14.  Denied

15.  Denied.

16.  Denied.

17.  Denied.

## Count II
### (Recission)

18.  APEC incorporates by reference its responses to paragraphs 1 through 17 as if fully set forth herein.

19.  APEC answers that the policy speaks for itself. Responding further, APEC states that to the extent that the allegations of paragraph 19 are inconsistent with the terms and conditions of the policy, or mischaracterize them, those allegations are denied.

20.  Denied.

3

## Count III
### (Fraud/Misrepresentation)

21.    APEC incorporates by reference its responses to paragraphs 1 through 20 as if fully

set forth herein.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

## Count IV
### (Unfair And Deceptive Trade Practices, G.L. c. 93A)

26.    APEC incorporates by reference its responses to paragraphs 1 through 25 as if fully

set forth herein.

27.    Admitted.

28.    Denied.

29.    Denied.

30.    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Atlantic Mutual fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Atlantic Mutual  by its conduct and actions and/or the conduct and actions of its

agents has waived and/or is barred from pursuing any and all rights and claims it may have

4

had.

## Third Affirmative Defense

Atlantic Mutual's claims are barred by the equitable doctrine of unclean hands and

laches.

## Fourth Affirmative Defenses

Atlantic Mutual has failed to meet the heightened pleading requirements of

Fed.R.Civ.P. Rule 9(b).

## Fifth Affirmative Defense

APEC reserves the right to amend and/or supplement its Answer and to raise

additional defenses by way of affirmative defense, which may become apparent after

Atlantic Mutual particularizes its claims and discovery is undertaken. after discovery .

Respectfully submitted,

American Process Equipment
Company, Inc.,

By its attorneys,

David L. Kelston, BBO #267310
Noah Rosmarin, BBO #630632
Adkins, Kelston & Zavez, P.C.
90 Canal Street, Fifth Floor
Boston, MA 02214
(617) 367-1040

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail (by hand) on this date 3/2/04

Dated: July 20, 2004

5