UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN PROCESS EQUIPMENT COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC MUTUAL INSURANCE COMPANY <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-10736 (NMG) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION *IN LIMINE* TO EXCLUDE THIRD PARTY
PRICE QUOTATIONS FROM EVIDENCE AS HEARSAY**

Defendant Atlantic Mutual Insurance Company ("Atlantic Mutual") moves *in limine* to exclude from evidence the following proposed exhibits referenced by Plaintiff American Process Equipment Company, Inc. ("APEC") in the Joint Pre-Trial Memorandum as follows:

49. Quotation for SMT Plate Bending Rolls: Estimate from Machinery, Inc. for $85,000;

50. Quotation for Shiess Gear Hobber: Estimate from Prestige Equipment, Corp. $379,500;

51. Quotation for Bertsch Pinch Type Plate Bending Rolls: Estimate from Machinery, Inc. $85,000;

52. Quotation for Cincinnati & Landis Grinders: Estimate from CGH Machinery: For plain hydraulic grinder--$55,000; for Landis Model Grinder—as is $45,000, reconditioned $89,500;

53. Quotation for CNC Straight Bed Engine Lathe: $59,500;

BOST1-873177-1

54. Quotation for Flat Bed Lathe: Estimate from DynaPath in the sum of $42,435; and

55. Quotation for Grinding Machine—Estimate from Schiess Moweg in the sum of 89,500 Euros.

(Hereinafter, "Third-Party Quotations" or "Quotations"). In support of its motion, Atlantic Mutual submits the accompanying Memorandum of Law in Support of Defendant's Motion *in Limine* to Exclude Third-Party Price Quotations.

As these materials demonstrate, the Third-Party Quotations are inadmissible hearsay. The Third-Party Quotations are inadmissible hearsay because APEC cannot authenticate the Quotations or demonstrate that the Quotations constitute business records of the third parties that created them pursuant to the requirements of Fed. R. 803(6) or Fed. R. Evid 902(11). The Third-Party Quotations are not admissible under the business records exception because APEC cannot show that it maintained the Third-Party Quotations in its normal course of business, that it relied upon the Quotations' accuracy or that there are other circumstances indicating the trustworthiness of the Quotations.

WHEREFORE, Atlantic Mutual respectfully requests that the Court exclude from evidence the Third-Party Quotations.

**ATLANTIC MUTUAL INSURANCE COMPANY,**

By its attorneys,

  /s/ Nancy M. Cremins
John E. Tener, BBO # 563791
John R. Bauer, BBO # 630742
Nancy M. Cremins, BBO # 658932
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA  02108-4404
(617) 557-5900

Dated: November 21, 2005

## Local Rule 7.1(A)(2) Certificate

I, Nancy M. Cremins, attorney for Defendant Atlantic Mutual Insurance Company in the above-captioned matter, hereby certify that on November 21, 2005, I conferred with counsel for Plaintiff regarding the subject of the within motion and that we attempted in good faith to resolve or narrow the issues raised by the instant motion.

  /s/ Nancy M. Cremins
Nancy M. Cremins