UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN PROCESS EQUIPMENT COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC MUTUAL INSURANCE COMPANY <br><br> Defendant. | Civil Action No. 04-10736 (NMG) |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE THIRD PARTY PRICE QUOTATIONS

One of the central issues to be tried in this case is whether American Process Equipment Company, Inc. ("APEC") fraudulently misrepresented to its insurer, Atlantic Mutual Insurance Company ("Atlantic Mutual"), the value of certain machines that APEC alleges were damaged by water in March 2002. In support of its position that it did not fraudulently inflate the value of the allegedly damaged machines, APEC is seeking to introduce seven (7) price quotations purportedly prepared by third-party machine sellers for APEC (the "Third-Party Quotations" or "Quotations").[1] Specifically, APEC is seeking to introduce the following:

49. Quotation for SMT Plate Bending Rolls: Estimate from Machinery, Inc. for $85,000;

50. Quotation for Shiess Gear Hobber: Estimate from Prestige Equipment, Corp. $379,500;

51. Quotation for Bertsch Pinch Type Plate Bending Rolls: Estimate from Machinery,

---

[1] Presumably, APEC will assert that the Third-Party Quotations are for machines that are comparable to those that APEC alleges were damaged by water in March 2002.

>   Inc. $85,000;
>
> 52. Quotation for Cincinnati & Landis Grinders: Estimate from CGH Machinery: For plain hydraulic grinder--$55,000; for Landis Model Grinder—as is $45,000, reconditioned $89,500;
>
> 53. Quotation for CNC Straight Bed Engine Lathe: $59,500;
>
> 54. Quotation for Flat Bed Lathe: Estimate from DynaPath in the sum of $42,435; and
>
> 55. Quotation for Grinding Machine—Estimate from Schiess Moweg in the sum of 89,500 Euros.

Copies of the Third-Party Quotations are attached hereto as Exhibit A.

Insofar as the Third-Party Quotations were prepared by non-parties and APEC intends to offer them for the truth of the matters asserted therein, they are hearsay within the meaning of Fed. R. Evid. 801. Moreover, APEC's witness list does not include any representatives of the third parties that purportedly created the Third-Party Quotations who could authenticate the Quotations or offer testimony demonstrating that the Quotations constitute "business records" of those third parties within the meaning of Fed. R. Evid. 803(6). Finally, the Third-Party Quotations do not constitute *APEC's* "business records" because APEC cannot demonstrate that it maintained the Quotations in its normal course of business and relied upon their accuracy or that circumstances indicate the trustworthiness of the Quotations. Accordingly, insofar as the Third-Party Quotations are hearsay and no exception to the hearsay applies, the Court should exclude the Quotations from the trial of this case.

**I.      THE THIRD-PARTY QUOTATIONS ARE HEARSAY.**

Because the Third-Party Quotations are out-of-court statements to be offered in evidence to prove the truth of the matters asserted therein, they are hearsay within the meaning of Fed. R. Evid. 801.  Accordingly, the Court should exclude the Third-Party Quotations from the trial of this matter.  See F&D Tool Company, Inc. v. Sloan Valve Co. Inc., Civ. Act. No. 01-30154-MAP, 2002 WL 31371963 (D. Mass. Oct. 17, 2002)(third party estimates to establish plaintiff's expenses for cleaning and repairing damaged machinery deemed inadmissible hearsay).  A copy of this decision is attached as Exhibit B.

**II.     APEC CANNOT AUTHENTICATE THE THIRD-PARTY QUOTATIONS OR DEMONSTRATE THAT THEY ARE BUSINESS RECORDS OF THOSE THIRD PARTIES.**

APEC's witness list does not include representatives of the third parties that purportedly created the Third-Party Quotations who could authenticate the Quotations and give testimony that might demonstrate that the Quotations constitute business records of those third parties within the meaning of Fed. R. Evid. 803(6).  See Joint Pre-Trial Memorandum.  Moreover, APEC has not provided Atlantic Mutual with a single written declaration from a "custodian or other qualified person" from any of the third parties certifying that any one of the Quotations comports with Fed. R. Evid. 803(6).  See Fed. R. Evid. 902(11).[2]  Accordingly, at trial, APEC cannot authenticate the Third-Party Quotations or demonstrate that they constitute business records of the third parties that purportedly created them.  For this reason, the Third-Party

---

[2] Fed. R. Evid. 902(11) Certified Domestic Records of Regularly Conducted Activity reads:  "The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) was kept in the course of the regularly conducted activity; and (C) was made by the regularly conducted activity as a regular practice.  A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them."

Quotations are inadmissible hearsay, and the Court should exclude them from trial.  See <u>HSBC Insurance Limited v. Scanwell Container Line, Ltd.</u>, Civ. Act No. 00-CV-5729, 2001 WL 1875851 (C.D. Cal July 25, 2001)(exhibits not properly authenticated under either Fed. R. 803(6) or Fed. R. Evid 902(11) are inadmissible hearsay).  A copy of this decision is attached as Exhibit C.

### III.    THE THIRD-PARTY QUOTATIONS DO NOT CONSTITUTE *APEC'S* BUSINESS RECORDS.

APEC cannot demonstrate that the Third-Party Quotations are admissible as its business records.  To demonstrate that the Third-Party Quotations are *its* business records, APEC must show both (1) that it maintained the Third-Party Quotations in its normal course of business and "relied upon" their accuracy, and (2) that there are "other circumstances indicating the trustworthiness" of the Third-Party Quotations.  <u>Columbia First Bank, FSB v. United States</u>, 58 Fed. Cl. 333, 339 (Fed. Cl. 2003), <u>citing</u> <u>Air LandForwarders v. United States</u>, 172 F.3d 1338, 1343 (Fed. Cir. 1999).

APEC cannot demonstrate that it relied upon the accuracy of the Third-Party Quotations in the course of its business operations.  Rather, APEC obtained the Third-Party Quotations in the course of preparing its insurance claim or in aid of this litigation.  See <u>HSBC Insurance Limited</u>, 2001 WL 1875851, *3-4 (C.D. Cal. July 25, 2001)(third party invoices not admissible under the business records exception because plaintiff did not rely on the accuracy of the invoices in conducting its business); <u>see also</u> <u>Scheerer v. Hardee's Food Systems, Inc.</u>, 92 F.3d 702, 706-7 (8th Cir. 1996)(incident report not admissible under business record exception because prepared in anticipation of litigation so it lacked reliability and trustworthiness).  On the contrary, APEC was motivated to secure inflated price quotations, for example, by providing

4

machine sellers with inaccurate information concerning the condition of the machines it was looking to replace. APEC's lack of interest in the accuracy of the Third-Party Quotations weighs against finding that the Third-Party Quotations constitute APEC's business records.

Furthermore, APEC cannot establish any "other assurances of reliability" of the Quotations. See Columbia First Bank, 58 Fed. Cl. at 339 (indicia of trustworthiness shown by demonstrating the existence of legal consequences, such as criminal penalties, for falsity or inaccuracy of the document) (citing Air LandForwarders, 172 F.3d at 1343-4). Accordingly, APEC cannot demonstrate that the Quotations are its business records.

## CONCLUSION

For the foregoing reasons, the Court should preclude APEC from introducing the Third-Party Quotations at the trial of this matter.

                                        **ATLANTIC MUTUAL INSURANCE COMPANY,**

By its attorneys,

/s/ Nancy M. Cremins
John E. Tener, BBO # 563791
John R. Bauer, BBO # 630742
Nancy M. Cremins, BBO # 658932
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

Dated: November 21, 2005