UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10736 (NMG)

AMERICAN PROCESS EQUIPMENT )
COMPANY, INC. )
                                                    )
           Plaintiff,                    )
                                                    )
v.                                                )
                                                    )
ATLANTIC MUTUAL INSURANCE  )
COMPANY                              )
                                                    )
           Defendant.                 )

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED EXHIBITS

Defendant has identified over 250 potential exhibits in the Pre-Trial Memorandum.[1] Plaintiff American Process Equipment Company, Inc. ("plaintiff" or "APEC") hereby moves this Honorable Court to exclude the following documents from evidence at the trial of this matter. Because many of the exhibits are identified several times, plaintiff will address the challenged exhibits by category.

   A.     **Documents Relating To Water Leaks Prior to The Loss**

Documents Objected To By Plaintiff

Defendant has identified numerous documents concerning prior water leaks at

---

[1] Defendant does not appear to have taken any care to identify documents that are truly relevant, but, for instance, has simply identified wholesale for introduction every exhibit from every deposition. Needless to say, this approach has created quite-significant extra work for plaintiff.

APEC's business premises in Hingham, MA (the "Premises") that APEC does not claim damaged any of the 31 machines at issue in this lawsuit. These documents, attached hereto as Exhibit 1, include: Exhibits 4 through 26 from the deposition of Building 58 LLC (plaintiff's former landlord at the Premises); documents identified by defendant as B58 000110; 000192; 000193; 000410; 000418; 000419; 000432; 000435 and 000437; documents identified as Exhibit 3-6 to the deposition of Neil Anderson; and Exhibit 5-7 to the deposition of Paul X. O'Neill, Jr.

Grounds For Objection

The central issue in this case is whether or not APEC suffered an insurable loss in or around late March and early April, 2002, when the Premises experienced significant water leaks damaging 31 of APEC's machines. Defendant seeks to introduce numerous documents from prior water leaks at the Premises going back to 1997 concerning water leaks at the Premises that APEC does not claim damaged its machines.[2] These documents are clearly irrelevant to this lawsuit and should be excluded pursuant to Fed.R.Evid. 402. Even if this Court determines that these documents may be somewhat relevant to this case, they should be excluded on the grounds that the documents probative value is outweighed by the danger of confusion of the issues, misleading the jury, or by considerations of undue

---

[2] Nor, it should be noted, has defendant offered any evidence that any of the machines in question were damaged at any time other than late March – early April 2002. For instance, defendant's agent (Bruce Walker), who visited the Premises relatively close in time to the loss and inspected various of the machines, does not claim that certain damages or rust appeared old; defendant also intends to call certain of plaintiff's former employees (not all friendly to plaintiff) who defendant thinks will assist its case, but none of these witnesses have testified at deposition to prior damage to the machines at issue.

2

delay, waste of time, or needless presentation of cumulative evidence. *See* Fed.R.Evid. 403

### B. Documents Relating To Proposed Amendment To APEC's Lease With Building 58 LLC

Defendant seeks to introduce documents concerning negotiations between APEC and its landlord concerning an amendment to APEC's lease for the Premises. These documents are attached hereto as Exhibit 2 and are identified by defendant as Exhibits 36 and 37 to the deposition of Joseph Sugar from Building 58 LLC ("Sugar Deposition") and Exhibit 8-9 to the deposition of Paul X. O'Neill, Jr.

Grounds For Objection

These documents clearly have no relevance to the issues in dispute in this case and contain hearsay statements from the landlord's attorney, Jeffrey Gerson, who has not been identified as a witness in this matter.

### C. Documents Relating To The Summary Process Action

Defendant seeks to introduce documents concerning the landlord's eviction action against APEC. These documents are attached hereto as Exhibit 3 and are identified by defendant as Exhibits 39-41 to the Sugar Deposition and Exhibit 11-13 to the deposition of Paul X. O'Neill, Jr.

Grounds For Objection

Plaintiff objects to these documents on hearsay and relevance grounds. Plaintiff does not object to the introduction of the summary process judgment.

