UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN PROCESS EQUIPMENT COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC MUTUAL INSURANCE COMPANY <br> Defendant. | Civil Action No. 04-10736 (NMG) |

**ATLANTIC MUTUAL'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO DEFENDANT'S PROPOSED EXHIBITS**

Atlantic Mutual Insurance Company ("Atlantic Mutual") hereby responds as follows to American Process Equipment Company, Inc.'s ("APEC") Objections to Defendant's Proposed Exhibits ("APEC's Objections").

### A.     Documents Relating to Water Leaks[1]

APEC objects to the introduction of written communications between APEC and Building 58, LLC ("Building 58"), APEC's landlord at 295 Lincoln Street, Hingham, Massachusetts (the "Hingham Facility"), regarding leaks occurring prior to the alleged March 2002 loss at issue in this case.  Specifically, APEC objects to the introduction of documents bearing Bates Numbers: B58 000111, B58 000148, B58 000151, B58 000192, B58 000237,

---

[1] Atlantic Mutual agrees to withdraw from the exhibit list the following documents that APEC included in Exhibit 1 to APEC's Objections:

| B58 000110 | B58 000411 | B58 000416 | B58 000428 | B58 000435 |
| B58 000193 | B58 000412 | B58 000417 | B58 000429 | B58 000436 |
| B58 000406 | B58 000413 | B58 000421 | B58 000431 | B58 000437 |
| B58 000407 | B58 000414 | B58 000426 | B58 000433 | B58 000438 |
| B58 000410 | B58 000415 | B58 000427 | B58 000434 | B58 000439 |

B58 000418, B58 000419, B58 000432 and B58 000440, which are included in Exhibit 1 to APEC's objections. APEC has asserted that the documents are not relevant to matters at issue in this trial.

Atlantic Mutual intends to show that some of APEC's machines were not damaged in March 2002. Rather, Atlantic Mutual intends to show that many of the machines were neglected and in poor condition prior to the alleged March 2002 leak, and, in fact, many have been damaged by prior leaks at the Hingham Facility. If, in fact, the machines were not damaged by a March 2002 leak, Atlantic Mutual is not required to pay APEC's insurance claim. As such, these documents are clearly relevant pursuant to Fed. R. Evid. 402. In addition, APEC's awareness of its chronically leaking roof is relevant to the determination whether APEC's failed to take reasonable steps to protect its machines, as is required by the relevant insurance policy (the "Policy").

**B.    Documents Relating to Proposed Amendment to APEC's Lease with Building 58.**

APEC objects to the introduction of two documents at trial relating to a March 12, 2001 offer from Building 58 to amend APEC's lease so as to allow APEC to continue to lease the Hingham Facility for a brief period after the April 30, 2001 expiration of the terms of the original lease. APEC asserts that the two documents included in Exhibit 2 to APEC's Objections are irrelevant. However, these documents are relevant because they demonstrate that APEC failed to make adequate plans to relocate its business even though its lease was about to terminate. Atlantic Mutual intends to show at trial that APEC's rejection of that offer ultimately resulted in Building 58's initiation of formal eviction procedures to remove APEC from the Hingham Facility. Atlantic Mutual further intends to show that APEC's eviction from the Hingham

Facility constituted a significant motive behind APEC's submission of a fraudulent claim for insurance proceeds.

APEC also seeks to exclude a March 12, 2001 letter from Jeffrey Gerson, attorney for Building 58, to APEC. The letter indicates that Mr. Gerson is Building 58's attorney and that he is enclosing the proposed lease amendment for APEC's consideration.

APEC has asserted that the letter is hearsay. Hearsay is an out of court statement offered for the truth of the matter asserted. See Fed. R. Evid. 801(c). In this instance, Atlantic Mutual is not offering the letter from Mr. Gerson for its truth, but simply to establish that Building 58, through its attorney, sent APEC a copy of the proposed lease amendment on March 12, 2001. As such, this document is not hearsay and should not be excluded from evidence.

