UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMERICAN PROCESS EQUIPMENT COMPANY, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-10736 (NMG) |
| v. | ) ) ) | |
| ATLANTIC MUTUAL INSURANCE COMPANY | ) ) ) | |
| Defendant. | ) ) | |

ATLANTIC MUTUAL'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51(b) and this Court's Order dated November 2, 2005, Defendant Atlantic Mutual Insurance Company ("Atlantic Mutual") hereby requests the Court to instruct the jury on the law governing this action in the manner set forth in the following proposed jury instructions.

                                                Respectfully submitted,

                                                **ATLANTIC MUTUAL INSURANCE COMPANY**
                                                By its attorneys,

                                                 /s/ Nancy M. Cremins
                                                John E. Tener (BBO# 563791)
                                                John R. Bauer (BBO# 630742)
                                                Nancy M. Cremins (BBO# 658932)
                                                **ROBINSON & COLE LLP**
                                                One Boston Place, 25th Floor
                                                Boston, MA  02108-4404
                                                (617) 557-5900

Dated: December 5, 2005

BOST1-869738-1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1**
**ELEMENTS OF CLAIM FOR BREACH OF INSURANCE CONTRACT**

In its Complaint against Atlantic Mutual, APEC alleges that it suffered certain damages to its machines as a result of a significant water leakage through its roof in late March 2002. APEC further alleges that the damage it sustained was covered by its contract of insurance with Atlantic Mutual. APEC also alleges that Atlantic Mutual breached the contract by failing to pay APEC the sum APEC claimed it was entitled to for damage to its equipment resulting from that event.

In order to prove that Atlantic Mutual breached the insurance contract, APEC must establish each of the following elements by a preponderance of the evidence:

1. Atlantic Mutual's insurance policy was between APEC and Atlantic Mutual;

2. APEC suffered property damage that is covered under the terms and conditions of the insurance policy;

3. APEC performed all of its obligations under the insurance policy; and

4. Atlantic Mutual failed to pay APEC what it was required to pay under the insurance policy.

If you find that APEC has not proved each of these elements by a preponderance of the evidence, then you must return a verdict for Atlantic Mutual on APEC's breach of contract claim. That means that if you find the insurance policy was void or otherwise not binding, then you must return a verdict for Atlantic Mutual on APEC's breach of contract claim. Also, if you find that the property damage caused by the late March 2002 water leakage is not covered by the policy, then you must return a verdict for Atlantic Mutual on APEC's breach of contract claim. Also, if you find that APEC did not satisfy all of the duties imposed upon it by the insurance policy, then you must return a verdict for Atlantic Mutual on APEC's breach of contract claim.

Finally, if you find that Atlantic Mutual paid APEC all that it was required to pay under the insurance policy, then you must return a verdict for Atlantic Mutual on APEC's breach of contract claim.

Approved        _____

Rejected        _____

**Authority**:
Singarella v. Boston, 342 Mass. 385, 387 (1961)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**
**CONCEALMENT, MISREPRESENTATION AND FRAUD VOIDS THE POLICY**

APEC's insurance policy provides that the entire policy is void if at any time APEC or its agents willfully concealed or misrepresented any material fact or circumstance concerning the covered property, APEC's interest in the covered property or a claim for loss under the policy.

Atlantic Mutual maintains that APEC, by and through the actions of its employees and agents, including Paul X. O'Neill Jr., knowingly made material misrepresentations regarding the cause and extent of damage to its machinery and the value of the machinery for which it seeks coverage.

If you find that APEC knowingly misrepresented the cause of damage to any of its machines or knowingly misrepresented the extent of damage to any of its machines or misrepresented the value of any of its machines, and that it made those misrepresentations for the purpose of securing an advantageous position in the settlement of APEC's loss, then you must that the insurance policy is void and you must render a verdict in Atlantic Mutual's favor on APEC's breach of contract claim.  Even if you find that APEC knowingly made misrepresentations about a single piece of machinery, then you must find that APEC the insurance policy is void and render a verdict in Atlantic Mutual's favor on APEC's breach of contract claim.  For example, if you find that APEC knowingly misrepresented the value of one of its machines, then you must find that the insurance policy is void and render a verdict in Atlantic Mutual's favor on APEC's breach of contract claim.

