UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10736 (NMG)

|  |  |
|---|---|
| AMERICAN PROCESS EQUIPMENT COMPANY, INC. | ) ) ) ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) ) |
| ATLANTIC MUTUAL INSURANCE COMPANY | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO PLAINTIFF'S PROPOSED EXHIBITS AND WITNESSES**

Pursuant to this Court's Order of November 2, 2005, plaintiff American Process Equipment Company, Inc. ("plaintiff" or "APEC") hereby submits its response to Atlantic Mutual Insurance Company's ("Atlantic Mutual" or "defendant") Objections To Plaintiff's Proposed Exhibits And Witnesses as follows:

**A.   Documents Objected To By Atlantic Mutual**

Plaintiff will address the challenged documents in order of defendant's objections:

Exhibit No. 7: <u>APEC's telephone records for the month of March and April 2002</u>:[1]

This document is relevant to demonstrate that APEC contacted Atlantic Mutual's

---

[1] In the Pre-Trial Memorandum, the date of this document was identified mistakenly as 2003. Plaintiff's counsel has notified defendant's counsel of the correct date of the document.

Massachusetts representative, Eastern Adjustment Insurance Co., of the casualty on April 3, 2002. This is relevant because Atlantic Mutual has claimed that APEC did not contact the insurance company in a timely fashion (Atlantic Mutual claims it did not receive notice of the loss until April 22, 2002). *See also* Defendant's Statement of the Case in the *Pre-Trial Memorandum* at 9. S*ee Railroad Salvage of Conn., Inc. v. Japan Freight Consolidators, Inc.*, 97 F.R.D. 37 (holding that telephone records of the parties are relevant in ascertaining whether a particular telephone conversation occurred).

Exhibit No. 9-10:    Weather Reports:

These documents have been identified as exhibits by both plaintiff and defendant, with plaintiff stating previously in *Plaintiff's Objections To Defendant's Proposed Exhibits* that it does not plan on introducing weather reports in its case in chief.

Exhibit 16:    Standard And Poor's Insurer Profile for Atlantic Mutual:

Plaintiff does not intent to introduce this document as an exhibit in its case in chief, but reserves the right to use this document as impeachment evidence.

Exhibit 17: Photographs And Videos of the loss and the damage to APEC's Machines:

One of the central issues in this case is the extent of damage to APEC's machines as a result of the loss, and any photographs and videos of the machines showing damage as a result of the loss are clearly relevant to this issue (this includes photographs of the machines prior to the loss). In fact, defendant has identified photographs and videos taken by Paul O'Neill, Jr. as trial exhibits in its section of the Pre-Trial Memorandum, *see* Exhibits (c) and (f). *See also Chesler v. Trinity Industries, Inc.*, 2002 WL 1822918 (N.D. Ill. 2002) (court held that photographs of the underlying accident were relevant and

2

certain of APEC's machines that were damaged during the casualty. The challenged quotations are as follows:

- Quotation for SMT Plate Bending Rolls: Estimate from Machinery, Inc. for $85,000;

- Quotation for Shiess Gear Hobber: Estimate from Prestige Equipment, Corp. $379,500;

- Quotation for Bertsch Pinch Type Plate Bending Rolls: Estimate from Machinery, Inc. $85,000;

- Quotation for Cincinnati & Landis Grinders: Estimate from GCH Machinery: For plain hydraulic grinder – $55,000; for Landis Model Grinder – as is $45,000, reconditioned $89,500;

- Quotation for CNC Straight Bed Engine Lathe: $59,500;

- Quotation for Flat Bed Lathe: Estimate from DynaPath in the sum of $42,435; and

- Quotation for Grinding Machine – Estimate from Schiess Moweg in the sum of 89,500 Euros.

Defendant has moved to exclude these quotations in a separate motion in limine on the grounds that these exhibits are hearsay. These quotations, however, are an exception to the hearsay rule and admissible under Fed.R.Evid. 803(17), which states in pertinent part that "[m]arket quotations . . . generally used and relied upon . . . by persons in particular occupations" are not excluded by the hearsay rule. *See Blanche Road Corporation v. Bensalem Township*, 1996 WL 368347 (E.D. Pa. 1996) (the court allowed the introduction of a chart reflecting property values and sales information relied on by defendant's expert witness under Fed.R.Evid. 803(17), even though the underlying data used

5

for the chart was not prepared by the testifying witness).

Exhibits 56-57: <u>Expert reports prepared by Jim Leigh, Pyramid Rebuild & Machine dated May 24, 2005 and September 26, 2004</u>:

As indicated by defendant, these reports and the testimony of Mr. Leigh are subject to Atlantic Mutual's motion to exclude Mr. Leigh and plaintiff's opposition thereto. Mr. Leigh's reports meet all the criteria of Fed. R. Civ. P. 26(a)(2), and thus are admissible.

**B.     APEC's Proposed Witness Michael Voll**

Defendant has objected to APEC's proposed witness, Michael Voll of National Remanufacturing Corporation, Cleveland, Ohio, on the sole grounds that defendant attempted to subpoena *documents* from the company, but that it was unable to serve this subpoena.[3] Mr. Voll, who has been identified in APEC's answers to interrogatories and on APEC's witness list, visited APEC's premises after the loss, and prepared a one-page document concerning the cost of repairs for 10 APEC machines that were damaged in the loss that his company was capable of repairing. Defendant, however, never subpoenaed Mr. Voll or any agent from National Remanufacturing for deposition testimony, never informed plaintiff's counsel that it was unable to serve the subpoena on National Remanufacturing, and never asked plaintiff for any additional contact information for Mr. Voll and/or National Remanufacturing. Moreover, there is only one document that plaintiff intends to examine Mr. Voll about, and this document was produced to defendant during discovery,

---

[3] Defendant stated that it attempted to serve the subpoena *duces tecum* at National Remanufacturing's registered agent in Ohio, but that the subpoena could not be served at the address provided by the Ohio Secretary of State.

6

and has, in fact, been identified by defendant as a trial exhibit. *See* Pre-Trial Memorandum at 24, document (g) – August 8, memo from National Remanufacturing to APEC. Defendant, who did not seek to depose Mr. Voll, is not prejudiced by not being able to effectuate its subpoena *duces tecum*, since the only relevant document has been produced previously to defendant. Accordingly, there is no basis to exclude Mr. Voll from testifying at trial. *See Philips Electronics North America Corp. v Contec Corporation*, 2004 WL 769371 (D. Del. 2004) (denying motion to exclude witness from testifying at trial on grounds that the moving party was aware of the witness during discovery and did not seek to depose him).

>
> Respectfully submitted,
>
> American Process Equipment
> Company, Inc.,
>
> By its attorneys,
>
> _____
> David L. Kelston, BBO #267310
> Noah Rosmarin, BBO #630632
> Adkins, Kelston & Zavez, P.C.
> 90 Canal Street, Fifth Floor
> Boston, MA 02214
> (617) 367-1040

Dated: December 4, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 12/5/05

7