LEXSEE

American Law Reports 3d
© 1967 The Lawyers Co-operative Publishing Company; Bancroft-Whitney Company
© 2005 West Group - Updated April 2005
Annotation

OVERVALUATION IN PROOF OF LOSS OF PROPERTY INSURED AS FRAUD
AVOIDING FIRE INSURANCE POLICY

H. D. Warren.

16 A.L.R.3d 774

**NOTICE:** This annotation supersedes those in 20 ALR 1164 and 56 ALR 390.

JURISDICTIONAL TABLE OF CASES and STATUTES

INDEX OF TERMS

ENCYCLOPEDIAS, TREATISES, and SPECIALIZED SERVICES

ARTICLE OUTLINE

**ARTICLE:**
[*I]    Preliminary Matters

[*1]    Introduction
[*1a]    Scope

    This annotation n1  considers the question whether and under what circumstances an overvaluation n2  by the insured n3  of specific property n4  insured against fire n5  under a fire insurance policy, n6  made in a proof of loss, n7 constitutes such fraud or attempted fraud as to void the policy under the usual provision contained therein n8  that any fraud or false swearing on the part of the insured shall relieve the insurer from liability. n9

    Questions of waiver or estoppel are not included, nor are procedural matters, such as parol evidence, weight of the evidence, and nature of the action, since they do not present distinctive legal points.

[*1b]    Related matters

Requirement under property insurance policy that insured submit to examination under oath as to loss. 16 A.L.R.5th 412.

Fire insurance: failure to disclose prior fires affecting insured's property as ground for avoidance of policy. 4 A.L.R.5th 117.

Construction and effect of property insurance provision permitting recovery of replacement cost of property. 1 A.L.R.5th 817.

Construction and effect of provisional or monthly reporting inventory insurance. 81 A.L.R.4th 9.

Construction and effect of "rain insurance" policies insuring against rainfall on the date of concert, exhibition, game, or the like. 70 A.L.R.4th 1010.

Insured's nondisclosure of information regarding value of property as ground for avoiding liability under property insurance policy. 15 A.L.R.4th 1109.

Insured's right to recover from insurer prejudgment interest on amount of fire loss. 5 A.L.R.4th 126.

Fraud, false swearing, or other misconduct of insured as affecting right of innocent mortgagee or loss payee to recover on property insurance. 24 A.L.R.3d 435.

Fraud, false swearing, or other misconduct of insured as barring recovery on property insurance by innocent coinsured. 24 A.L.R.3d 450.

Applicability of fraud and false-swearing clause of fire insurance policy to testimony given at trial. 64 A.L.R.2d 962.

Fraud or misrepresentation by insured's agent after loss as within provision avoiding policy for fraud or attempted fraud of insured. 24 A.L.R.2d 1220.

[*2]     Summary and analysis
[*2a]     Generally

It is a well-settled principle of the law of insurance that under fire insurance policies containing a fraud or false-swearing clause, false statements as to material matters wilfully made by the insured in proofs of loss with the intention of thereby deceiving the insurer will preclude any recovery on the policy by the insured. n10  Regarding the question as to what constitutes fraud under such a provision, it is generally held that there must be false statements wilfully made with respect to a material matter and with the intention of thereby deceiving the insurer. n11  It follows from this principle that the rights of the insured are in no wise prejudiced by false statements inadvertently and innocently made in his proofs of loss. n12

The above general principle fully applies in the case of an overvaluation by the insured in proofs of loss of the property destroyed. Accordingly, when an insured knowingly and wilfully overestimates in his proof of loss the value of the property destroyed with the intention of deceiving the insurer, such overvaluation will avoid the policy and defeat any right of the insured to recover thereon. n13  Furthermore, the insured's knowledge of the falsity of the overvaluation made by him need not be absolute in order to work a forfeiture of his rights under the policy. It is sufficient if he swears with disregard to the truth or swears to matters as true within his knowledge, when in fact he knows little or nothing about them. In other words, a reckless overvaluation of the property destroyed equally voids the policy. n14

On the other hand, courts generally hold that the term "fraud or false swearing" as used in a fire insurance policy does not refer to unintentional error. Accordingly, the rights of the insured are in no wise prejudiced by overvaluations of the property that the insured inadvertently and innocently made in his proof of loss, despite a clause in the policy providing for its forfeiture in the event of any fraud or false swearing. n15  The basic test, therefore, in determining whether or not the overvaluation in a proof of loss constitutes a fraud within the meaning of the policy provision is the good faith of the insured. n16  In this connection it should be noted that if the insured knowingly and wilfully makes a material overvaluation in his proof of loss, an attempt to defraud the insurer will be inferred therefrom, upon the theory that everyone is presumed to intend the natural consequences of his own deliberate act. n17  As in the case of fraud, an "attempt to defraud" the insurer by an overvaluation in the proof of loss voids the policy containing the provision to this effect, upon evidence that the insured knowingly and wilfully stated an excessive amount as the value of the property with the intent and purpose of wrongfully obtaining money or gaining an unfair advantage over the insurer. n18

These general principles of insurance law are very well settled by numerous cases from various jurisdictions. However, because of their broad scope they afford but little guidance in individual cases. n19  Because of this difficulty it is of great importance to the lawyer to consider the particular factors and circumstances which affect the application of the above general principles in a particular case. First of all, it should be remembered that a slight or trivial overvaluation is insufficient and that in order to void the policy for fraud or false swearing, the challenged statement must assert an overvaluation which is large enough to be material. n20  Second, the insured's motive in intentionally overvaluating the destroyed property is of no consequence. More specifically, the fact that the insured did not intend to obtain any money to which he was not entitled is not material in applying the rule that an intentional overvaluation constitutes fraud. Consequently, the policy is avoided by the insured's actual fraud in making an overvaluation, even though it was made to

induce the insurer to make a speedy settlement, and to prevent controversy as to his right to the full amount of the insurance, n1  although there is some authority for the opposing viewpoint. n2

As to whether the insurance company must have suffered a loss as a result of the fraudulent overvaluation in the proof of loss, a majority of cases support the viewpoint that a reliance by the insurer resulting in prejudice to the insurer need not be shown in order to void the policy. n3  But there are some jurisdictions--Idaho, Iowa, and Missouri--which require a showing that the insurer suffered a loss as a result of the fraudulent overvaluation or was in fact deceived by the misrepresentation. n4  Specific statutory provisions requiring a prejudicial effect of misrepresentations have been construed as consistent with the enforcement of the usual policy clause making fraud or false swearing grounds for voidance or forfeiture. n5

Since an innocent overvaluation does not amount to fraud sufficient to void the policy n6  the question as to what amounts to a mere mistake excusing the overvaluation is of the utmost importance. Generally speaking, the good faith of the insured is a basic test, and an overvaluation will be considered an honest mistake if it was based upon a difference of opinion, or a different finding of value by the appraisers, upon the use of a wrong method of valuation by an ignorant person, or by an error in computation. n7  Specifically, it has been recognized that the average owner tends to believe in good faith that property owned by him is worth more than its actual value, and this human trait is taken into account by the court in determining whether an overvaluation of the property was based on an honest mistake. n8  In this respect the extent of the overvaluation takes on particular significance. n9

Where the value of the property destroyed is in excess of the amount of insurance so that an exaggeration cannot operate to defraud or injure the insurer, an overvaluation, if honestly made, will not void the policy. n10  This is clearly in accord with the general rule to the effect that an innocent overvaluation does not constitute fraud, n11  and the result does not, therefore, seem to need, as an explanation, reference to the specific factor involved, namely, the relation of the value of the property destroyed to the amount of insurance. However, in the case of a wilful or intentional overvaluation, the fact that the actual loss sustained exceeds the total insurance coverage can be of real importance. Thus, while in a number of jurisdictions the viewpoint has been taken that where the actual loss exceeds the amount of insurance, the policy will not be voided by any overvaluation in the proof of loss, n12  in a majority of jurisdictions it has been held that overvaluation in the proof of loss, if made wilfully and with the intent to defraud, will void the policy even where the actual loss exceeds the amount of insurance coverage, n13  the underlying rationale being that the insured should be penalized for the wilfulness of his conduct regardless of the fact that the insurer would not have been required to pay any greater amount had the falsity not been demonstrated. In the case of a total loss under a valued policy the fact that an overvaluation is made knowingly and intentionally has been held to be immaterial and no defense to an action on the policy. n14

In a few cases the question was involved whether a fraudulent overvaluation of part of the destroyed property voids the entire policy. According to the weight of authority, overvaluation of a part of the property insured or destroyed in the proof of loss, if fraudulent, is sufficient to void the policy. n15  But there is some language in a few cases which may be read as supporting by implication an opposing viewpoint. n16

As stated before, the extent of the overvaluation is a very important factor in determining whether there was a fraudulent intent on the part of the insurer, and it has been said that overvaluation raises the presumption of fraud in proportion to the excess. n17  Of course, the presumption is not conclusive, n18  and the burden is upon the insurer to prove that the statement in a proof of loss was fraudulent. n19  It follows that the fact that the jury returns a verdict for less than the amount claimed by the insured is not in and by itself proof of fraud such as will bar a recovery on the policy. n20  Still, a comparison of numerous cases from various jurisdictions reveals that the likelihood that an overvaluation will be considered fraudulent increases in direct proportion to the percentage by which the value stated in the proof of loss exceeds the actual value of the property as found by the jury or the court. n1  On the one side, mere trivial and immaterial overvaluations are never considered sufficient to void the policy, n2  while on the other side, overvaluations exceeding 1,000 percent have been considered fraudulent in all instances in which such a case was decided. n3  Overvaluations of less than 100 percent have been held not to be fraudulent in the overwhelming majority of the cases, n4  while in those instances in which the overvaluation exceeded 100 percent, but was less than 1,000 percent, the percentage of cases in which the policy was held voided because of fraud was substantially increased. n5

The question whether the insured acted honestly and in good faith in making his valuation or whether there was an intention on his part to defraud the insurer is, generally speaking, a question for the jury to determine. n6  However, in those instances in which the discrepancy between the valuation given in the proof of loss and the valuation of the prop-

erty loss determined by the court is so large as to appear gross, unreasonable, or fantastic, the question of fraudulent intent becomes one of law for the court. n7

[*2b]    Practice pointers

Fire insurance policies generally require the insured, in case of loss, to give notice thereof and also to furnish proofs of loss. The object of these provisions is to give such notice to the insurer as will enable him promptly to make a survey of the insured property, determine the amount of loss, and otherwise protect himself. n8  Consequently, it is imperative at the first planned interview with the insured to determine whether the proof of loss required by the policy has been prepared and filed. If it has, counsel will certainly want to secure a copy. If it has not, the insured should be informed of the necessity in time for filing, and counsel should promptly obtain the information needed and assist the insured in the preparation and filing. n9  If counsel is consulted at this stage he will probably be able to avoid a material overvaluation of the loss in the proof of loss itself or in a correction thereto. n10  If, however, an overvaluation of the property destroyed actually exists, counsel for the insured must center his defense around the assertion that the overvaluation was caused by an honest mistake. In claiming that the overvaluation was due to an honest, even though mistaken, estimate as to the real value of the property, he might stress the fact that it is a common characteristic to value one's own property more highly than its real value and that inexperience with the policy terms and with business matters in general may explain the difference in value. n11  In a proper case attention should be directed to the fact that no account of the stock was taken previous to the fire and that the books were consumed, so that no basis existed by which the amount of the loss could be ascertained with any degree of accuracy. n12

Since the mere fact of overvaluation, even though it may be great, is not alone sufficient proof of fraud, n13  counsel for the insurance company must allege and clearly prove that the insured, in overvaluing his property, did so knowingly and with fraudulent intent. n14  It may be well to include an allegation to the effect that the overvaluation was material n15  and that the insurer relied upon and acted on the overvaluation, n16  even though such allegations may not be necessary in all jurisdictions.

In a great majority of cases where fraud is alleged it is impossible to bring witnesses who can give direct proof that fraud exists, and for this reason it must be established by circumstances which convince the jury that fraud was actually intended and committed by the insured. Probably the most important factor in this respect is the extent of the overvaluation. n17

In view of the fact that except in extreme cases, counsel for the insurance company may have difficulty in proving fraud, n18  he should thoroughly explore all settlement possibilities, n19  and it is only those instances in which the insurer's counsel is reasonably certain that he will be able to convince the jury, either through experts n20  or with another method n1  that no attempt should be made at a settlement, except on very favorable conditions.

[*II]    General principles

[*3]    Wilful overvaluation as fraud
[*3a]    Statement of general rule

Numerous cases from various jurisdictions support the general rule that where an insured knowingly and wilfully overestimates in his proof of loss the value of the property destroyed, with the intention of deceiving the insurer, such overvaluation will avoid the policy and defeat any right of the insured to recover thereon.

United States--

Cuetara Hermanos v Royal Exchange Assur. Co. (1927, CA1 Puerto Rico) 23 F2d 270, cert den 277 US 590, 72 L ed 1002, 48 S Ct 437.
Schmutz v Employees' Fire Ins. Co. (1935, CA2 NY) 76 F2d 119.
Orenstein v Star Ins. Co. (1926, CA4 SC) 10 F2d 754.
Globe & Rutgers Fire Ins. Co. v Stallard (1934, CA4 Va) 68 F2d 237.
Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136.
Joiner v Firemen's Ins. Co. (1934, DC NC) 6 F Supp 103.
Royal Ins. Co. v Eastham (1934, CA5 Ala) 71 F2d 385, cert den 293 US 557, 79 L ed 658, 55 S Ct 110.