### D. Miscellaneous Building 58 Documents

Plaintiff objects to documents identified as Exhibits 42 and 44, attached hereto as

3

Exhibit 4, from the Sugar Deposition. These documents are letters written by the landlord's attorney, Jeffrey Gerson, who has not been identified as a witness in this matter concerning APEC's vacating the Premises and property that APEC's landlord alleged was abandoned by APEC. These letters are inadmissible on the grounds that they contain hearsay statements. *See* Fed.R.Evid. 801 and 802.

Plaintiff further objects to document identified as B58 000425, attached hereto as Exhibit 5, which is a letter dated May 12, 1998 concerning repairs to the Premises' driveway surfaces. This document clearly has no relevance to this case and should be excluded.

### E.  Objections To Exhibits From The Deposition of Richard Benedetti

Plaintiff objects to the introduction of Exhibits 2-3 to the deposition of Richard Benedetti ("Benedetti Deposition"), which is attached hereto as Exhibit 6. This document concerns a payment from Kemper Insurance Co. concerning a claim handled by Mr. Benedetti in 1996 involving water damage at the Premises in which an unidentified machine was damaged. This claim was brought on behalf of APEC's predecessor, PX Engineering Co. Because defendant has not proffered any evidence connecting this claim to any of the machines at issue in this lawsuit, this document is irrelevant to this matter and should be excluded pursuant to Fed.R.Evid. 402 and 403. (This document is also identified by defendant as 2 to the deposition of Neil Anderson).

Plaintiff objects to Exhibit 4 the Benedetti Deposition, which is attached hereto as Exhibit 7. This document is entitled Property Loss Notice and contains hearsay

4

narrative from the preparer of this document, Lisa Girvin, who has not been identified as a witness in this matter. (This document is also identified by defendant as Exhibit 26 to the deposition of Paul O'Neill, Jr.).

### F. Objections To Exhibits From The Deposition of Paul O'Neill, Jr.

As discussed by specific category identified above, plaintiff objects to the following documents from the deposition of Paul O'Neill, Jr.:[3] Exhibit 5-7 (concerning prior water leaks at the Premises); Exhibits 8-9 (documents concerning negotiations over a proposed amendment to the lease for the Premises); Exhibits 11-13 (documents relating to the summary process action brought against APEC); and Exhibit 26 (letter from Benedetti enclosing a Notice of Loss prepared by Lisa Girvin).

In addition to these documents, plaintiff objects to Exhibit 2 to the deposition of Paul O'Neill, which is a 1992 lease between IEC Limited and PX Engineering Co., two related entities, neither a party to this case, for the lease of certain machines that were subsequently gifted to APEC by PX Engineering Co.[4] The lease is attached hereto as Exhibit 8. Under the policy between APEC and Atlantic Mutual Insurance Company,

---

[3] Paul O'Neill, Jr. is the principal of plaintiff American Process Equipment Company, Inc.

[4] It is not disputed that PX Engineering Co. was owned by Paul X. O'Neill, Sr., whose son is plaintiff's principal. Mr. O'Neill, Sr. explained in his deposition that certain of his equipment that was used in construction related to nuclear power plants was made subject to the lease for liability purposes following the Three Mile Island accident, and that such leases were then commonplace in the nuclear power plant industry. It will obviously be confusing and potentially prejudicial (to plaintiff) to have to go into these irrelevant matters at trial, where it is not disputed that the subject machines were long on plaintiff's premises and used by it.

5

covered property includes all property located at the Premises, including, *inter alia*, property that is "used in your business" and "[p]roperty of others that is in your care, custody or control." While defendant may challenge APEC's ownership in machines owned previously by PX Engineering Co., there is no dispute that all of the machines in dispute in this action were located at the Premises, and were, at all times relevant, under APEC's care, custody and control (defendant's agent inspected all 31 damaged machines at the Premises on or around May 1, 2002). Thus, the IEC lease has no relevancy to this case, since all machines in dispute in this case were clearly covered under the policy. Plaintiff, however, does not object to the admissibility of the schedule of machines attached to the lease that identifies the machines that once belonged to PX Engineering Co. and provides an appraised value of the machines in 1992.