**C.    Documents Relating to the Summary Process Action**

APEC objects to the introduction of documents attached to APEC's Objections as Exhibit 3, bearing Bates Numbers B58 000335-000340, B58 000392 and B58 000394, which concern the summary process action that Building 58 brought against APEC to effectuate APEC's eviction from the Hingham Facility. APEC objects to the documents, which include Building 58's notice to quit and the summary process complaint, on hearsay and relevance grounds.

Once again, these documents are relevant to establishing APEC's eviction and demonstrating APEC's motive to submit a fraudulent claim for insurance proceeds. As such, the documents should not be excluded from evidence. Moreover, the documents are business records of Building 58 and as such are admissible under the business records exception to the hearsay rule. See Fed. R. Evid. 803(6). Atlantic Mutual intends to call Joseph Sugar, a representative of Building 58, who will testify that these documents were prepared by Building 58, through its counsel, in the normal course of business; that the documents were kept in the

regular practice of Building 58's business and that the documents were created by a person with knowledge at the time of the event. See Fed. R. Evid 803(6); Weinstein's Federal Evidence § 803.08[1] (2d ed. 2003). As such, these documents are admissible as business records.

**D.    Miscellaneous Building 58 Documents**

APEC also objects to the introduction of correspondence between Building 58 and APEC relating to APEC's abandonment of machines at the Hingham Facility. The documents bearing Bates Numbers B58 000386 and B58 000387 are included in Exhibit 4 to APEC's Objections. APEC asserts that the documents are irrelevant and constitute hearsay. In fact, abandonment of insured property is prohibited under the Policy and as such, the documents are relevant to Atlantic Mutual's contention that APEC breached the material terms of the Policy. Moreover, the documents meet the requirements of the business record exception to the hearsay rule as detailed in Section C, *supra*. As such, these documents are admissible.[2]

**E.    Exhibits from the Deposition of Richard Benedetti**

Atlantic Mutual agrees to withdraw the documents included as Exhibit 6 to APEC's Objections.

APEC objects to the April 22, 2002 Property Loss Notice and the accompanying cover letter from Richard Benedetti, APEC's public adjuster. The documents are attached to APEC's objections as Exhibit 7. APEC asserts that the Property Loss Notice and cover letter constitute hearsay.

The cover letter from Mr. Benedetti -- whom APEC has identified as a witness at trial -- may be authenticated by him as a business record of his firm. Further, to the extent that Mr.

---

[2] Atlantic Mutual agrees to withdraw the B58 000425, which also is included in Exhibit 5 to APEC's Objections.

4

Benedetti was acting as an agent of APEC, the letter is admissible as an admission of a party opponent pursuant to Fed. R. Evid. 801(d)(2).

The second document included in Exhibit 7 to APEC's Objections is the Property Loss Notice[3] prepared by Carlin Insurance, an insurance agent, on behalf of APEC and submitted to Atlantic Mutual. A Property Loss Notice provides notice to the insurer of an insured's claim. Atlantic Mutual regularly receives Property Loss Notices in the course of its business and relies upon Property Loss Notices to open a Claim and investigate a loss. The Property Loss Notice is a part of Atlantic Mutual's claim file for APEC and, as such, is a business record of Atlantic Mutual. Further, insofar as Carlin Insurance acted as an agent of APEC, the Property Loss Notice is an admission by a party opponent. See Fed. R. Evid. 801(d)(2). In addition, Atlantic Mutual is not intending to offer the Property Loss Notice for its truth, but simply to establish the date that APEC provided formal notice of its alleged loss to Atlantic Mutual. As such, the Property Loss Notice is not hearsay.

**F.     Exhibits from the Deposition of APEC/Paul O'Neill Jr.**

In Section F of APEC's Objections, APEC reasserts its objections to the introduction of documents concerning prior water leaks at the Hingham Facility; documents concerning negotiations over Building 58's proposed lease amendment; documents relating to the summary process action Building 58 brought against APEC and the letter from Mr. Benedetti to APEC enclosing the Property Loss Notice. Atlantic Mutual's responded to APEC's Objections to these specific documents above and relies upon those arguments for the admission of these documents.