Approved _____

Rejected _____

**Authority**:

Atlantic Mutual Policy, Common Policy Conditions, VIL 001 10 98, p. 1 of 2.
Atlantic Mutual Policy, Massachusetts Changes, VIL 666 MA 10 98, p. 2 of 5.
M.G.L. c. 175, § 99 (Massachusetts Standard Form Fire Policy)
Gechijian v. Richmond Ins. Co., 305 Mass. 132, 136 (1940) (false valuations voids policy)
Austin v. Maine Farmers' Mutual Fire Ins. Co., 126 Me. 478 (1927) (false valuation of a single item voids policy)
Rego v. Connecticut Insurance Placement Facility, 219 Conn. 339 (1991) (misrepresentation made at any time bars recovery)
Fine v. Bellefonte Underwriters Ins. Co., 725 F.2d 179, 184 (2d Cir. 1984) (definition of material misrepresentation)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3
## PROOF OF LOSS

The insurance policy required that APEC submit to Atlantic Mutual a signed statement known as a "proof of loss" which sets forth the amount of property damage and other loss claimed by plaintiff for a given occurrence, as well as other information requested by Atlantic Mutual in its investigation of the claim. The proof of loss must be made under oath, and constitutes the insured's claim under the insurance policy.

Approved    _____

Rejected    _____

**Authority:**

Atlantic Mutual Policy, Property Conditions, VCP 003 10 98, p. 3 of 5.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4
## WHEN PAYMENT REQUIRED

Atlantic Mutual is only obligated to pay APEC's insurance claims if APEC met two conditions. First, APEC must have fulfilled all of its duties and obligations under the policy. Second, the amount of loss must have been determined by an appraisal award or APEC and Atlantic Mutual must have reached agreement as to the amount of loss caused by the March 2002 roof leak. It is undisputed that the amount of loss was not determined by an appraisal award. Therefore, if you conclude that APEC did not fulfill all of its duties under the policy following the loss then you must find for Atlantic Mutual on APEC's breach of contract claim. Or, if you find that Atlantic Mutual and APEC never came to agreement on the amount of loss caused by the March 2002 roof leak, then you must find for Atlantic Mutual on APEC's breach of contract claim.

Approved    _____

Rejected    _____

**Authority:**

Atlantic Mutual Policy, Special Property Plus Coverage Form, VCP 0001 10 98, p. 31 of 44.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**
**INDEMNITY UNDER POLICY – DETERMINING MEASURE OF PAYMENT**
**FOR PROPERTY DAMAGE – ACTUAL CASH VALUE**

If you determine that Atlantic Mutual is obligated to pay APEC under the contract for property damage caused by the March 2002 leaking roof, your decisions concerning how much Atlantic Mutual should pay APEC must be guided by the policy's payment terms. The policy provides that Atlantic Mutual would be obligated to pay the "actual cash value" of the damaged property unless, (1) the damaged property is actually repaired or replaced, and (2) the repair or replacement was made as soon as reasonably possible after the late March 2002 roof leak. It is undisputed that APEC did not repair or replace any of its equipment. As such, Atlantic Mutual would only be required to pay to APEC the "actual cash value" of the damaged property.

Approved   _____

Rejected   _____

**Authority:**

Atlantic Mutual Insurance Policy, Special Property Plus Coverage Form, VCP 001 10 98, p. 27 of 44.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6
## INDEMNITY UNDER POLICY – DEFINITION OF "ACTUAL CASH VALUE"

If you determine that Atlantic Mutual is required to pay APEC the "actual cash value" of the damaged machines, you must determine the actual cash value of each machine. Actual cash value is determined by the broad evidence rule. Under this rule, you are to consider any evidence logically tending to the formation of a correct estimate of the value of APEC's property at the time of loss. Factors to be considered in determining the actual cash value of each piece of equipment include:

1. The cost to replace the piece of equipment minus depreciation you determine to be attributable to normal use and wear and tear, the age of the equipment and its obsolescence;

2. The purchase price of the piece of equipment;

3. The condition in which the property has been maintained; and

4. The market value of the property.

If you determine that Atlantic Mutual is required to pay APEC for its damaged machines, you must determine the actual cash value for each damaged machine, bearing in mind that the purpose of the property insurance purchased by APEC is to put the property, so far as possible, back to the condition it was in just before the March 2002 roof leak allegedly occurred.