16 A.L.R.3d 774, *

Berkshire Mut. Ins. Co. v Moffett (CA5 Fla) 378 F2d 1007.
Morgan v Badger Mut. Ins. Co. (1960, DC Fla) 181 F Supp 496.
Hinson v British America Assur. Co. (1942, DC La) 43 F Supp 951.
Trice v Commercial Union Assur. Co. (1964, CA6 Tenn) 334 F2d 673, cert den 380 US 915, 13 L ed 2d 801, 85 S Ct 895.
National F. Ins. Co. v Renier (1927, CA7 Wis) 22 F2d 671.
Tenore v American & Foreign Ins. Co. (1958, CA7 Ill) 256 F2d 791, cert den 358 US 880, 3 L ed 2d 110, 79 S Ct 119.
Huchberger v Merchants' Fire Ins. Co. (1868, CC Ill) 4 Biss 265, F Cas No 6822, affd 12 Wall 164, 20 L ed 364; Huchberger v Providence Washington Ins. Co. (1869, CC Ill) F Cas No 6823, affd 12 Wall 164, 20 L ed 364.
Huchberger v Home Fire Ins. Co. (1870, CC Ill) 5 Biss 106, F Cas No 6821; Wiede v Insurance Co. of North America (1871, CC Minn) F Cas No 17617; Howell v Hartford Fire Ins. Co. (1874, CC Ill) F Cas No 6780.
Oshkosh Packing & Provision Co. v Mercantile Ins. Co. (1887, CC Wis) 31 F 200.
Columbian Ins. Co. v Modern Laundry (1921, CA8 Minn) 277 F 355, 20 ALR 1159.
Geib v International Ins. Co. (1870, CC Minn) 1 Dill 443, F Cas No 5298.
Mack & Co. v Lancashire Ins. Co. (1880, CC Mo) 2 McCrary 211, 4 F 59.
Hyland v Millers Nat. Ins. Co. (1937, CA9 Cal) 91 F2d 735, reh den 92 F2d 462, cert den 303 US 645, 82 L ed 1107, 58 S Ct 644.
Baldwin v Bankers & Shippers Ins. Co. (1955, CA9 Cal) 222 F2d 953.
Hargrove v American Cent. Ins. Co. (1942, CA10 Okla) 125 F2d 225.

Alabama--------

Phoenix Ins. Co. v Moog (1884) 78 Ala 284.
Hartford Fire Ins. co. v Clark (1952) 258 Ala 141, 61 So 2d 19.

Arkansas-------

American C. Ins. Co. v Ware (1898) 65 Ark 336, 46 SW 129.
German-American Ins. Co. v Brown (1905) 75 Ark 251, 87 SW 135.

California-----

Pedrotti v American Nat. F. Ins. Co. (1928) 90 Cal App 668, 266 P 376.
Newman v Firemen's Ins. Co. (1944) 67 Cal App 2d 386, 154 P2d 451.
Zemelman v Boston Ins. Co. 4 Cal App 3d 15, 84 Cal Rptr 206.

Connecticut----

Davis Scofield Co. v Reliance Ins. Co. (1929) 109 Conn 686, 145 A 42.

Florida--------

American Ins. Co. v Robinson (1935) 120 Fla 674, 163 So 17.

Georgia--------

Goldberg v Provident Washington Ins. Co. (1916) 144 Ga 783, 87 SE 1077.
American Alliance Ins. Co. v Pyle (1940) 62 Ga App 156, 8 SE2d 154.

Idaho----------

Boise Asso. of Credit Men v United States F. Ins. Co. (1927) 44 Idaho 249, 256 P 523.

Illinois-------

16 A.L.R.3d 774, *

Kavooras v Insurance Co. of Illinois (1912) 167 Ill App 220.
Appa v Pennsylvania Fire Ins. Co. (1940) 307 Ill App 85, 30 NE2d 100.
Di Battista v Centennial Ins. Co. (1964) 52 Ill App 2d 84, 201 NE2d 466.

Iowa-----------

Stone v Hawkeye Ins. Co. (1886) 68 Iowa 737, 28 NW 47.
Erb v German-American Ins. Co. (1896) 98 Iowa 606, 67 NW 583, 40 LRA 845.
Helm v Anchor F. Ins. Co. (1906) 132 Iowa 177, 109 NW 605.

Kentucky-------

Davis v Henry Clay F. Ins. Co. (1926) 216 Ky 715, 288 SW 674.
New York Underwriters' Ins. Co. v Mullins (1932) 244 Ky 788, 52 SW2d 697.
World Fire & Marine Ins. Co. v Tapp (1939) 279 Ky 423, 130 SW2d 848, ovrld on another ground Home Ins. Co. v
Cohen (Ky) 357 SW2d 674. But see Phoenix Ins. Co. v Wintersmith (1907) 30 Ky L R 369, 98 SW 987.

Louisiana------

Regnier v Louisiana State Marine & Fire Ins. Co. (1838) 12 La 336.
Alfred Hiller Co. v Insurance Co. of N. A. (1910) 125 La 938, 52 So 104, 32 LRA NS 453.
Richard D'Aigle Co. v Western Ins. Co. (1915) 136 La 777, 67 So 827.
Sims v Equitable Fire & Marine Ins. Co. (1965, La App) 170 So 2d 163.
Marchesseau v Merchant's Ins. Co. (1842) 1 Rob 438.

Maine----------

Wall v Howard Ins. Co. (1862) 51 Me 32.
Dolloff v Phoenix Ins. Co. (1890) 82 Me 266, 19 A 396.
Hilton v Phoenix Assur. Co. (1898) 92 Me 272, 42 A 412.
Rovinsky v Northern Assur. Co. (1905) 100 Me 112, 60 A 1025.
Pottle v Liverpool & L. & G. Ins. Co. (1911) 108 Me 401, 81 A 481.
Archibald v Granite State F. Ins. Co. (1918) 117 Me 205, 103 A 162.
Austin v Maine Farmers' Mut. F. Ins. Co. (1927) 126 Me 478, 139 A 681, 56 ALR 384.

Maryland-------

United States Fire Ins. Co. v Merrick (1937) 171 Md 476, 190 A 335.

Minnesota------

Foot v Yorkshire Fire Ins. Co. (1939) 205 Minn 478, 286 NW 400.

Mississippi----

Claxton v Fidelity & Guaranty Fire Corp. (1937) 179 Miss 556, 175 So 210.

Missouri-------

Miller v Great American Ins. Co. (1933, Mo App) 61 SW2d 205.

Nebraska-------

Home Ins. Co. v Winn (1894) 42 Neb 331, 60 NW 575.

New Hampshire--

Sleeper v New Hampshire F. Ins. Co. (1876) 56 NH 401.

New York-------

Anibal v Insurance Co. of N.A. (1903) 84 App Div 634, 82 NYS 600.
Domagalski v Springfield F. & M. Ins. Co. (1926) 218 App Div 187, 218 NYS 164.
Kantor Silk Mills v Century Ins. Co. (1928) 223 App Div 387, 228 NYS 822, affd 253 NY 584, 171 NE 793.
Demarest v Westchester Fire Ins. Co. (1932) 234 App Div 556, 255 NYS 325, app dismd 259 NY 627, 182 NE 209.
L. N. Gross Co. v Westchester F. Ins. Co. (1914) 88 Misc 327, 151 NYS 945.
Sternfeld v Park Fire Ins. Co. (1888) 50 Hun 262, 2 NYS 766; Furlong v Agricultural Ins. Co. (1892, Sup) 45 NYSR
856, 18 NYS 844.
Simon Cloak & Suit Co. v Aetna Ins. Co. (1912, City Ct NY) 141 NYS 553.
Bass v Williamsburgh City Fire Ins. Co. (1913, Sup App T) 141 NYS 555, revd on the merits of the case upon the dis-
sent op of Bijur, J. at Appellate Term, Bass v Phoenix Ins. Co. 161 App Div 296, 145 NYS 1112.
Hickman v Long Island Ins. Co. (1847) 1 Edm Sel Cas 374.

Ohio-----------

Capital F. Ins. Co. v Beverly (1897) 14 Ohio CC 468, 8 Ohio CD 37.

Oregon---------

Fire Asso. of Philadelphia v Allesina (1907) 49 Or 316, 89 P 960.
Henricksen v Home Ins. Co. (1964) 237 Or 539, 392 P2d 324.

Pennsylvania---

Williams v Lumbermen's Ins. Co. (1938) 332 Pa 1, 1 A2d 658.
Reiter v Michigan Commercial Ins. Co. (1915) 61 Pa Super 587.
Higgs v New York Fire Ins. Co. (1954) 176 Pa Super 310, 106 A2d 860.

Texas----------

Fidelity Phenix Fire Ins. Co. v Sadau (1915, Tex Civ App) 178 SW 559.

Vermont--------

Mullin v Vermont Mut. F. Ins. Co. (1886) 58 Vt 113, 4 A 817.

Virginia-------

Moore v Virginia F. & M. Ins. Co. (1877) 69 Va (28 Gratt) 508.

Washington-----

Rasmusson v North Coast F. Ins. Co. (1915) 83 Wash 569, 145 P 610, LRA1915C 1179.

West Virginia--

Mosrie v Automobile Ins. Co. (1928) 105 W Va 226, 141 SE 871.
Mazzella v Hanover Fire Ins. Co. (1934) 114 W Va 728, 174 SE 521.

Wisconsin------

F. Dohmen Co. v Niagara F. Ins. Co. (1897) 96 Wis 38, 71 NW 69.
Fink v La Crosse Mut. Fire Ins. Co. (1931) 203 Wis 350, 234 NW 339.

The following statements illustrate the language of the various courts in expressing the above principle.

In American C. Ins. Co. v Ware (1898) 65 Ark 336, 46 SW 129, the court approved an instruction of the trial judge that to avoid the policy, the false statement must have been knowingly and wilfully made, thus showing an intention to deceive and to perpetrate a fraud upon the insurer.

"The rule is well established that an untrue statement, in order to avoid the policy, must have been knowingly and intentionally made with the intention of defrauding the insurer." Pedrotti v American Nat. F. Ins. Co. (1928) 90 Cal App 668, 266 P 376.

Under a provision in a fire insurance policy that it shall be void if the insured has concealed or misrepresented any material fact or circumstance or in case of "any fraud or false swearing," the policy is avoided if the evidence supports a verdict that a false statement in a proof of loss was more than a mere matter of opinion as to value and was meant to mislead the insurer into paying, an amount far above what the evidence showed was the real value of the goods burned. Orenstein v Star Ins. Co. (1926, CA4 SC) 10 F2d 754.
For false swearing in the proofs of loss in the overvaluing of the property insured to constitute a defense to an action on a fire insurance policy, it must be made to appear that the overvaluation was intentional and fraudulent. National F. Ins. Co. v Renier (1927, CA7 Wis) 22 F2d 671.

Similarly, it was said in New York Underwriters' Ins. Co. v Mullins (1932) 244 Ky 788, 52 SW2d 697, that in order to vitiate a fire insurance policy for fraud or false swearing, there must be a showing that the overvaluation was intentionally false and made with a fraudulent purpose.

False statements made in a proof of loss as to the value of property burned must be known by the insured to be false, and must be wilfully made, to effect avoidance of a policy of fire insurance. Austin v Maine Farmers' Mut. F. Ins. Co. (1927) 126 Me 478, 139 A 681, 56 ALR 384.

In United States Fire Ins. Co. v Merrick (1937) 171 Md 476, 190 A 335, the court stated that in order to constitute "false swearing" within the meaning of the fraud and false-swearing clause in a fire insurance contract the statement made must not only be untrue, but it must be shown that it was knowingly and intentionally stated with knowledge of its untruthfulness, or that it was so stated as a truth when the party did not know it to be true, and had no reasonable grounds for believing it to be true, and was so made with the purpose to defraud.

"The law is well settled that if the assured intentionally overvalues his loss, . . . for the purpose of obtaining a sum greater than the value of the property destroyed, and the circumstances are such that such conduct is liable to effect such result, it is fraud, which avoids the policy under a clause making fraud or false swearing in respect to the loss have that effect." F. Dohmen Co. v Niagara F. Ins. Co. (1897) 96 Wis 38, 71 NW 69.

The general principle was well expressed in Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW2d 737, 16 ALR3d 760, where the court said that in order for an overvaluation to constitute fraud, "there must be a showing that the statement is false and that such false statement is made with the knowledge that it is false and with the intent to deceive the insurer."