Plaintiff objects to Exhibits 32-33 to the deposition of Paul O'Neill, Jr., which relate to APEC's auction of its machines in October 2002. The auction documents are attached hereto as Exhibit 9. Most of the machines identified in the auction documents have no relevancy to this lawsuit, since APEC did not claim that they were damaged by the casualty at issue. Thus, there is no need to introduce this voluminous document since it can only serve to confuse the jury and cause a "undue delay" and "waste of time" at trial. *See* Fed.R.Evid. 403. Plaintiff proposes that the parties enter into a stipulation concerning the few machines that are at issue in this lawsuit that were sold at auction.

Plaintiff further objects to Exhibit 46 to the deposition of Paul O'Neill, Jr., which is a letter from the O'Neill family accountant concerning various tax matters relating not only

to APEC, but to PX Engineering Co., and its President, Paul X. O'Neill, Sr. This document is attached hereto as Exhibit 10. The document is irrelevant to any of the issues in dispute in this action, and does not provide any information concerning APEC's damaged machines or relate to APEC's business interruption claim, and should be excluded pursuant to Fed..R.Evid. 402.

### G.   Post Loss Rain Leaks Documents

Defendant has identified – through deposition exhibits and documents produced by Building 58 LLC – three letters concerning post-loss water leaks at the Premises. These letters, attached hereto as Exhibit 10, are dated April 15, 2002 (letter from Neil Anderson to Dave Dwyer); April 26, 2002 (letter from Paul O'Neill, Jr. to Dave Dwyer); and April 29, 2002 (letter from Dave Dwyer to Neil Anderson), are hearsay and are irrelevant to this matter, since APEC is not claiming damage to its machines from subsequent water leaks at the Premises, and defendant has established no evidence that any of the damage to APEC's machines was caused by subsequent water leaks at the Premises, and, therefore, these documents should also be excluded on relevancy grounds pursuant to Fed.R.Evid. 402.

### H.   Weather Reports

Plaintiff moves to strike the weather reports that are identified by defendant as Exhibit 8 to the deposition of James O'Keefe; Exhibit 6 to the Benedetti Deposition; and document identified by defendant as AM 00073-000076. These weather reports, attached hereto as Exhibit 12, contain hearsay statements concerning, it is believed, weather

7

conditions at Logan Airport,[5] and not Hingham, MA.

## I. Deposition Transcript Of Gerard Carreau

Defendant has identified the entire deposition transcript of Gerard Carreau, who is not a party to this action, as a potential trial exhibit since it was marked as an exhibit during the deposition of James O'Keefe. While defendant may use the deposition exhibit during its examination of Mr. Carreau, plaintiff knows of no grounds for admitting the entire deposition of a non-party who is available to testify at trial.

---

[5] While one of the two weather reports indicates its location as Logan Airport, the other report indicates its locale only as Boston, and plaintiff belief, for instance, it measurement of precipitation at Logan Airport may not be correct as compared with precipitation at Hingham. Plaintiff notes, however, that the documents do show heavy rain (at Logan Airport, presumably) on March 26-27 (.88 inches) and April 1 (.93 inches), and that there does not appear to be any dispute in this case that plaintiff's premises was subject to what witnesses have described as extremely heavy rains and strong winds for a period of at least three days causing massive leaks at the Premises. Plaintiff is not aware of defendant's contesting this, and, in the event defendant does, then weather documents might be probative.

Respectfully submitted,

American Process Equipment
Company, Inc.,

By its attorneys,

_____
David L. Kelston, BBO #267310
Noah Rosmarin, BBO #630632
Adkins, Kelston & Zavez, P.C.
90 Canal Street, Fifth Floor
Boston, MA 02214
(617) 367-1040

Dated: November 28, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 11/28/05

_____