Atlantic Mutual agrees to withdraw the 1992 lease between IEC Limited and PX Engineering Company attached to APEC's Objections as Exhibit 8. However, Atlantic Mutual

---

[3] APEC included two copies of the ACORD Property Loss Notice in Exhibit 7. Other than the fact that one possesses a Bates Number, they are identical.

reserves the right to dispute APEC's assertion that the machines identified in the schedule of machines attached to the lease were covered under the Policy.

APEC objects to the introduction of documents concerning an October 2002 auction at the Hingham Facility at which APEC sold several of the machines at issue in this case on relevance grounds. The documents are attached to APEC's Objections as Exhibit 9. The documents consist of (1) a catalog for the APEC auction identifying the date, time, location and items available for auction; and (2) seller recap sheets from the APEC auction identifying the items that were available for auction and the selling price of any item that was sold. Atlantic Mutual intends to introduce the documents in order to establish that APEC auctioned off and received specific amounts of money for at least some of the machines for which APEC is seeking to recover in this suit. In addition, the auction documents establish that APEC was unable to sell certain machines that are at issue in this suit. As such, the auction documents are relevant to establishing the value and condition of the machines. These documents will not confuse the jury and should be admitted into evidence in this case.

Atlantic Mutual agrees to withdraw the February 16, 2001 letter from John M. Hoffman, CPA to Paul O'Neill, Jr. attached to APEC's Objections as Exhibit 10.

### G.   Post Loss Rain Leaks Documents

APEC objects to the introduction of three letters,[4] -- including two letters from APEC to Building 58 and one letter from Building 58 to APEC -- concerning post-March 2002 water leaks at the Hingham Facility. APEC objects to these three letters -- each of which is attached to APEC's Objections in Exhibit 9 -- on hearsay and relevancy grounds. The first APEC letter dated April 15, 2002 indicates that APEC experienced several leaks "during last nights (sic)

---

[4] Included in Exhibit 11 are also repair invoices in response to APEC's letters to Building 58. Atlantic Mutual agrees to withdraw the repair invoices.

rainstorm" and stated that there was "damage to machinery and work in progress." The second APEC letter dated April 26, 2002 states that APEC is "continuing to experience massive leaks in the factory" and that "all of our efforts to mitigate damage to our equipment and work in process is thwarted by your inattentiveness to the repair of the roof." The letter from Building 58 to APEC is dated April 29, 2002 and details Building 58's efforts to repair the roof and the dates it received notification of leaks at the Hingham Facility from APEC. Atlantic Mutual intends to utilize the letters (1) to show that APEC failed to protect the machines as required under the Policy; and (2) to establish that some of the machines for which APEC is seeking recovery were damaged after the date of the alleged loss and so the damage is not covered under the Policy. As such, the documents are relevant to matters in dispute at this trial.

The three letters are not hearsay. The April 15, 2002 and April 26, 2002 APEC letters are admissions of a party opponent pursuant to Fed. R. Evid. 801(d)(2). The April 29, 2002 Building 58 letter is a business record of Building 58 and will be authenticated as such at trial.

**H.   Weather Reports**

Atlantic Mutual agrees to withdraw the weather reports attached as Exhibit 12 to APEC's Objections.

**I.   Deposition Transcript of Gerard Carreau**

Atlantic Mutual does not intend to offer the deposition transcript of Gerard Carreau as a trial exhibit in this case.

        Respectfully submitted,

        **ATLANTIC MUTUAL INSURANCE COMPANY**
        By its attorneys,


        /s/ Nancy M. Cremins
        John E. Tener (BBO# 563791)
        John R. Bauer (BBO# 630742)
        Nancy M. Cremins (BBO# 658932)
        **ROBINSON & COLE LLP**
        One Boston Place, 25th Floor
        Boston, MA  02108-4404
        (617) 557-5900

Dated: December 5, 2005