Approved   _____

Rejected   _____

**Authority:**

Atlantic Mutual Insurance Policy, Special Property Plus Coverage Form, VCP 001 10 98, p. 29 of 44.
<u>Agoos Leather Cos. v. American & Foreign Ins. Co.</u>, 342 Mass. 603, 607 (1961)(broad evidence rule)
12 Couch on Insurance, §175:33 (3d ed. 1998)(broad evidence rule)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**
**INDEMNITY UNDER POLICY – LOSS OCCURRING**
**ON DATES OTHER THAN LATE MARCH 2002 EXCLUDED**

APEC asserts that all the damage to its machines caused by water leaking from the roof resulted from a single roof leak in late March 2002. APEC had not made a claim for any loss occurring on a date prior to or after later March 2002. Therefore, if you find that any part of the loss or damage that is included in APEC's claim under the policy resulted from some other event or cause, or occurred on some date other than in later March 2002, your determination of the amount Atlantic Mutual would owe for damage to APEC's machinery under the insurance contract must not take into account the cost to repair damage to the machinery not caused by the March 2002 roof leak.

Approved        _____

Rejected         _____

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8
### INDEMNITY UNDER POLICY – APPLICATION OF DEDUCTIBLES

If you determine that Atlantic Mutual is required to pay APEC under the insurance policy for property damage, you must bear in mind that the policy contains a deductible. A deductible represents that portion of a loss, measured in dollars, which must be borne by the insured before it is entitled to recover under the insurance policy. This policy contains a $1000.00 deductible for property damage. Therefore, your determination of the amount of loss that APEC could recover under the policy for property damage allegedly caused by the March 2002 roof leak must be reduced by $1000.00.

Approved          _____

Rejected           _____

**Authority:**

Atlantic Mutual Insurance Policy, Special Property Plus Coverage Form, VCP 001 10 98, p. 39 of 44.
Atlantic Mutual Insurance Policy, Commercial Property Coverage Part Declarations, VCP 100 10 98, p. 1 of 1.

11

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9
## CONTRACTUAL DUTY TO MITIGATE

The insurance contract between Atlantic Mutual and APEC imposed a duty upon APEC to take all reasonable steps to protect its property from further damage by a covered cause of loss after the late March 2002 roof leak. The purpose of this duty is for the insured to preserve the property when it is not a total loss and when reasonable efforts would maintain its condition and value. Under this provision of the policy, APEC was not entitled to stand idly by and permit further damage to its equipment by additional exposure to water damage, but was instead obligated to take all reasonable measured to prevent and/or minimize further damage. "Reasonable" steps to protect the equipment are those that a person of ordinary prudence and care would have taken in the same circumstances. If you determine that Atlantic Mutual must pay APEC for its damaged equipment and you find that APEC failed to take reasonable steps to protect its property from further damage after late March 2002, you must exclude from your calculation of the amount Atlantic Mutual should pay to APEC the amount of damage you attribute to loss that APEC could have avoided.

Approved    _____

Rejected    _____

**Authority:**

Atlantic Mutual Insurance Policy, Property Conditions, VCP 003 10 98, p. 3 of 5.
11 Couch on Insurance, §168:13 (3d Ed.)
<u>Real Asset Management, Inc. v. Lloyd's of London</u>, 61 F.3d 1223, 1229 (5th Cir. 1995).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10**
**CONTRACTUAL DUTY TO MITIGATE DOES NOT TERMINATE**
**IN THE EVENT OF INSURER'S BREACH**

Even if you conclude that Atlantic Mutual breached the insurance contract by not paying APEC what APEC claims it is entitled to under the policy, APEC still had a duty to take reasonable steps to protect its property from further damage.  Therefore, if you determine that Atlantic Mutual has shown by a preponderance of the evidence that APEC failed to make reasonable efforts to protect its property from further damage after late March 2002, you must exclude the amount of damage you attribute to loss that you find could have been avoided by APEC.