[*3b]    Rationale of rule

The theory of the rule was well stated in Howell v Hartford Fire Ins. Co. (1874, CC Ill) F Cas No 6780, as follows: "The nature of the insurance business is such that companies cannot know at the time they issue their policies the exact value of the property insured, especially goods or personal property. A business man asks for a certain amount of insurance on his goods in his store, warehouse, or factory. The fact that he pays premiums in proportion to the amount insured is supposed, in the case of most men, to be a guaranty that he has property of the value insured; but in proofs of loss the amount to be paid is to be fixed at the value of the property destroyed, so that it is the amount on hand at the time of the fire that becomes material. This can only be known with any degree of certainty through the assured himself. He is therefore held to a strict and truthful statement as to the value of the property destroyed, and any intentional overvaluation, or any such valuation as displays a reckless and dishonest disregard of the truth, in regard to the extent of the loss, is deemed fraudulent, and causes forfeiture of all claims under the policy."

A more recent case giving the reason for the general rule stated above as Morgan v Badger Mut. Ins. Co. (1960, DC Fla) 181 F Supp 496, where the court said that it is the general rule of law with respect to sworn proofs of loss, that if such proofs contain false statements, known by the persons making them to be false, for the purpose of perpetrating a fraud, the entire policy of insurance will be voided and the person making the fraudulent statement will recover nothing under the policy; that this rule, while concededly harsh, is generally made a part of the insurance contract and held to be valid, and that "its purpose is obviously to insure that the parties will deal fairly and honestly with each other."

"In cases of this kind, the plaintiff must come into court with clean hands. The insured is presumed to know better than anyone else the value of his property and the amount of his loss, and is bound to make his statement of loss honestly, without any attempt to obtain more than his actual damage; and this rule of law [that] thus defeats all claims, unless honestly made, is intended to protect insurance companies from frauds which might otherwise be perpetrated on them. It is a rule which can do an honest man no harm." Huchberger v Home Fire Ins. Co. (1870, CC Ill) 5 Biss 106, F Cas No 6821.

[*4]    --Inference of fraudulent intent

It is a general rule that if an insured, for any reason, knowingly and wilfully makes a material overvaluation in his proof of loss by fire, an intent to defraud the insurer may be inferred therefrom, upon the theory that everyone is presumed to intend the natural consequence of his own deliberate act.

United States--

Schmutz v Employees' Fire Ins. Co. (1935, CA2 NY) 76 F2d 119.
Orenstein v Star Ins. Co. (1926, CA4 SC) 10 F2d 754.
Globe & Rutgers Fire Ins. Co. v Stallard (1934, CA4 Va) 68 F2d 237.
Joiner v Firemen's Ins. Co. (1934, DC NC) 6 F Supp 103.
Columbian Ins. Co. v Modern Laundry (1921, CA8 Minn) 277 F 355, 20 ALR 1159.
Atlas Assur. Co. v Hurst (1926, CA8 Mo) 11 F2d 250.
Howell v Hartford Fire Ins. Co. (1874, CC Ill) F Cas No 6780.

California-----

Singleton v Hartford Fire Ins. Co. (1932) 127 Cal App 635, 16 P2d 293.

Florida--------

American Ins. Co. v Robinson (1935) 120 Fla 674, 163 So 17.

Mississippi----

Claxton v Fidelity & Guaranty Fire Corp. (1937) 179 Miss 556, 175 So 210.

New Hampshire--

See Leach v Republic F. Ins. Co. (1878) 58 NH 245.

Wisconsin------

Fink v La Crosse Mut. Fire Ins. Co. (1931) 203 Wis 350, 234 NW 339.
Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW2d 737, 16 ALR3d 760.

When in a proof of loss an insured wilfully and knowingly makes a false statement of a material fact, such as the value of the property insured or the loss or damage thereto by fire, an intention to deceive the insurer is necessarily implied as a natural consequence. Columbian Ins. Co. v Modern Laundry (1921, CA8 Minn) 277 F 355, 20 ALR 1159.

In <u>Singleton v Hartford Fire Ins. Co. (1932) 127 Cal App 635, 16 P2d 293</u>, it was held that the trial court correctly instructed the jury that if the insured knowingly and wilfully made a false statement of or regarding a material fact (the value of the property insured or the loss or damage thereto by fire) in his proof of loss, "the intention to deceive the insurer is necessarily implied as the natural consequence of such act."

It was stated in <u>Claxton v Fidelity & Guaranty Fire Corp. (1937) 179 Miss 556, 175 So 210</u>, that where the false statements as to the value of the property insured in a proof of loss were knowingly and wilfully made, the intent to deceive will be implied.

Insured's misrepresentations and concealment in connection with claim for personal property destroyed by fire voided entire homeowners' insurance policy and entitled the insurer to recover payments made for loss to structure and tree removal. <u>Johnson v. Allstate Ins. Co., 108 P.3d 1273 (Wash. Ct. App. Div. 2 2005).</u>

In <u>Fink v La Crosse Mut. Fire Ins. Co. (1931) 203 Wis 350, 234 NW 339</u>, the court approved the proposition that while to prove fraud there must be, in addition to an overvaluation, an intent to mislead and induce action otherwise than might be expected to follow if the insurer was informed of the truth, where an overvaluation is made deliberately and with knowledge that it is false to a degree amounting to a misrepresentation, with the purpose of obtaining indemnity to which the insured is not justly entitled, the necessary fraudulent intent will be inferred and recovery denied.

Stating that an intent to deceive or defraud is required before an overvaluation in a proof of loss can be considered fraudulent, the court in <u>Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW2d 737, 16 ALR3d 760</u>, added that such an intent may be inferred from the circumstances.

[*5]    Reckless overvaluation as fraud

It has been stated in a number of cases within the factual scope hereof that a policy may be avoided if the insured in a proof of loss by fire makes a material overvaluation recklessly, stating as a fact that of which he has no absolute, positive, certain, or reliable knowledge.

United States--

<u>Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136.</u>
<u>Smith v Insurance Co. of North America (1963, DC Tenn) 213 F Supp 675</u>, affd in part and revd in part on other grounds (CA6) <u>334 F2d 673</u>, Trice v Commercial Union Assur. Co. cert den <u>380 US 915, 13 L ed 2d 801, 85 S Ct 895.</u>
Howell v Hartford Fire Ins. Co. (1874, CC Ill) F Cas No 6780.

California-----

<u>Singleton v Hartford Fire Ins. Co. (1932) 127 Cal App 635, 16 P2d 293.</u>

New Hampshire--

<u>Leach v Republic F. Ins. Co. (1878) 58 NH 245.</u>

A fire insurance policy may be avoided for fraud or false swearing in the making of a material overvaluation if the insured swears that the relevant facts stated in his proof of loss are true, "knowing either that they were not true or that he did not know they were true." <u>Smith v Insurance Co. of North America (1963, DC Tenn) 213 F Supp 675</u>, affd in part and revd in part on other grounds (CA6) <u>334 F2d 673</u>, Trice v Commercial Union Assur. Co. cert den <u>380 US 915, 13 L ed 2d 801, 85 S Ct 895.</u>

In <u>Singleton v Hartford Fire Ins. Co. (1932) 127 Cal App 635, 16 P2d 293</u>, the court upheld an instruction that if the jury should find that the insured made a false statement it was insufficient to avoid the policy unless they should further find that it was "knowingly and wilfully false and intended to injure [the insurer]," and that if it was not "so intended, [it] must relate to some matter material to the inquiry concerning which [the insurer] has a right to know the truth and the effect of which would have a bearing upon its liability" (admittedly including a material overvaluation).

In <u>Leach v Republic F. Ins. Co. (1878) 58 NH 245</u>, it was held that although there was no positive intent on the part of the insured to defraud the insurer, an overvaluation in the proof of loss of the property destroyed, which was so

Page 10

16 A.L.R.3d 774, *

grossly disproportioned to the actual value that it could not have been honestly made if any care or attention had been given to the subject, was designed for the insurer to act on as true, and tended to produce the same mischief that would result from actual fraud and wilful falsehood. The court said: "The affidavit in proof of the plaintiff's loss was made without any reasonable grounds for belief in its truth. Having the means at hand for making a true estimate, the plaintiff wilfully ignored them and made a false one. He stated that to be true, in his belief, which he did not know to be true, and which he had no reasonable ground for believing to be true. Such a representation is fraudulent. . . . In an overvaluation, such as was made in this case, so grossly out of proportion to the actual value of the property, the plaintiff is not entitled to immunity from the charge of fraud."

[*6]    Innocent overvaluation as fraud

It is well settled that where an insured person, in making proof of loss by fire, overestimates through mistake or inadvertence, the value of the property destroyed, the overvaluation does not amount to fraud sufficient to avoid the policy.

United States--

Jose Rivera Soler & Co. v United Firemen's Ins. Co. (1936) 299 US 45, 81 L ed 30, 57 S Ct 54.
Putnam v Commonwealth Ins. Co. (1880, CC NY) 18 Blatchf 368, 4 F 753.
Miller v Alliance Ins. Co. (1881, CC NY) 19 Blatchf 308, 7 F 649.
Orenstein v Star Ins. Co. (1926, CA4 SC) 10 F2d 754.
Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136.
Hartford Fire Ins. Co. v Haager (1952, CA5 Fla) 196 F2d 270.
Pennsylvania Lumbermens Mut. Fire Ins. Co. v Nicholas (1958, CA5 Fla) 253 F2d 504.
Pennsylvania Lumbermens Mut. Fire Ins. Co. v Nicholas (1961, CA5 Fla) 296 F2d 905.
Badger Mut. Ins. Co. v Morgan (1963, CA5 Fla) 313 F2d 783.
Morgan v Badger Mut. Ins. Co. (1960, DC Fla) 181 F Supp 496.
Hinson v British America Assur. Co. (1942, DC La) 43 F Supp 951.
Cooper v Firemen's Ins. Co. (1945, CA6 Mich) 148 F2d 337.
National F. Ins. Co. v Renier (1927, CA7 Wis) 22 F2d 671.
Huchberger v Merchants' Fire Ins. Co. (1868, CC Ill) 4 Biss 265, F Cas No 6822, affd 12 Wall 164, 20 L ed 364; Huchberger v Providence Washington Ins. Co. (1869, CC Ill) F Cas No 6823, affd (US) 12 Wall 164, 20 L ed 364; Wiede v Insurance Co. of North America (1871, CC Minn) F Cas No 17617; Howell v Hartford Fire Ins. Co. (1874, CC Ill) F Cas No 6780.
Sibley v St. Paul Fire & Marine Ins. Co. (1878, CC Ill) 9 Biss 31, F Cas No 12830.
Oshkosh Packing & Provision Co. v Mercantile Ins. Co. (1887, CC Wis) 31 F 200.
Wisconsin Screw Co. v Fireman's Fund Ins. Co. (1960, DC Wis) 193 F Supp 96, affd (CA7) 297 F2d 697.
Spring Garden Ins. Co. v Amusement Syndicate Co. (1910, CA8 Kan) 178 F 519.
Columbia Ins. Co. v Modern Laundry (1921, CA8 Minn) 277 F 355, 20 ALR 1159.
Damico v Firemen's Fund Ins. Co. (1925, CA8 Mo) 5 F2d 318.
Imperial Assur. Co. v Joseph Supornick & Son, Inc. (1950, CA8 Minn) 184 F2d 930.
Mack & Co. v Lancashire Ins. Co. (1880, CC Mo) 2 McCrary 211, 4 F 59.
Woods v Insurance Co. of Texas (1956, DC Alaska) 146 F Supp 82.
Herron v Millers Nat. Ins. Co. (1960, DC Or) 185 F Supp 851.
Buffalo Ins. Co. v Amyx (1958, CA10 Okla) 262 F2d 898.
Insurance Cos. v Weide (Republic F. Ins. Co. v Weide) (1872) 14 Wall 375, 20 L ed 894.

Alabama--------

Tubb v Liverpool & L. & G. Ins. Co. (1894) 106 Ala 651, 17 So 615.
Hartford Fire Ins. Co. v Clark (1952) 258 Ala 141, 61 So 2d 19.

Arkansas-------

American C. Ins. Co. v Ware (1898) 65 Ark 336, 46 SW 129.

16 A.L.R.3d 774, *

German-American Ins. Co. v Brown (1905) 75 Ark 251, 87 SW 135.

California-----

Helbing v Svea Ins. Co. (1880) 54 Cal 156.
Pedrotti v American Nat. F. Ins. Co. (1928) 90 Cal App 668, 266 P 376.
Singleton v Hartford Fire Ins. Co. (1930) 105 Cal App 320, 287 P 529.
Singleton v Hartford Fire Ins. Co. (1932) 127 Cal App 635, 16 P2d 293.

Colorado-------

Western Assur. Co. v Bronstein (1925) 77 Colo 408, 236 P 1013.

Connecticut----

castoldi v Hartford County Mut. Ins. Co. (1959) 21 Conn Supp 265, 154 A2d 247.

Georgia--------

Phenix Ins. Co. v Jones (1915) 16 Ga App 261, 85 SE 206.

Idaho----------

Boise Asso. of Credit Men v United States F. Ins. Co. (1927) 44 Idaho 249, 256 P 523.
Young v California Ins. Co. (1935) 55 Idaho 682, 46 P2d 718.

Illinois-------

See also Rockford Ins. Co. v Nelson (1874) 75 Ill 548; St. Onge v Hartford F. Ins. Co. (1917) 204 Ill App 127..
Commercial Ins. Co. v Friedlander (1895) 156 Ill 595, 41 NE 183.
Weininger v Metropolitan Fire Ins. Co. (1935) 359 Ill 584, 195 NE 420, 98 ALR 169.
Commercial Cabinet Co. v North British & Mercantile Ins. Co. (1921) 220 Ill App 453.
Jay-Bee Realty Corp. v Agricultural Ins. Co. (1943) 320 Ill App 310, 50 NE2d 973.