Approved   _____

Rejected   _____

**Authority:**

Real Estate Asset Management, Inc. v. Lloyd's of London, 61 F.3d 1223, 1229 (5th Cir. 1995)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11**
**BREACH OF CONTRACT – DAMAGES**

I will now instruct you on the issue of damages. Please understand that no part of my charge to you on the law of damages should be taken as any indication that you should decide for APEC on its claim for breach of contract. It is for you to decide from the evidence presented and the rules of law that I explain to you whether APEC is entitled to any recovery from Atlantic Mutual on APEC's breach of contract claim.

Let me begin by telling you that an award of damages, if there is one, must be reasonable, and based only upon the evidence presented at trial. APEC bears the burden of proving by a fair preponderance of the credible evidence that Atlantic Mutual breached the insurance contract. APEC also has the burden of proving by a fair preponderance of the evidence the amount of its damages. APEC must prove each item of damage by a fair preponderance of the evidence. Damages may not be speculative. Rather, APEC must provide you the jury with a basis for reasonably estimating the amount of its damages.

Approved        _____

Rejected         _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12
## COMMON LAW INTENTIONAL MISREPRESENTATION

In this case, Atlantic Mutual has a counterclaim against APEC for intentional misrepresentation. Atlantic Mutual claims that APEC misrepresented the cause and extent of damage to its machines and also misrepresented the value of those machines.

Atlantic Mutual may recover money damages from Atlantic Mutual if it proves by a fair preponderance of the credible evidence the following:

(1) APEC made one or more alleged misrepresentations or omissions;
(2) One of more of the misrepresentations or omissions related to a material fact;
(3) APEC knew or should have known that one or more of the misrepresentations were false;
(4) APEC intended to induce Atlantic Mutual to rely and act upon one or more of the misrepresentations; and
(5) Atlantic Mutual reasonably relied upon one or more of the misrepresentations and suffered damage as a result.

If you find that Atlantic Mutual has established these five things by a preponderance of the credible evidence, you must enter a verdict in favor of Atlantic Mutual on its intentional misrepresentation counterclaim.

**Authorities:**
John Beaudette, Inc. v. Sentry Ins., 94 F. Supp. 2d 77, 127-128 (D. Mass. 1999)
Compagnie De Reassurance D'Ile De Fr. v. New Eng. Reinsurance Corp., 57 F.3d 56, 72 (1st Cir. 1995) (preponderance of the evidence standard applies to fraud)
3 Federal Jury Practice and Instructions §123.02

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13**
**INTENTIONAL MISREPRESENATATION – DAMAGES**

If Atlantic Mutual has proved these five elements by a fair preponderance of the credible evidence, then you must determine the amount of money damages to award Atlantic Mutual. By instructing you on damages, I am not suggesting how you should decide this case; I am only informing you what the law is in the event that you reach the issue of damages. If you find that APEC made an intentional misrepresentation to Atlantic Mutual, the law provides that Atlantic Mutual can recover a sufficient amount of money to put it in the same position that it would have been in if APEC had not made the intentional misrepresentation.

In addition, if you find that APEC's intentional misrepresentation caused Atlantic Mutual to incur any additional expenses that were reasonably foreseeable as a result of the APEC's misrepresentation, then you are to award Atlantic Mutual an additional amount of money that will compensate it for those additional expenses that it incurred.

Approved   _____

Rejected   _____

**Authority:**

Rice v. Price, 340 Mass. 502 (1960)
GTE Prods. Corp. v. Broadway Elec. Supply Co., 42 Mass. App. Ct. 293, 296 (1997)