Indiana--------

Franklin Ins. Co. v Culver (1855) 6 Ind 137.

Iowa-----------

Stone v Hawkeye Ins. Co. (1886) 68 Iowa 737, 28 NW 47.
Erb v German-American Ins. Co. (1896) 98 Iowa 606, 67 NW 583, 40 LRA 845.
Goldstein v St. Paul F. & M. Ins. Co. (1904) 124 Iowa 143, 99 NW 696.
Helm v Anchor F. Ins. Co. (1906) 132 Iowa 177, 109 NW 605.

Kentucky-------

Western Assur. Co. v Ray (1899) 105 Ky 523, 49 SW 326.
Connecticut F. Ins. Co. v Union Mercantile Co. (1914) 161 Ky 718, 171 SW 407.
Springfield F. & M. Ins. Co. v Shapoff (1918) 179 Ky 804, 201 SW 1116.
Hanover F. Ins. Co. v Coffman (1927) 218 Ky 568, 291 SW 725.
Globe & R.F. Ins. Co. v Frankfort Distillery (1928) 226 Ky 706, 11 SW2d 968.
Security Ins. Co. v Rosenberg (1928) 227 Ky 314, 12 SW2d 688.
Stokes v Huddleston (1929) 227 Ky 613, 13 SW2d 784.
New York Underwriters' Ins. Co. v Mullins (1932) 244 Ky 788, 52 SW2d 697.

16 A.L.R.3d 774, *

Insurance Co. of North American v McCraw (1934) 255 Ky 839, 75 SW2d 518.

Louisiana------

See also Marchesseau v Merchants' Ins. Co. (1842, La) 1 Rob 438; Rafel v Nashville Marine & Fire Ins. Co. (1852) 7 La Ann 244.
Daul v Firemen's Ins. Co. (1883) 35 La Ann 98.
Erman v Sun Mut. Ins. Co. (1883) 35 La Ann 1095.
Dunn v Springfield F. & M. Ins. Co. (1902) 109 La 520, 33 So 585.
Garnier v Aetna Ins. Co. (1935) 181 La 426, 159 So 705.
Perot v Carolina Ins. Co. (1937, La App) 171 So 458.
Wallace v Hanover Ins. Co. (1964, La App) 164 So 2d 111 (recognizing rule), writ refused 246 La 598, 165 So 2d 486.

Maine----------

Moore v Protection Ins. Co. (1848) 29 Me 97.
Williams v Phoenix F. Ins. Co. (1871) 61 Me 67.
Hanscom v Home Ins. Co. (1897) 90 Me 333, 38 A 324.
Hilton v Phoenix Assur. Co. (1898) 92 Me 272, 42 A 412.
Archibald v Granite State F. Ins. Co. (1918) 117 Me 205, 103 A 162.
Austin v Maine Farmers' Mut. F. Ins. Co. (1927) 126 Me 478, 139 A 681, 56 ALR 384.
Harwood v United States Fire Ins. Co. (1939) 136 Me 223, 7 A2d 899.

Massachusetts--

Towne v Springfield F. & M. Ins. Co. (1888) 145 Mass 582, 15 NE 112.

Michigan-------

Johnston v Farmers' F. Ins. Co. (1895) 106 Mich 96, 64 NW 5.
Campbell v Great Lakes Ins. Co. (1924) 228 Mich 636, 200 NW 457.
Alma State Sav. Bank v Springfield Fire & Marine Ins. Co. (1934) 268 Mich 631, 256 NW 573.

Minnesota------

Hamberg v St. Paul F. & M. Ins. Co. (1897) 68 Minn 335, 71 NW 388.
Hodge v Franklin Ins. Co. (1910) 111 Minn 321, 126 NW 1098.
Bahr v Union F. Ins. Co. (1926) 167 Minn 479, 209 NW 490.

Mississippi----

Lititz Mut. Ins. Co. v Miller (1951, Miss) 50 So 2d 221.

Missouri-------

Walker v Phoenix Ins. Co. (1895) 62 Mo App 209 (ovrld on other grounds Orris v Chicago, R.I. & P.R. Co. 279 Mo 1, 214 SW 124).
Miller v Great American Ins. Co. (1933, Mo App) 61 SW2d 205.

Nebraska-------

Citizens' Ins. Co. v Herpolsheimer (1906) 77 Neb 232, 109 NW 160.

Nevada---------

16 A.L.R.3d 774, *

Gerhauser v North British & M. Ins. Co. (1870) 6 Nev 15.

New Hampshire--

Compare Leach v Republic F. Ins. Co. (1878) 58 NH 245.

New Jersey-----

Carson v Jersey City Ins. Co. (1881) 43 NJL 300, affd 44 NJL 210.
Jersey City Ins. Co. v Nichol (1882) 35 NJ Eq 291.
Miller & Dobrin Furniture Co. v Camden Fire Ins. Co. (1959) 55 NJ Super 205, 150 A2d 276.

New Mexico-----

Turner v New Brunswick Fire Ins. Co. (1941) 45 NM 126, 112 P2d 511.

New York-------

Titus v Glens Falls Ins. Co. (1880) 81 NY 410.
Cheever v Scottish Union & Nat. Ins. Co. (1903) 86 App Div 328, 83 NYS 730, affd without op 180 NY 551, 73 NE 1121.
Nugent v Rensselaer County Mut. F. Ins. Co. (1905) 106 App Div 308, 94 NYS 605.
L. N. Gross Co. v Westchester F. Ins. Co. (1914) 88 Misc 327, 151 NYS 945.
Siebros Finance Corp. v Fire Asso. of Philadelphia (1926) 128 Misc 223, 218 NYS 221.
Unger v People's F. Ins. Co. (1871) 4 Daly 96.
Gibbs v Continental Ins. Co. (1878) 13 Hun 611; O'Brien v Prescott Ins. Co. (1890, Sup) 32 NYSR 579, 11 NYS 125, revd on other grounds 134 NY 28, 31 NE 265.
Davis v Guardian Assur. Co. (1895) 87 Hun 414, 34 NYS 332, affd 155 NY 682, 50 NE 1116.
Hirschman v Fireman's Fund Ins. Co. (1910, City Ct NY) 123 NYS 781.
Simon Cloak & Suit Co. v Aetna Ins. Co. (1912, City Ct NY) 141 NYS 553.
Mayfair Leather Products v Piedmont Fire Ins. Co. (1951, Sup) 105 NYS2d 802.
Hickman v Long Island Ins. Co. (1847) 1 Edm Sel Cas 374.

Ohio-----------

Merchants' Nat. Bank v Insurance Co. of N.A. (1878) 4 Ohio Dec Reprint, 340, 1 Cleve LR 339.

Oklahoma-------

Alliance Ins. Co. v Woods (1938) 182 Okla 620, 79 P2d 573.

Oregon---------

Gibbs v First Nat. Ins. Co. (1935) 151 Or 241, 47 P2d 943.

Pennsylvania---

Zaffuto v Northern Ins. Co. (1933) 109 Pa Super 376, 167 A 298.
Moward v Automobile Underwriters, Inc. (1937) 128 Pa Super 465, 194 A 574.

South Carolina-

Mulkey v United States Fidelity & Guaranty Co. (1963) 243 SC 121, 132 SE2d 278.

Tennessee------

Phoenix Ins. Co. v Munday (1868) 45 Tenn (5 Coldw) 547.

Texas----------

American Central Ins. Co. v Borschow (1928, Tex Civ App) 5 SW2d 829. See, also, Pelican Ins. Co. v Schwartz (1892, Tex) 19 SW 374.
Phoenix Ins. Co. v Shearman (1897) 17 Tex Civ App 456, 43 SW 930, motion for reh den 17 Tex Civ App 459, 43 SW 1063.

Virginia-------

North British & Mercantile Ins. Co. v Nidiffer (1911) 112 Va 591, 72 SE 130.

Washington-----

Rasmusson v North Coast F. Ins. Co. (1915) 83 Wash 569, 145 P 610, LRA1915C 1179.

West Virginia--

Teter v Franklin F. Ins. Co. (1914) 74 W Va 344, 82 SE 40.

Wisconsin------

Dogge v Northwestern Nat. Ins. Co. (1880) 49 Wis 501, 5 NW 889.
Vergeront v German Ins. Co. (1893) 86 Wis 425, 56 NW 1096.
Beyer v St. Paul F. & M. Ins. Co. (1901) 112 Wis 138, 88 NW 57.
Juneau Store Co. v Badger Mut. Fire Ins. Co. (1934) 216 Wis 342, 257 NW 144.
Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 13 NW2d 737, 16 ALR3d 760.

Where insured is honestly and in good faith mistaken as to amount of loss and does not deliberately try to deceive fire insurer on any material facts, he can recover reasonable value of property destroyed in fire, and there is no false swearing as will void policies even though reasonable value of property is less than that submitted in proof of loss; thus, recovery is not barred for fraudulent overvaluation simply because jury returns verdict for amount less than that claimed by insured. Royal College Shop, Inc. v Northern Ins. Co. (1990, CA10 Kan) 895 F2d 670.

The following statements illustrate the various ways in which the above rule has been expressed by the courts.

Similarly, it was stated in Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136, that where an insured person, in making proof of loss by fire, overestimates through mistake or inadvertence, the value of the property destroyed, the overvaluation does not amount to fraud sufficient to avoid the policy, the court approving a jury instruction to this effect.

In Buffalo Ins. Co. v Amyx (1958, CA10 Okla) 262 F2d 898, the court held proper a jury instruction to the effect that overvaluation arising from a mistake or made in good faith or a goodfaith belief that the property was of the value stated does not of itself constitute false swearing and avoid the policy, even though the valuation in the submitted proof was higher than the ultimately established value.

In American C. Ins. Co. v Ware (1898) 65 Ark 336, 46 SW 129, the court approved an instruction of the trial judge that an overvaluation did not avoid the policy, unless it was knowingly made, and that if it occurred through oversight or inadvertence, it did not affect any right of the insured under the policy. Stating specifically that the above instruction was correct, the court added that the provision of the policy relating to fraud and false swearing did not refer to an accidental omission or an innocent representation of fact on the part of the assured.

"The mere fact that the assured, in the proofs of loss, has made an overvaluation of the property destroyed, will not defeat a recovery on the policy for the actual loss sustained. If the assured, in making proofs of loss, acts in good faith, in the honest belief that the property destroyed was worth the amount of the valuation placed upon it, and the excessive

valuation was not intended to deceive or defraud the insurance company, such overvaluation cannot be held to be fraudulent, and it will not defeat a recovery." Commercial Ins. Co. v Friedlander (1895) 156 Ill 595, 41 NE 183.

"An overestimate which was made honestly, and in good faith, clearly would not have the effect to exclude the claimant from all benefits under the policy." Stone v Hawkeye Ins. Co. (1886) 68 Iowa 737, 28 NW 47.

And in Hanover F. Ins. Co. v Coffman (1927) 218 Ky 568, 291 SW 725, a mistake in the valuation of property lost by fire was held not to vitiate the policy. The court, speaking of avoiding a policy of insurance for overvaluation by the insured through mistake, said: "A mere innocent mistake, or an exaggerated estimate of value, will be insufficient for that purpose."

Citing Hanover F. Ins. Co. v Coffman (Ky) supra, as authority, the court in New York Underwriters' Ins. Co. v Mullins (1932) 244 Ky 788, 52 SW2d 697, stated that an exaggerated estimate of value of the articles destroyed by fire in the proof of loss is insufficient to vitiate a fire insurance policy.

In Hodge v Franklin Ins. Co. (1910) 111 Minn 321, 126 NW 1098, the appellate court approved an instruction of the trial court to the effect that an incidental or unintentional overvaluation by the insured did not necessarily amount to fraud sufficient to avoid the policy.

In Nugent v Rensselaer County Mut. F. Ins. Co. (1905) 106 App Div 308, 94 NYS 605, the court said: "It is provided in the policy that it shall be void in case of any fraud or false swearing by the assured touching any matter relating to the insurance or the subject thereof, whether before or after a loss. The defendant insists that the plaintiff was guilty of false swearing in overestimating the quantity and value of the personal property which he claimed to have lost by reason of the fire. It is not the purpose of such provision in the policy to put every [assured] in danger of losing the entire benefit of his insurance if in an honest effort to determine and state the property lost by fire, and the value thereof, he inadvertently mistakes the same or overestimates their value. A mere misstatement of the loss, based upon an erroneous estimate of value, . . . does not operate to avoid the policy." See to the same effect, Cheever v Scottish Union & Nat. Ins. Co. (1903) 86 App Div 328, 83 NYS 730, affd 180 NY 551, 73 NE 1121.

"An overestimate of the amount of loss sustained, made honestly and in good faith, is neither fraud nor false swearing, within the meaning of the policy." Phoenix Ins. Co. v Munday (1868) 45 Tenn (5 Coldw) 547.

In Juneau Store Co. v Badger Mut. Fire Ins. Co. (1934) 216 Wis 342, 257 NW 144, the general rule was stated that if the assured, in making proof of loss, acts in good faith in the honest belief that the property destroyed was worth the amount of the valuation placed upon it, and an excess is found by the jury to exist, but the excessive valuation was not intended to deceive or defraud the insurance company, recovery by the insured will not be defeated under an insurance policy containing the fraud and falseswearing clause.

[*7]    Overvaluation as attempted fraud

As in a case of fraud, an attempt to defraud an insurer by making an overvaluation in a proof of loss by fire requires evidence that it was made knowingly and wilfully, and with an intent to obtain that which the insured was not entitled to.

Thus, where a fire insurance policy contains a provision voiding the policy for an attempt to defraud the insurer, an overvaluation in a proof of loss by fire has been held to constitute a ground of voiding the policy only upon proof that the insured knowingly and wilfully stated an excessive amount as the worth of the property, with the intent and purpose of wrongfully obtaining money or gaining an unfair advantage over the insurer.

United States--

Claflin v Commonwealth Ins. Co. (1884) 110 US 81, 28 L ed 76, 3 S Ct 507.
Shaw v Scottish Commercial Ins. Co. (1880, CC Me) 1 F 761.
For federal cases involving state law, see state headings infra.

Louisiana------

Sbisa v American Equitable Assur. Co. (1942) 202 La 196, 11 So 2d 527, 145 ALR 332.

Massachusetts--

Gechijian v Richmond Ins. Co. (1937) 298 Mass 487, 11 NE2d 478.
Gechijian v Richmond Ins. Co. (1940) 305 Mass 132, 25 NE2d 191.

Minnesota------

Columbian Ins. Co. v Modern Laundry (1921, CA8 Minn) 277 F 355, 20 ALR 1159 (construing Minnesota law).
Bahr v Union F. Ins. Co. (1926) 167 Minn 479, 209 NW 490.
Studer v Hudson Ins. Co. (1930) 179 Minn 289, 229 NW 88.
Zane v Home Ins. Co. (1934) 191 Minn 382, 254 NW 453.
Supornick v National Retailers Mut. Ins. Co. (1941) 209 Minn 500, 296 NW 904.

Mississippi----

Glens Falls Ins. Co. v Linwood Elevator (1961) 241 Miss 400, 130 So 2d 262.

New Hampshire--

Follett v Standard F. Ins. Co. (1915) 77 NH 457, 92 A 956.
Saidel v Union Assur. Soc. (1930) 84 NH 232, 149 A 78.
Moreau v Palatine Ins. Co. (1930) 84 NH 422, 151 A 817.
Canning v Continental Ins. Co. (1934) 87 NH 180, 175 A 861.
Hall v Merrimack Mut. Fire Ins. Co. (1939) 90 NH 191, 6 A2d 172.
Hall v Merrimack Mut. Fire Ins. Co. (1940) 91 NH 6, 13 A2d 157.

The following statements illustrate the rule that avoidance of a fire insurance policy for an attempt to defraud by overvaluing property in a proof of loss requires proof of the factual elements essential to establish fraud, that is, the making, knowingly and wilfully, of a material exaggeration of the worth of the property, with an intent and purpose to wrongfully obtain money or gain an unfair advantage over the insurer.

In action to recover proceeds of fire policy, trial court properly refused to find that insured attempted to defraud insurer where, even though chancellor had found that insured's inventory of personal property listed was at best an exaggeration and at worst a fraud upon insurer, he was unable to say that insured had intentionally perpetrated fraud on insurer. McCorkle v Valley Forge Ins. Co. (1984) 11 Ark App 41, 665 SW2d 898.

Where an insured means and submits a proof of loss by fire containing statements of valuation of the property which he claims represents his best estimate, the fact that it proves to be an overestimate does not alone establish an attempt to defraud the insurer so as to avoid the policy under a provision therefor, for the insured is not bound at his peril to submit as the amount of his loss a figure no higher than the amount of the loss as finally determined, but he must act in good faith, in an honest effort to ascertain the truth as to value and the amount of the loss and furnish the information to the insurer; an innocent mistake or an accidental misrepresentation will not deprive him of the benefits of the policy, and an overvaluation will not avoid the policy "unless it was fraudulently made." Gechijian v Richmond Ins. Co. (1940) 305 Mass 132, 25 NE2d 191.

Under a provision that a fire insurance policy should be void if the insured made "any attempt to defraud" the insurer after the loss, the court in Columbia Ins. Co. v Modern Laundry (1921, CA8 Minn) 277 F 355, 20 ALR 1159 (applying Minnesota law), held that a knowing and wilful overvaluation of the property insured and a statement of an excessive amount of damage in a proof of loss, and its submission to the insurer, constituted an attempt to defraud, and avoided the policy.

Under a provision that a fire insurance policy may be avoided if the insured "shall make any attempt to defraud" the insurer, avoidance is predicable upon an attempt to do so, in the adjustment of a fire loss, by submitting a claim containing misstated cost prices of articles destroyed or damaged, even though the attempt was abortive. Bahr v Union F. Ins. Co. (1926) 167 Minn 479, 209 NW 490.

In <u>Supornick v National Retailers Mut. Ins. Co. (1941) 209 Minn 500, 296 NW 904</u>, the court sustained the defense of attempted fraud to prevent recovery on a fire insurance policy, upon evidence from which the jury could have found that the insured fraudulently and with an intent to procure from the insurer payment of much more than the actual loss, exaggerated both the sound value of the property and the damage, in a proof of loss submitted to the insurer.

Under a fire insurance policy providing that the policy shall be void if the insured "shall make any attempt to defraud" the insurer, the court in <u>Follett v Standard F. Ins. Co. (1915) 77 NH 457, 92 A 956</u>, holding that a jury instruction was not erroneous which required a finding of a guilty state of mind with respect to the overvaluation of the insured property, in a proof of loss, stated that mere negligence in ascertaining the truth of the statement was not enough, but that a "dishonest state of mind" must be shown, that the idea that gross negligence could take the place of such a state of mind as an element in an action based on fraud did not represent the prevailing law, and that a finding of fraudulent intent must be based upon evidence or circumstances which would permit a factual conclusion that the insured knew, believed, or suspected that the statement was false.

In <u>Saidel v Union Assur. Soc. (1930) 84 NH 232, 149 A 78</u>, the court held that there could be no recovery on a fire insurance policy providing for its avoidance if the insured "shall make any attempt to defraud" the insurer, upon the ground that where the insured in a proof of loss intentionally makes a material false statement as to the quantity or valuation of the property affected, with the evident purpose of inducing the insurer to pay the amount which he arrives at, as a claim, he makes the attempt contemplated, and that the policy was avoided upon evidence showing that the insured assigned to articles of personal property values greatly exceeding the values stated in an inventory and appraisal made before the fire, of which he had knowledge, and that he was reckless and indifferent to the previous calculation and made up the items and values stated in his proof of loss with no other evident purpose than to induce the insurer to settle and pay on the basis of the claim thus arrived at and submitted to it.

Rule that to void policy overvaluation must be wilful, applied also in:

Massachusetts--

<u>Harold J. Warren, Inc. v Federal Mut. Ins. Co. (CA1) 386 F2d 579</u>.

[*III]    Particular factors and circumstances as affecting general principles

[*8]    Generally

As appears from the discussion in the earlier sections of this annotation, the basic rules or principles relating to the question whether and under what circumstances an overvaluation by the insured in his proofs of loss constitutes a fraud which will avoid the fire insurance policy are very well settled. However, since they turn in effect upon the insured's good faith, they are, at the same time, so broad as to give little guidance in an individual case. Accordingly, it would appear that the safest course for any attorney wishing to determine what the courts will do in a particular case in which overvaluation is claimed as a ground for avoidance of the policy is to examine how the courts have applied these general rules or principles in particular situations, and what weight they have accorded to specific factors.

In this division are discussed those cases in which the various factors were considered, either separately or collectively, which have a bearing on the question whether an overvaluation of the insured property by the insured in his proof of loss constitutes a fraud so as to void the fire insurance policy.

[*9]    Materiality of overvaluation

In a number of cases the question arose whether a slight or trivial overvaluation of the insured property by the insured in his proof of loss can be considered such a fraud as to void the fire insurance policy. In all the cases in which this question was discussed it has been held that in order to avoid a fire insurance policy for fraud or false swearing as to valuation in a proof of loss the challenged statement must assert a valuation which is large enough to be material under the circumstances, and that a slight or trivial overvaluation is insufficient.

United States--

<u>Globe & Rutgers Fire Ins. Co. v Stallard (1934, CA4 Va) 68 F2d 237</u>.

16 A.L.R.3d 774, *

Hinson v British America Assur. Co. (1942, DC La) 43 F Supp 951.

Alabama--------

Hartford Fire Ins. Co. v Clark (1952) 258 Ala 141, 61 So 2d 19.

Minnesota------

Hamberg v St. Paul F. & M. Ins. Co. (1897) 68 Minn 335, 71 NW 388.
Hodge v Franklin Ins. Co. (1910) 111 Minn 321, 126 NW 1098.

Missouri-------

Wittels Loan & Mercantile Co. v Liberty Fire Ins. Co. (1925, Mo App) 273 SW 192.
Wittels Loan & Mercantile Co. v American Cent. Ins. Co. (1925, Mo App) 273 SW 1084.
Gould v M.F.A. Mut. Ins. Co. (1960, Mo App) 331 SW 2d 663.

New York-------

Hirschman v Fireman's Fund Ins. Co. (1910, City Ct NY) 123 NYS 781.

Oregon---------

Henricksen v Home Ins. Co. (1964) 237 Or 539, 392 P2d 324.

South Carolina-

Mulkey v United States Fidelity & Guaranty Co. (1963) 243 SC 121, 132 SE2d 278.

West Virginia--

Riley v Aetna Ins. Co. (1917) 80 W Va 236, 92 SE 417, LRA1917E 983.

Canada---------

Adams v Glens Falls Ins. Co. (1916) 37 Ont L 1, 31 DLR 166; Kibzcy v Home Ins. Co. (Manitoba) [1918] 2 West Week 541.

The following statements illustrate the reasons upon which the general principle stated above is based.

In Hartford Fire Ins. Co. v Clark (1952) 258 Ala 141, 61 So 2d 19, an action on a fire insurance policy, the court held, as to fraud and false swearing in a proof of loss, concerning the valuation of the insured property, that to preclude recovery an overvaluation must be material and amount to more than a slight exaggeration of the value of the property destroyed, so as to make possible the conclusion that it might not have been due to a mistake in judgment but to an intention to defraud. And where a plea making an explicit allegation that the statement of valuation was false and fraudulent, and was made with an actual intent to deceive, did not show that it was not a slight exaggeration of the value of the property or that such statement was material, it was held demurrable. The court specifically stated: "But to preclude recovery because of fraud or false swearing in the proof of loss, the statement must relate to matter which is material. Hence a slight exaggeration of the amount of the value of the property destroyed will not defeat the claim entirely. To bar recovery, the overvaluation must be so extravagant as to lead to the conclusion that it was due not to a mistake in judgment but to an intention to defraud."

And in Hamberg v St. Paul F. & M. Ins. Co. (1897) 68 Minn 335, 71 NW 388, it was held that the trial court had properly refused a request to charge that the slightest possible exaggeration by the insured of the value of the property destroyed would, if made knowingly and intentionally, forfeit any right to a recovery under the policy. The court said: "According to this request, the slightest possible exaggeration of the amount or value of the property so destroyed or

16 A.L.R.3d 774, *

damaged would be sufficient to defeat plaintiff's claim. If plaintiff so exaggerated to the amount of a fraction of a cent, he cannot recover. Such is not the law."

Stating that a misrepresentation, in order to constitute fraud and false swearing under a fire insurance policy, must exaggerate the value of the property or the amount of the loss to a material extent, the court in Wittels Loan & Mercantile Co. v American Cent. Ins. Co. (1925, Mo App) 273 SW 1084, held that an instruction which submitted the amount of damages in dollars and cents, and positively directed the jury that if either the value of the property, or the value of the damaged goods, or the loss to the damaged goods was less in any sum, however small, than the amount represented, then the plaintiff could not recover, was erroneous and prejudicial. The court said that the instruction failed to submit the proposition to the jury that the variance existing between the amount sworn to and the amount proven must be substantial or material in order to constitute fraud and left the jury no avenue of escape in finding for the defendant if there was any difference whatsoever between these figures.

The court in Gould v M.F.A. Mut. Ins. Co. (1960, Mo App) 331 SW2d 663, stressed again the element of materiality by holding that a misrepresentation, in order to constitute fraud and false swearing under a fire insurance policy, must exaggerate the value of the property or the amount of the loss to a material extent.

In order to work a forfeiture, the overvaluation must be so plain that it can be seen that it was made with the intent to work a gross fraud on the company. Hirschman v Fireman's Fund Ins. Co. (1910, City Ct NY) 123 NYS 781.

The estimate must be "so extravagant as to lead necessarily to the conclusion that the excessiveness was due not to an error of judgment, but was motivated by an intention to defraud." Adams v Glens Falls Ins. Co. (1916) 37 Ont L 1, 31 DLR 166.


[*10]     Prejudicial effect of overvaluation
[*10a]     Generally

Under Louisiana law, false swearing regarding amount of loss may void coverage under fire insurance policy, even in absence of detrimental reliance by insurer. However, false swearing defense was not applicable where it appeared that, even if insured was guilty of padding his losses, his losses were unquestionably greater than his policy limits, so that insured did not attempt to collect more money than his actual loss. First Guaranty Bank v Pelican State Mut. Ins. Co. (1991, La App 1st cir) 590 So 2d 1306, cert den (La) 592 So 2d 1303.


[*10b]     Reliance by insurer immaterial

A number of cases support the view that in the absence of a statute to the contrary n2 a stipulation for the forfeiture of a fire insurance policy for fraud or false swearing in the proof of loss will defeat a recovery upon the policy, because of fraudulent overvaluation, irrespective of whether the insurance company suffered a loss as a result thereof and irrespective of whether the company was in fact deceived by the misrepresentation.


United States--

Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136.
Badger Mut. Ins. Co. v Morgan (1963, CA5 Fla) 313 F2d 783.
Tenore v American & Foreign Ins. Co. (1958, CA7 Ill) 256 F2d 791, cert den 358 US 880, 3 L ed 2d 110, 79 S Ct 119.
Goodwin v Maryland Casualty Co. (1964, DC Okla) 233 F Supp 81.
For federal cases involving state law, see state headings infra.


Alabama--------

Hartford Fire Ins. Co. v Clark (1952) 258 Ala 141, 61 So 2d 19.


Connecticut----

Davis Scofield Co. v Reliance Ins. Co. (1929) 109 Conn 686, 145 A 42.


Minnesota------

16 A.L.R.3d 774, *

Columbian Ins. Co. v Modern Laundry (1921, CA8 Minn) 277 F 355, 20 ALR 1159 (applying Minnesota law).

New York-------

Domagalski v Springfield F. & M. Ins. Co. (1926) 218 App Div 187, 218 NYS 164.

Oregon---------

Henricksen v Home Ins. Co. (1964) 237 Or 539, 392 P2d 324.

Wisconsin------

Beyer v St. Paul F. & M. Ins. Co. (1901) 112 Wis 138, 88 NW 57.
Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW 2d 737, 16 ALR3d 760.

The view that a fire insurance policy may be voided if an overvaluation in the proof of loss is fraudulent, even though there is no showing that the insurer relied or acted upon the overvaluation, is in accord with the rationale given in numerous cases for the general rule that a wilful overvaluation constitutes such a fraud as to void the policy. n3

In Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136, a case factually within the scope of this annotation, it was held proper to instruct the jury, on the issue of knowing and wilful overvaluation, that if they found that there was "a wilful misstatement with intent to defraud" they should find the policy void even though they found that the insurers "investigated the matter before such wilful misstatement was made and were not prejudiced by relying on [it] . . . ."

A provision avoiding a fire insurance policy for fraud or false swearing contemplates that avoidance shall follow when the insured falsely and fraudulently misrepresents the value of the property destroyed, even though there is no showing by the insurer of any resulting deceit, detriment, or prejudice. Badger Mut. Ins. Co. v Morgan (1963, CA5 Fla) 313 F2d 783.

Where the valuation of property stated in a sworn proof of loss previous to an action on a fire insurance policy was, under the facts established by the record, such a "deliberate exaggeration" as to import fraud and false swearing as a matter of law, the court in Tenore v American & Foreign Ins. Co. (1958, CA7 Ill) 256 F2d 791, cert den 358 US 880, 3 L ed 2d 110, 79 S Ct 119, rejected the hypothesis of the trial court, relied on as a basis of allowing recovery under the policy of a far less amount than indicated by the insured's witnesses as the loss, namely, that as the insured sustained a substantial loss and the insurers had not paid the claim or paid out any money, and in that sense were not deceived by the proof of loss, the actual loss sustained should be allowed. It was said that the hypothesis ignored the facts that the action was founded upon a contract which provided that it should be void if the insured wilfully misrepresented a material fact or in case of false swearing with reference to a material fact, and that the provision was designed and intended to protect the insurers, subsequently to a loss, in the conduct of all matters and procedures peraining to the adjustment and settlement of the loss, against having to encounter deliberate falsifications and bad faith.

In determining whether insured voided fire insurance policy by misrepresenting extent of his loss, court could not rely on rule applicable to automobile insurance policies under Oregon law, which treated issue of reliance differently in cases brought under fire insurance policies. Allstate Ins. Co. v. Breeden, 105 Fed. Appx. 217 (9th Cir. 2004).

In Hartford Fire Ins. Co. v Clark (1952) 258 Ala 141, 61 So 2d 19, an action on a fire insurance policy in which one of the defenses was fraud and false swearing as to the valuation of the insured property in the proof of loss, the policy providing for forfeiture for those causes, the court held that where the fraud and false swearing were sufficiently shown, it was not necessary to also show that such was relied upon and induced action by the insurer, and that the defense was good by virtue of the declaration in the policy.

In holding that under a provision that a fire insurance policy should be void in case of fraud or false swearing, an insured should not be permitted to recover on his policy after fraud in making up the valuation in his proof of loss was established, although the actual loss or damage proved was far less than the amount of the insurance, the court in Domagalski v Springfield F. & M. Ins. Co. (1926) 218 App Div 187, 218 NYS 164, observed that juries are prone to disregard the defense in question and no doubt justify their action on the ground that the insurer will not be injured if the verdict does not exceed the amount of the actual damage suffered, but that there was no justification in law for such a

Page 21

16 A.L.R.3d 774, *

view, and when an insurer establishes that a statement of valuation was relevant, material, and intentionally false, it has established a defense and is not required to assume the burden of convincing the jury that it has been injured by the statement.

A penalty created by a provision of a standard fire insurance policy avoiding a policy if there is fraud or false swearing in a proof of loss, comprising an overvaluation of property, "bears no relation" either to a benefit which the insured may secure or to any injury to the insurer. Beyer v St. Paul F. & M. Ins. Co. (1901) 112 Wis 138, 88 NW 57.

Stating that for an overvaluation to constitute fraud there must be a showing that the statement is false and that such false statement is made with the knowledge that it is false and with the intent to deceive the insurer, the court in Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW2d 737, 16 ALR3d 760, added that an actual damage to the insurer is not required.

[*10c]    --In case of attempted fraud

Since the purpose of providing that a fire insurance policy may be avoided if the insured shall attempt to defraud the insurer after a fire is freedom from the harassment of dishonesty of all kinds and the utmost assurance of fairness by the insured in fulfilling his part in the determination of liability and loss, the prevailing view is that to avoid the policy the insurer need not show that it was harmed by an attempt of the insured to defraud it by the use of fraud or false swearing as to the valuation of the property destroyed or damaged, in the proof of loss. Accordingly, it has been held in the following cases that under a provision for avoidance or forfeiture of a fire insurance policy for an "attempt" to defraud the insurer, the latter, in an action on the policy, to successfully invoke the provision upon the ground of a wrongful overvaluation in a proof of loss is not required to show that it was deceived, misled, or injured thereby. n4

United States--

Claflin v Commonwealth Ins. Co. (1884) 110 US 81, 28 L ed 76, 3 S Ct 507.
For federal cases involving state law, see state headings infra.

Massachusetts--

Gechijian v Richmond Ins. Co. (1940) 305 Mass 132, 25 NE2d 191.

Minnesota------

Columbian Ins. Co. v Modern Laundry (1921, CA8 Minn) 277 F 355, 20 ALR 1159 (applying Minneosta law).
Bahr v Union F. Ins. Co. (1926) 167 Minn 479, 209 NW 490.

New Hampshire--

Follett v Standard F. Ins. Co. (1915) 77 NH 457, 92 A 956.
Saidel v Union Assur. Soc. (1930) 84 NH 232, 149 A 78.
Moreau v Palatine Ins. Co. (1930) 84 NH 422, 151 A 817.
Hall v Merrimack Mut. Fire Ins. Co. (1939) 90 NH 191, 6 A2d 172.

Where an attempt is made to defraud an insurer by the use of fraudulent statements in a proof of loss by fire, overvaluing the property destroyed or damaged, the policy is avoided irrespective of the making of an examination by the insurer of the property, and elimination, previous to receipt of the proof of loss, of the possibility of its being actually deceived. Columbian Ins. Co. v Modern Laundry (1921, CA8 Minn) 277 F 355, 20 ALR 1159. The court said that proof as a basis of avoidance of a policy, under a provision that it shall be void if the insured attempts to defraud the insurer, does not consist of the same indispensable elements as does proof as a basis of avoidance under a provision that a policy shall be void if the insured is guilty of fraud or false swearing in its proof of loss or other testimony as to the value of or damage or loss to the insured property, that neither the deceiving of the insurer nor the possibility thereof, in an attempt to defraud, is indispensable to the plenary proof as a basis for avoidance for such an attempt, that an attempt to defraud is not necessarily a fraud and may fail and the fraud not be perpetrated, that the real purpose of the provision is to pro-

tect the insurer against such futile attempts, and that while actual deceit and injury to the one deceived are in some cases indispensable to the proof of actionable fraud, neither of them is indispensable to the proof of an attempt to defraud.

Where, under a provision voiding a fire insurance policy for an attempt to defraud the insurer, the deliberate making of an overvaluation of the destroyed property, in the proof of loss, was considered to be sufficient ground for avoidance, as an attempt to defraud, being an act which was a part of what would have been a completed fraud if consummated, the court in Follett v Standard F. Ins. Co. (1915) 77 NH 457, 92 A 956, held that it was prejudicial error to instruct the jury that the provision did not apply unless the insurer acted upon the false statement, inasmuch as its effect was to take from the jury the opportunity to consider an attempt to defraud.

In Saidel v Union Assur. Soc. (1930) 84 NH 232, 149 A 78, where it was considered that under a fire insurance policy providing for its avoidance if the insured "shall make any attempt to defraud" the insurer, an act sufficient to avoid may consist alone of a dishonest statement about the loss, the court held that the success of the attempt was immaterial.

Stating that if the insured practiced deception by purposely overstating the value of the insured property there was an attempt to defraud within the meaning of a fire insurance policy voiding the policy in the case of an attempted fraud, the court in Moreau v Palatine Ins. Co. (1930) 84 NH 422, 151 A 817, said that the policy was intended to forbid dishonesty in any connection with it, and regardless of its success or of its necessity to establish the claim, and that it was no answer to proof of dishonesty to say that it was not material, since fraud in proving value was not permitted, even if it turned out to be harmless.

In an action on a fire insurance policy on personal property it is reversible error to instruct the jury that an excessive or unreasonable value placed upon it in the proof of loss does not prevent recovery of its fair value unless the insurer was "thereby misled," which instruction was fairly construable in itself as giving the jurors to understand that an unsuccessful attempt at fraud in such overvaluation would not defeat the insurance, where in subsequent instructions on the subject there was no definite assertion to the effect that an unsuccessful attempt at fraud absolved the insurer of liability, the same as a successful one. Hall v Merrimack Mut. Fire Ins. Co. (1939) 90 NH 191, 6 A2d 172.

[*10d]    Prejudice to insurer essential

In the following cases a stipulation for the forfeiture of a policy for fraud or false swearing in the proof of loss was held not to defeat a recovery upon the policy because of fraudulent overvaluation, in the absence of a showing that the insurer suffered a loss as a result thereof or was in fact deceived by the misrepresentation.

Idaho----------

Young v California Ins. Co. (1935) 55 Idaho 682, 46 P2d 718.

Iowa-----------

Helm v Anchor F. Ins. Co. (1906) 132 Iowa 177, 109 NW 605.

Missouri-------

Shelton v Great American Ins. Co. (1937, Mo App) 100 SW2d 591.

In Young v California Ins. Co. (1935) 55 Idaho 682, 46 P2d 718, the court held that under a provision avoiding a fire insurance policy for fraud or false swearing, the insurers, to avoid, must establish by a preponderance of the evidence, not only that there was a material overvaluation stated in the insured's proofs of loss, and a wilful intent to defraud the insurer by obtaining payment of a sum greater than the value of the property at the date of the fire, but also that the insurers, in reliance thereon, were injured as a consequence.

So, in Helm v Anchor F. Ins. Co. (1906) 132 Iowa 177, 109 NW 605, it was held that an overvaluation made knowingly and intentionally must have actually perpetrated a fraud on the insurer.

In Shelton v Great American Ins. Co. (1937, Mo App) 100 SW2d 591, it was held in an action on a fire insurance policy, that there was no error in refusal to instruct the jury that if the insured "knowingly swore falsely" to a claim under the policy and "knowingly, falsely and fraudulently swore" that the loss and damage to insured property amounted

16 A.L.R.3d 774, *

to $ 3,500, when in fact it did not exceed $ 2,250 the verdict must be for the insurer, where the insurer by reason of knowledge previously obtained was not actually misled or deceived by the statement.

[*10e]    Effect of particular statutory provisions

Statutes which provide that a fire insurance policy shall not be avoided or forfeited because of a false statement or misrepresentation in a proof of loss unless it was fraudulent and the insurer was thereby misled or prejudiced in making a defense to an action on the policy have been construed as consistent with the enforcement in a proper case of a provision in a policy making fraud or false swearing grounds for avoidance or forfeiture, but for an insurer to successfully invoke such a statute it must appear that fraud existed and operated to mislead or prejudice it, through the making of an overvaluation in a proof of loss.

In Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136, the court gave effect to a fire insurance policy provision for avoidance "if the insured has concealed or misrepresented any material fact," where an overvaluation in a proof of loss clearly made the policy avoidable upon those grounds, although a statute provided that for avoidance, statements in a proof of loss "must amount to such concealment . . . as to result in a disadvantage to the insurer giving rise to an estoppel," and the insured argued that there was error in instructing the jury in favor of avoidance if the false statement was made "for the purpose of securing an advantageous position in settlement," there being no other specifications of disadvantage or damage suffered.

In Camden Fire Ins. Asso. v Puett (1914, Tex Civ App) 164 SW 418, a statute was invoked declaring that any provision in a policy of insurance invalidating the policy because of misrepresentations or false statements made in the proofs of loss should be of no effect, and should not constitute a defense to any suit brought on the contract or policy, unless it was shown on the trial of the suit that the false statement was fraudulently made, and misrepresented a fact material to the question of the liability of the insurance company. It was held that the fact that the insured overvalued in the proof of loss one of the articles of personal property covered by the policy, where the total loss, exclusive of such article, was greatly in excess of the amount of the insurance, would not affect the liability of the insurer.

To the same effect is Fidelity Phenix Fire Ins. Co. v Sadau (1914, Tex Civ App) 167 SW 334.


[*11]    Motive for intentioanal overvaluation

There is some conflict of authority as to whether an overvaluation in a proof of loss by fire is fraudulent or not, so as to avoid the policy, where it was made for the purpose of obtaining a prompt or favorable settlement.

According to one view, an intentional overvaluation of the property by the insured made for the purpose of gaining a position of advantage in the settlement of the loss will void the policy as a fraudulent design, even though the insured may not have expected or intended ultimately to obtain more than compensation for the actual loss.

In Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136, it was held not error to instruct the jury that intent to defraud should not be presumed and that they should make all reasonable allowances for lack of knowledge or sound judgment or for honest mistake on the part of the insured, as well as for the tendency to believe that which is to one's own interest, but when it is established that the insured has knowingly made false statements "even" in such a matter as value, for the purpose of influencing the adjustment of the loss, public policy demands that the contract should be so construed as to discourage such conduct and give full protection to the insurer, and that the furnishing of a statement of value that the insured knows to be false for the purpose of securing an advantageous position in the settlement of the loss is a fraudulent design which constitutes an attempt to defraud within the standard policy and vitiates a contract of insurance even though the insured may not have intended to secure more than the amount of his actual loss.

A provision of a fire insurance policy that the policy shall be void if the insured "shall make any attempt to defraud" the insurer was construed in Gechijian v Richmond Ins. Co. (1937) 298 Mass 487, 11 NE2d 478, as avoiding the policy where it was established as a fact that the insured, with a design of gaining an advantage in negotiating for settlement and payment of a fire loss, stated excessive amounts as valuations of the property in his proofs and claim, even though he may not have expected or intended ultimately to obtain more than the amount of the actual loss sustained, based upon the proved values of the property, upon the ground that it was necessarily inferable that he intended to unfairly influence the conduct of the insurer to his own advantage and to do so knowingly and wilfully made the exaggerated valuation. The court pointed out that the insurance policy does not contemplate that after a loss the insured and the

insurer shall occupy the positions of vendor and vendee, free to haggle over the price of the property destroyed without regard to its true value, and that it rather contemplates that they shall co-operate in complete honesty and fairness to ascertain the essential facts, namely, the facts of value and of loss, in accord with the truth, and that when these facts have been ascertained, the rights of the parties are fixed by the policy itself, the insurer being bound, subject to the limitations of the policy, to pay the loss without quibbling, and the insured having no right to demand more. The court expressly stressed the fact that the clause is inserted for the protection of the insurer, who is often unable to obtain reliable independent information as to the extent of loss, and that the insured cannot be permitted to play fast and loose with the truth, even though he may not intend ultimately to obtain a sum in excess of his own estimate of the amount of his loss.

In Springfield Fire & Marine Ins. Co. v Winn (1889) 27 Neb 649, 43 NW 401, 5 LRA 841, however, wherein the evidence showed that an overvaluation was not made with a design to defraud the insurer, but to secure, if possible, prompt payment, it was held that there was no ground on which to base a forfeiture of the policy. The court said: "So far as the testimony shows, the design was not to defraud the companies, but to exaggerate the loss, and thereby secure, if possible, prompt payment. This is reprehensible, but, if no one is defrauded thereby, it is difficult to perceive any just ground upon which to base a forfeiture. Such exaggeration may furnish a just cause for suspicion that the property burned was not of the value claimed for it, but that question is one of fact, to be submitted to a jury, who are the judges of the credibility of the witnesses."

The case of Sleeper v New Hampshire F. Ins. Co. (1876) 56 NH 401, was referred to in the preceding case in support of the rule enunciated there. It was found in the Sleeper Case, that the insured had overstated his loss in order to induce the insurance company to make a speedy settlement and to prevent controversy, but without any purpose to obtain a greater sum than the insured considered the company liable to pay. The court held that this was an attempt on the part of the insured "to deceive the insurer by a statement which he knew to be false, and done with the purpose of securing some unfair advantage to himself at the expense of the defendant" and that for this reason the insured could not recover on the policy.

And see Dogge v Northwestern Nat. Ins. Co. (1880) 49 Wis 501, 5 NW 889, holding that the evidence failed to show that the insured had overestimated the value of his property in order to induce the insurer to make a speedy settlement.

[*12]    Causes for innocent overvaluation

In a number of cases the courts have referred to various circumstances causing the insured to overstate the value of his loss in the proofs of loss without an intent to defraud. n5  Generally speaking, an overvaluation will be considered an honest mistake which does not avoid the policy where it is based upon a difference of opinion, on a different finding of value by appraisers, upon the use or adoption of a wrong method of valuation by an ignorant person, or by an error in computation. The view that overvaluation does not in itself constitute fraud may also be justified in many cases on the bases that an owner of property, by reason of his close association with it and his use of it or on account of his personal interest in it, may in good faith believe that it is worth more than its actual value. In other words, since an exaggeration of the value in a mere opinion, a mere misstatement based upon an erroneous estimate of value, an honest mistake, or an innocent overvaluation, lacks the essential element of fraud, the policy will not thereby be avoided.

The following cases illustrate the various circumstances resulting in an innocent overvaluation by the insured of his loss in the proof of loss.

Holding that a claim on a fire insurance policy is not demonstrated to be fraudulent so as to exonerate the insurer from liability by virtue of the provision that the making of a fraudulent claim thereunder shall forfeit all benefits under the policy, by the fact that the jury's verdict in election on the policy was for only about one-half of what was claimed in the proof of loss, the United States Supreme Court in Jose Rivera Soler & Co. v United Firemen's Ins. Co. (1936) 299 US 45, 81 L ed 30, 57 S Ct 54, said in support of its proposition that a conclusive presumption of fraud does not arise simply because a verdict is far less than the amount stated in the proof of loss: "Policyholders may present inaccurate proofs of loss without conscious dishonesty or intent to defraud; different views of values are common; memory is faulty; insurance company and assured often entertain widely different views concerning the policy; and evidence cannot always be produced to establish something declared to be true in entire good faith."

In some of the cases it has been said that an overvaluation made by the insured through error of judgment or inadvertence is, in effect, merely an expression of opinion, which affords no ground for an avoidance of the policy, and will not cause a forfeiture thereof.

Stating that under a policy which provides for forfeiture in case the insured falsely misrepresents the amount of his loss, the conduct of the insured must have been designed to cheat and deceive, the court in Badger Mut. Ins. Co. v Morgan (1963, CA5 Fla) 313 F2d 783, added that "mistakes in calculation, exaggeration in the amount of the claim, or doubtful assertions which arise from the good faith judgment of the insured will not invalidate the policy."

Where a building insured for $ 24,000 was completely destroyed by fire and in a proof of loss the insured's attorney inserted in the place calling for a statement of "sound value" the amount of $ 247,960.50, which represented its reproduction cost as prepared and estimated by an architect and furnished by the insured, whereas no witness supported this valuation and the highest value put upon the building by the insured himself was $ 30,000, the court in Cooper v Firemen's Ins. Co. (1945, CA6 Mich) 148 F2d 337, reversed a judgment directing a verdict for the insurer and based upon the ground that fraud and false swearing were evident and conclusive, holding that a jury should decide the question whether the overvaluation was made with an intent to deceive, so as to avoid the policy, or whether an honest mistake was made as to the technical meaning of "sound value," upon evidence that the attorney was a lawyer of 50 years' experience and excellent reputation and expressed the opinion and had acted upon the theory that the request for a statement of "sound value" was fully met by a statement of reproduction cost, that all witnesses agreed that the figure was entirely fantastic and "so unreasonable as not to deceive anyone as to true value," and that the insurer's adjuster was acquainted with all of the circumstances of the case at the time the proofs of loss were prepared. There was no evidence that the insurer was misled and the court said that even if it should concede that a reasonable inference might have been drawn that the excessive valuation was made with an intent to deceive, it did not necessarily follow that the evidence precluded all other reasonable inferences, that a reasonable explanation for the figure stated was made, that intent to deceive was denied both by the insured and his counsel and that it was therefore equally within the competence of the jury to find that the overvaluation was made as the result of an honest mistake as to the technical meaning of "sound value" and without an intent to deceive or defraud.

"The mere fact . . . that a party who seeks to recover insurance has even largely overstated the value of the property destroyed will not, of itself and alone, relieve the company from liability. In order to prevail on this ground, the insurer must show that the insured knew it was worth much less than he swore it to be. There may be an honest difference of opinion as to the real value of property. Such a difference of opinion does often exist in the minds of men as to the value of property, because that question may rest largely in opinion. And if the jury find that, even though a valuation is largely excessive, yet if it was made by the insured in good faith, his statement in that respect cannot be held to amount to false swearing or fraud." Oshkosh Packing & Provision Co. v Mercantile Ins. Co. (1887, CC Wis) 31 F 200.

In Singleton v Hartford Fire Ins. Co. (1932) 127 Cal App 635, 16 P2d 293, an action on a fire insurance policy involving a jury question as to overvaluation with a fraudulent intent, the court upheld an instruction to the jury that if they found "any discrepancy in the statements" of the insured as to the valuation of the property, it would not defeat the insured's right to recover "if you find that they can reasonably be accounted for on the score of opinion or judgment honestly given or a mistake honestly made."

In Weininger v Metropolitan Fire Ins. Co. (1935) 359 Ill 584, 195 NE 420, 98 ALR 169, it was held that any inference of fraud on the part of the insured, in an action on a fire insurance policy, arising from the fact that the value of property stated in an inventory accompanying the proofs of loss was much greater than that stated and submitted in an income tax report more than a year before the fire, was overcome by his explanation that, on advice obtained at the office of the income tax collector, the value was reduced for the purposes of the return, because market values were then tumbling. The insured's inventory, on which the proofs of loss valuation was based, totaled $ 26,580, while the inventory for the same date in the income tax report was only $ 18,875. The insurers contended that the discrepancies made "conclusive evidence" of fraud sufficient to avoid the policy, but the court held that in view of the reasonable explanation recited and the evident lawful motive of the insured, fraudulent intent was not a necessary inference.

Where an insured, in the proof of loss, gave merely an optimistic account of the value of the goods that had been destroyed, it was held not to be a fraud sufficient to avoid the policy. St. Onge v Hartford F. Ins. Co. (1917) 204 Ill App 127.

So, where an insured, without any evil intent or purpose, but "yielding to that partiality with which, as is commonly known, most men estimate their own property," went to the extreme in giving expression to his opinion of values, it was held that the policy could not be avoided on the ground of fraud. Helm v Anchor F. Ins. Co. (1906) 132 Iowa 177, 109 NW 605.

Likewise, in Erman v Sun Mut. Ins. Co. (1883) 35 La Ann 1095, it was said: "A great difference of opinion upon values may well coexist with perfect honesty of all persons differing. The assured may have sworn to what he believed

Page 26

to be true, but which nevertheless was false, and his policy would not thereby be forfeited. He must knowingly and intentionally, and therefore fraudulently, have sworn, with the intent to deceive the insurer and get from him a value falsely put upon the property."

See also Dunn v Springfield F. & M. Ins. Co. (1902) 109 La 520, 33 So 585; Daul v Firemen's Ins. Co. (1883) 35 La Ann 98.

Where insured, because of her large amount of clothing and accessories and wide range of house furnishings, omitted some items, overpriced some, and underpriced others in listing them by memory, discrepancies, which were not substantial, between price she quoted and actual prices in some instances, did not indicate intent to defraud. Headrick v Pennsylvania Millers Mut. Ins. Co. (La App) 232 So 2d 319, affd 257 La 1102, 245 So 2d 324.

Fraud and false swearing were considered to have failed as a defense in Harwood v United States Fire Ins. Co. (1939) 136 Me 223, 7 A2d 899, an action on a fire insurance policy, where the sole supporting evidence thereof was that the insured, erroneously assuming that the replacement value of personal property insured was the measure of his loss, stated in his proof of loss a sum which he believed to be the amount thereof, which was approximately three times the amount of the insurance.

Similarly, it was stated in Claxton v Fidelity & Guaranty Fire Corp. (1937) 179 Miss 556, 175 So 210, that a mere overstatement of loss, based upon an erroneous estimate of value does not operate to avoid the policy, since it is nothing but the expression of opinion, and that in order to avoid the policy the statement must be false and fraudulent.

Where, in an action on a fire insurance policy in the amount of $ 500 on household goods, one of the owners in a preliminary statement of loss asserted that the original cost of the property was $ 1,028.91, leaving bank a space for a statement of value at the time of loss, and the owners in a subsequent sworn proof of loss stated the original cost to be $ 1,366.45, and the value at the time of the loss to be $ 1,020.90, the court in Gould v M.F.A. Mut. Ins. Co. (1960, Mo App) 331 SW2d 663, held that the record would not support a finding as a matter of law that they were guilty of false swearing or making a wilful misrepresentation with an intent to deceive the insurer.

In Vukmanovich v State Assur. Co. (1928) 82 Mont 52, 264 P 933, the court held that an illiterate woman who, in proving the loss, stated the purchase price of her furniture lost in a fire, should not have a verdict directed against her on the issue of fraud because she failed to account for depreciation in the value of the furniture.

Although the insured makes a sworn exhibit of his losses largely in excess of the value, as shown by the weight of evidence, yet if it results from a mere error of judgment in estimating values, and is not done with the design and intent to deceive the insurer as to the extent of such losses, it will work no forfeiture of the policy. Gerhauser v North British & M. Ins. Co. (1870) 6 Nev 15.

In Hall v Merrimack Mut. Fire Ins. Co. (1940) 91 NH 6, 13 A2d 157, the motion of a fire insurer for a directed verdict upon the ground that the insured in her proof of loss intentionally overvalued personal property destroyed and conclusively convicted herself of an attempt to defraud was held to have been properly denied, upon the ground that the question was at most one of fact, where it appeared that she gave as the value of the property its actual cost to her a few years previous (which she was at considerable pains to ascertain), the insurer contending that she knew or must have known that the furniture which was burned, having been used, had a market value only as secondhand and that secondhand furniture was not worth as much as new, where she testified that it was as valuable to her as it was when she bought it and that she neither wanted nor intended to put it on the market for sale. The court observed that while the use of such a basis for the valuation of furniture used in a home might constitute an attempt to defraud as a matter of law if made by a person thoroughly familiar with insurance policies and with the intricate nature of the question of fixing value, it did not necessarily follow as to a person like the plaintiff, who, as was pointed out, was not possessed of an "accounting mind," whose "logical processes of thought were weak," and who appeared to have had very little business experience and no previous experience in valuing furniture, either new or used.

Similarly, in Simon Cloak & Suit Co. v Aetna Ins. Co. (1912, City Ct NY) 141 NYS 553, wherein it appeared that the insured had no means by which it could possibly determine the value of the property destroyed, and was compelled to estimate its loss, the court held an overvaluation of more than 100 per cent to be merely an expression of an opinion, which did not operate to avoid the policy, since under the circumstances there was absent the essential element of fraud.

In Teter v Franklin F. Ins. Co. (1914) 74 W Va 344, 82 SE 40, the court said: "It would be a very harsh rule that would forfeit his policy, if the insured happened, innocently, to make a mistake in estimating the value of his property, and should fix it at a little more than most other men would think it was actually worth. Men are prone to value their

own possessions a little higher than other people would value them, and often do so in utmost good faith. The law allows a margin in such cases for honest differences of opinion."

And in Dogge v Northwestern Nat. Ins. Co. (1880) 49 Wis 501, 5 NW 889, the court observed: "Nothing is more common in the affairs of life than for men to overvalue their property; and when . . . it is not done with any fraudulent purpose, it should not avoid the policy."

In Beyer v St. Paul F. & M. Ins. Co. (1901) 112 Wis 138, 88 NW 57, it was held to be a question of fact for the jury to determine whether an illiterate woman, in making out her proofs of loss, was guilty of fraud in scheduling second-hand articles of furniture, clothing, and farming implements at their full original cost, the policy being capable of a construction demanding this, in that it required that "the cost of each article" should be inserted in the schedule. The court said that it is not enough to avoid a fire insurance policy containing a fraud or false-swearing clause that an overvaluation in a proof of loss of the insured property occurs through mistake, carelessness, or inadvertence, or even in unreasonable reliance on information derived from others.

[*13]     Overvaluation as to part of property

The following cases support the view that if, in an action on a fire insurance policy, the record establishes fraud or false swearing in fixing the valuation of a part of the property insured and destroyed or damaged, in the proof of loss, a condition of the policy providing for its avoidance for fraud or false swearing is broken, and no recovery can be had on the policy.

Maine----------

Dolloff v Phoenix Ins. Co. (1890) 82 Me 266, 19 A 396.
Rovinsky v Northern Assur. Co. (1905) 100 Me 112, 60 A 1025.
Pottle v Liverpool & L. & G. Ins. Co. (1911) 108 Me 401, 81 A 481.
Austin v Maine Farmers' Mut. F. Ins. Co. (1927) 126 Me 478, 139 A 681, 56 ALR 384.

Minnesota------

Hamberg v St. Paul F. & M. Ins. Co. (1897) 68 Minn 335, 71 NW 388.

Mississippi----

Claxton v Fidelity & Guaranty Fire Corp. (1937) 179 Miss 556, 175 So 210.

Virginia-------

Moore v Virginia F. & M. Ins. Co. (1877) 69 Va (28 Gratt) 508.

West Virginia--

Mosrie v Automobile Ins. Co. (1928) 105 W Va 226, 141 SE 871.

Wisconsin------

Beyer v St. Paul F. & M. Ins. Co. (1901) 112 Wis 138, 88 NW 57.

While there were some misstatements by insureds in their sworn statement to insurance company, made shortly after fire, as to value of some of the personalty destroyed, where it was not shown that such misstatements were willfully or intentionally made for purpose of defrauding company, and where evidence abundantly showed that the personalty which was in the house at the time of fire, and which was destroyed therein, exceeded amount of insurance on all the personalty, homeowner's policy was not rendered void as result of overvaluation. Allstate Ins. Co. v Baugh (1985) 173 Ga App 615, 327 SE2d 576.

16 A.L.R.3d 774, *

"It is a firmly established legal doctrine that if a plaintiff, in an action on a policy of fire insurance, falsely and knowingly inserts in his sworn proof of loss . . . such a false and excessive valuation on single articles or on the whole property as displays a reckless disregard of truth, he cannot recover." <u>Pottle v Liverpool & L. & G. Ins. Co. (1911) 108 Me 401, 81 A 481.</u>

Similarly, it was stated in <u>Austin v Maine Farmers' Mut. F. Ins. Co. (1927) 126 Me 478, 139 A 681, 56 ALR 384</u> that one who falsely and knowingly in his sworn proof of loss puts such a false and excessive valuation on single articles or on the whole property as displays a reckless disregard of truth cannot recover on the policy, because his fraudulent acts forbid it.

The rule that where an insured knowingly and wilfully overestimates in his proof of loss the value of the property destroyed, with the intention of deceiving the insurer, such overvaluation will avoid the policy and defeat any right of the insured to recover thereon, is well supported by the holding in <u>Mosrie v Automobile Ins. Co. (1928) 105 W Va 226, 141 SE 871,</u> where it was held, in an action to recover for the loss of several automobiles, that a false and fraudulent claim in respect to one of the cars would preclude a right of recovery as to the others.

<>

There are a few cases which seem to lend themselves to an interpretation in support of the view--by implication at least--that an overvaluation of part of the property destroyed in the proof of loss does not necessarily preclude recovery on the policy. Thus, in <u>Perot v Carolina Ins. Co. (1937, La App) 171 So 458,</u> the court had before it a suit on an insurance policy covering household furniture. Annexed to the insured's proof of loss was a list of household goods destroyed by the fire, giving the cost price thereof and the dates when purchased. The insurance company later averred that its insured had padded his proof of loss and had sworn falsely that the suite of furniture was bought in 1932 for $ 558, when, in fact and truth, it was bought in 1931, at the cost of $ 413.50. Holding that the insured had not intentionally, but through error, sworn falsely, the court said: "There was evidently no intention on the part of plaintiff to defraud the insurer and the insurer was not defrauded, for plaintiff could have left off the list entirely the suite of furniture and the value of the remaining items would have been greater than the amount of insurance carried on all of it. In order to work a forfeiture of insurance by false swearing, there must exist an intent to defraud and the statement made must be willfully false and concerning some material matter, and made with the intent to defraud the insurer. Plaintiff did none of the things required by the above rule to work a forfeiture." The same principle was recognized and applied in <u>Sbisa v American Equitable Assur. Co. (1942) 202 La 196, 11 So 2d 527, 145 ALR 332.</u>

[*14]    Actual loss exceeding amount of insurance
[*14a]    Innocent overvaluation

Where the value of the property destroyed is in excess of the amount of insurance, so that an exaggeration cannot operate to defraud or injure the insurer, it is quite generally held that an overvaluation, if honestly made, will not void the policy.

United States--

<u>Shaw v Scottish Commercial Ins. Co. (1880, CC Me) 1 F 761.</u>

Louisiana------

<u>Perot v Carolina Ins. Co. (1937, La App) 171 So 458.</u>

Maine----------

<u>Hanscom v Home Ins. Co. (1897) 90 Me 333, 38 A 324.</u>

Mississippi----

<u>Phoenix Ins. Co. v Summerfield (1893) 70 Miss 827, 13 So 253.</u>

Missouri------

Page 29

16 A.L.R.3d 774, *

Miller v Great American Ins. Co. (1933, Mo App) 61 SW2d 205.
Gould v M.F.A. Mut. Ins. Co. (1960, Mo App) 331 SW2d 663.

Nebraska-------

Springfield Fire & Marine Ins. Co. v Winn (1889) 27 Neb 649, 43 NW 401, 5 LRA 841.
Jensen v Palatine Ins. Co. (1908) 81 Neb 523, 116 NW 286.

New Hampshire--

Canning v Continental Ins. Co. (1934) 87 NH 180, 175 A 861.
Hall v Merrimack Mut. Fire Ins. Co. (1939) 90 NH 191, 6 A2d 172.

Tennessee------

Clift v Fulton Fire Ins. Co. (1958) 44 Tenn App 483, 315 SW2d 9.

Texas----------

Camden Fire Ins. Asso. v Puett (1914, Tex Civ App) 164 SW 418.
Phoenix Ins. Co. v Shearman (1897) 17 Tex Civ App 456, 43 SW 930, motion for reh den 17 Tex Civ App 459, 43 SW 1063.

Wisconsin------

Dogge v Northwestern Nat. Ins. Co. (1880) 49 Wis 501, 5 NW 889.

In Shaw v Scottish Commercial Ins. Co. (1880, CC Me) 1 F 761, it was held that the fact that an insured in a proof of loss by fire fixed the valuation of property destroyed at $ 6500, the insurance being only $ 4500, where, although it was an overvaluation there was no evidence that it was wilfully done, would not prevent recovery on the policy although it provided for avoidance for "all fraud, or attempt at fraud, by false swearing" or otherwise.

See Allstate Ins. Co. v Baugh (1985) 173 Ga App 615, 327 SE2d 576, § 13 .

Where plaintiff in a suit on an insurance policy covering household furniture annexed to his proof of loss a list of household goods destroyed by the fire, giving the cost price thereof and the dates when purchased, and later the insurance company averred that the insured had padded his proof of loss and had sworn falsely by stating that a suite of furniture was bought in 1932 for $ 558, when, in fact and truth, it was bought in 1931 at the cost of only $ 413.50, and it further appeared that the amount of insurance carried on all the furniture was smaller than the value of the remaining items of furniture destroyed, it was held in Perot v Carolina Ins. Co. (1937, La App) 171 So 458, that the insured had not intentionally, but through an error, sworn falsely, and that therefore, recovery on the policy was not precluded. The court pointed out that there was evidently no intention on the part of the insured to defraud the insurer and that in effect the insurer was not defrauded, since the insured could have left off the list entirely the suite of furniture and still the value of the remaining items would have been greater than the amount of insurance carried on all of it.

Evidence supported finding that insurer failed to sustain their burden of proving an overvaluation amounting to fraud which would void fire policy where trial court determined that insureds' contents list exceeded policy limits for unscheduled property loss. Bohn v Louisiana Farm Bureau Mut. Ins. Co. (1986, La App 2d Cir) 482 So 2d 843, cert den (La) 486 So 2d 750 and cert den (La) 486 So 2d 752.

The combined facts that in a proof of loss there is a technical overvaluation of property insured exceeding the amount of the insurance, and that the actual loss exceeds the amount of the insurance, constitute no defense to an action on the policy in the absence of proof of fraud or false swearing in the making of the overvaluation. Miller v Great American Ins. Co. (1933, Mo App) 61 SW2d 205.

In Hall v Merrimack Mut. Fire Ins. Co. (1939) 90 NH 191, 6 A2d 172, it was held that although an insured who knew little or nothing of the value of household effects made a proof of loss by fire of $ 2,900 for the contents of a