house, when the insurance thereon was $ 1,800, the court in an action on the policy insuring the goods was not required to hold as a matter of law that she attempted to defraud the insurer, where the evidence was conflicting and doubtful as to any guilty knowledge and purpose on her part.

In Clift v Fulton Fire Ins. Co. (1958) 44 Tenn App 483, 315 SW2d 9, an action on a fire insurance policy in the amount of $ 5,000 on household goods acquired over a period of years, where it appeared that the proper measure of recovery was "value to the owner," proof of which properly included evidence of the original cost, the cost of replacement, the condition of the goods, the use to which they were being put, and other relevant facts, and the evidence established that the fair and reasonable value of the property to the owners was largely in excess of the amount of the policy, they were held entitled to recover that amount and not to be precluded by having made in apparent good faith a sworn, itemized proof of loss fixing the valuation at a sum in excess of $ 10,000.

In like manner, in Dogge v Northwestern Nat. Ins. Co. (1880) 49 Wis 501, 5 NW 889, it was said: "The actual value of the property destroyed exceeded the amount of insurance upon it. Under these circumstances, if the plaintiff did honestly, or without any fraudulent intent, place an extravagant valuation upon the property, it would not prevent a recovery upon the policy."

### [*14b]     Intentional overvaluation

There is a conflict of authority as to the effect of a wilful or intentional overvaluation where the actual loss sustained exceeds the total insurance coverage.

In the following cases, it has been held or stated that where the actual loss exceeds the amount of insurance, the policy will not be voided by any overvaluation in the proof of loss, even though the overvaluation is made knowingly and with fraudulent intent.

The rationale underlying the above rule is that under the above circumstances the overvaluation is immaterial.

Material question of fact existed concerning whether insured under homeowner's insurance policy committed material misrepresentation in claim insured submitted after fire destroyed building on property; thus, summary judgment on issue of voiding of coverage on basis of insured's misrepresentations was precluded. Insurer introduced sufficient evidence to justify finding that insured had fraudulently overstated value of household goods destroyed in fire. While elimination from claims of items as to which insurer established significant doubt of validity did not bring amount of remaining claim below policy limits, this did not render misrepresentation immaterial as matter of law. Jury was entitled to find that insured might have misrepresented loss of other items as well, and that value of remaining claim could not be determined. Additionally, acceptance of proposition would amount to condoning of fraud, which for public policy reasons was unsound. Webb v. American Family Mut. Ins. Co., 493 N.W.2d 808 (Iowa 1992).

False swearing by the insured as to some items of the cost of construction of his insured truck, even if intentional, does not preclude recovery under a fire policy which provides that it shall be void in case of any attempted fraud by the insured touching matters relating to the insurance or the subject thereof, where the evidence established that in the aggregate there was in fact no overvaluation of the truck or its cost and that the loss exceeded the amount of the policy. Sbisa v American Equitable Assur. Co. (1942) 202 La 196, 11 So 2d 527, 145 ALR 332.

See First Guaranty Bank v Pelican State Mut. Ins. Co. (1991, La App 1st Cir) 590 So 2d 1306, cert den (La) 592 So 2d 1303, § 10[a] .

A similar statement appears in Hanscom v Home Ins. Co. (1897) 90 Me 333, 38 A 324, where the court said: "In determining whether an excessive valuation . . . was the result of wilfully false swearing, or of an error in judgment, misinformation, misrecollection, or mistake, it is obviously material and important to consider the amount of the actual loss in relation to the amount of insurance and to inquire whether the insured could have had any motive to swear falsely in order to swell the amount of the loss, when it was already conceded that the loss, honestly stated, would exceed the amount of insurance."

Stating that a misrepresentation in order to constitute fraud and false swearing under a fire insurance policy must exaggerate the value of the property or the amount of the loss to a material extent, the court in Gould v M.F.A. Mut. Ins. Co. (1960, Mo App) 331 SW2d 663, added that where the amount of an insured's loss is in excess of the maximum policy coverage, the extent of such excess obviously cannot be material to the insurer.

Thus, it was stated in <u>Jensen v Palatine Ins. Co. (1908) 81 Neb 523, 116 NW 286,</u> "It is well settled that the making of an affidavit fixing the value of goods insured at an excessive price will not forfeit the right of the assured to recover, where the value of the property actually exceeds the amount of the insurance, so that the same becomes immaterial to the risk."

Insured's fraud in including numerous items of unscheduled personal property on inventory list which were not at his house when fire occurred, was material and voided entire policy, even though insured's actual personal property loss exceeded unscheduled personal property policy limits. <u>Mutual of Enumclaw Ins. Co. v Cox (1988) 110 Wash 2d 643, 757 P2d 499.</u>

◇

The following cases support a contrary viewpoint to the effect that where the actual loss exceeds the amount of insurance, overvaluation in the proof of loss will avoid the policy if the overvaluation was made wilfully and with the intent to defraud.

Maine----------

<u>Dolloff v Phoenix Ins. Co. (1890) 82 Me 266, 19 A 396.</u>

Mississippi----

<u>Claxton v Fidelity & Guaranty Corp. (1937) 179 Miss 556, 175 So 210.</u>

Nebraska-------

<u>Home Ins. Co. v Winn (1894) 42 Neb 331, 60 NW 575.</u>

New Hampshire--

<u>Saidel v Union Assur. Soc. (1930) 84 NH 232, 149 A 78.</u>

Ohio-----------

<u>Capital Fire Ins. Co. v Beverly (1897) 14 Ohio CC 468, 8 Ohio CD 37.</u>

Oregon---------

<u>Henricksen v Home Ins. Co. (1964) 237 Or 539, 392 P2d 324.</u>

West Virginia--

<u>Mazzella v Hanover Fire Ins. Co. (1934) 114 W Va 728, 174 SE 521.</u>

Wisconsin------

<u>Beyer v St. Paul F. & M. Ins. Co. (1901) 112 Wis 138, 88 NW 57.</u>

The rationale underlying the above rule is that the insured is to be penalized for the wilfulness of his conduct, regardless of the fact that the insurer would not have been required to pay any greater amount had the falsity not been demonstrated.

In <u>Claxton v Fidelity & Guaranty Fire Corp. (1937) 179 Miss 556, 175 So 210,</u> an action on a fire insurance policy on furniture and fixtures in a dwelling in the amount of $ 1,000, in which a finding was sustained that the insured was guilty of fraud and false swearing as to part of personal property insured, in making a sworn proof of loss, so as to avoid the protection of the policy as to personal property, the court held that no amount could be recovered although the amount of the insured's loss and the total valuation of personal property destroyed was about $ 2,000, and that the in-

sured could not successfully argue that where the actual value of the property lost is greater than the amount of the insurance an overvaluation is immaterial, although intentionally false, that the insurer is not thereby injured, and that even if the insured had overstated the valuation of certain articles, there still remained, after excluding such items, a loss valuation in excess of the amount of the policy. There was evidence that the insured swore falsely in his proof of loss as to the value of a piano being $ 500, when it was not worth more than $ 25 to $ 50, and that he had bought it only 5 or 6 years before, when he had actually owned it for more than 20 years, and the court said that entire good faith is required of the insured in making his proof of loss because, so far as the insurer is concerned, where a policy is written on household goods the insurer must necessarily rely on the statement of value therein and on an examination of the insured, that no matter how inexperienced a person is he knows that fair dealing and honesty require an approximation of the truth in such a matter, that the insured was the only person who had knowledge of the property in house when it burned, and that under such circumstances the chancellor could decline to accept the insured's valuation and list of property lost or damaged and had the right to reject all of his evidence as to the amount of the loss, noting that the goods were not totally destroyed and that the difference in valuations was not slight, but was such as to evince a reckless disregard for the truth.

In Saidel v Union Assur. Soc. (1930) 84 NH 232, 149 A 78, upon the assumption that a statement of overvaluation in a proof of loss by fire was fraudulent and constituted an "attempt" to defraud the insurer, the court considered that it was not permissible to conclude that because there could be no recovery above the amount of the policy of insurance, any valuation in excess of it was harmless and of no consequence and might be so regarded by the insured, upon the ground that the greater the excess the more likely the insurer would be put off its guard and not question a value up to the amount of the insurance.

And in Capital F. Ins. Co. v Beverly (1897) 14 Ohio CC 468, 8 Ohio CD 37, it was held to be reversible error for the trial court to charge the jury that when the actual value of the property destroyed exceeded the amount of the insurance, a wilfully false and fraudulent exaggeration in the proof of loss was immaterial, and would not constitute a defense to an action on the policy.

In Mazzella v Hanover Fire Ins. Co. (1934) 114 W Va 728, 174 SE 521, an action on a fire insurance policy, under circumstances establishing fraud as a matter of law in fixing the valuation of the property insured, in the proof of loss, the court held that the fact that the insured's actual loss was shown to have been equal to the amount of the insurance could not operate to warrant recovery on the policy in the face of a provision therein for its avoidance for fraud.

The above principle was well expressed also in Beyer v St. Paul F. & M. Ins. Co. (1901) 112 Wis 138, 88 NW 57, where the court stated that the so-called "fraud or false swearing" clause is highly penal in nature and is not at all aimed at merely protecting the insurer against the specific effect of any fraud, but imposes upon the insured, as a penalty, forfeiture of the whole insurance, although the fraud might affect some trifling portion of it only.

[*15]    Total loss under valued policy

Where the loss is a total one under a valued policy, the fact that an overvaluation is made knowingly and intentionally has been held to be immaterial, and no defense to an action on the policy. Walker v Phoenix Ins. Co. (1895) 62 Mo App 209 (ovrld on other grounds Orris v Chicago, R.I. & P.R. Co. 279 Mo 1, 214 SW 124); Bammessel v Brewers' F. Ins. Co. (1877) 43 Wis 463; Cayon v Dwelling House Ins. Co. (1887) 68 Wis 510, 32 NW 540; Oshkosh Packing & Provision Co. v Mercantile Ins. Co. (1887, CC Wis) 31 F 200.

Where a statute provided that the amount of insurance written in the policy on the real property destroyed "shall be taken conclusively to be the true value of the property when insured, and the true amount of loss and measure of damages when destroyed" and a building which was under a policy issued in accordance with the above statute was totally destroyed by fire, the court in Cayon v Dwelling House Ins. Co. (1887) 68 Wis 510, 32 NW 540, held that the actual amount of the loss was immaterial and that the policy was not voided. The court said: "It is not perceived how the company could have been influenced by any such over estimate to settle or compromise, or not to settle or compromise, the claim for the insurance so fixed conclusively by the statute; for in no case could the company be compelled to pay more, or could the insured be induced thereby to receive less, than the amount so fixed by law." n6

[*IV]    Extent of overvaluation

[*16]    Generally

The extent of the overvaluation of the insured property in the proof of loss is one of the most important factors in the determination of whether a fraud was committed by the insured. This becomes immediately apparent if the cases are arranged according to the relative extent of the overvaluation and the results reached are compared. This interrelationship between the extent of the overvaluation and voidance of the policy because of fraud was well recognized in Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW 2d 737, 16 ALR3d 760, where the court stated that overvaluation raises the presumption of fraud in proportion to the excess.

The aim in this division of the annotation is to present a representative selection of cases arranged according to the extent of the overvaluation and showing typical circumstances in which the courts have held overvaluation as fraudulent or innocent as against the contention that the overvaluation constituted fraud or false swearing so as to avoid the fire insurance policy.

In the following sections the cases dealing with overvaluation in the proof of loss of property insured have been arranged according to the extent of the overvaluation. Within each section the cases are listed in their jurisdictional order for convenient reference. It has been attempted merely to present the facts under which the question of overvaluation arose and to indicate what factors or combinations thereof influenced the courts in their final determinations.

[*17]    Overvaluation of less than 100 percent
[*17a]    Held fraudulent

In Cuetara Hermanos v Royal Exchange Assur. Co. (1927, CA1 Puerto Rico) 23 F2d 270, cert den 277 US 590, 72 L ed 1002, 48 S Ct 437, the court held that the District Court did not err in directing a verdict for the insurer on the ground of fraud in representation of the value of loss. It appeared that shoes actually worth $ 29,058.98 were valued at $ 51,835.07, and that the number of pairs of shoes alleged to have been lost was 8,426 pairs in excess of the actual loss.

In Fire Asso. of Philadelphia v Allesina (1907) 49 Or 316, 89 P 960, wherein it appeared that the insured claimed the value of a stock of umbrellas, parasols, etc., to be $ 13,002.55, when the actual value as found by the trial court did not exceed $ 7,109.26, the court held on all the evidence that the overvaluation was with knowledge of its falsity, and held avoid the policy.

[*17b]    Held not fraudulent

In Wiede v Insurance Co. of North America (1871, CC Minn) F Cas No 17617, the court held that where the insured placed a valuation of $ 54,000 on a stock of groceries the actual value of which was found by the jury to be only about $ 30,000, the overvaluation was not fraudulent as a matter of law, and did not prevent a recovery on the policy.

In Wisconsin Screw Co. v Fireman's Fund Ins. Co. (1960, DC Wis) 193 F Supp 96, affd (CA7) 297 F2d 697, the court held that the burden of proving fraud in the preparation and submission of proofs of loss through overestimating the value of the property and the loss and damage by fire thereto was not sustained upon a record showing that the valuation was stated to be $ 1,658,371.14 and the loss to be $ 1,474,906.38, whereas the insurer claimed that the property had a sound value of $ 742,339.35 and that the loss sustained was $ 668,178.47. There was evidence that the schedules were prepared largely by the insured's insurance counselors and adjusters, who listed the property that was completely destroyed by the fire, that which was partially destroyed, and that which was undamaged, and set forth the appraisers' opinion of the replacement value and sound value immediately before the fire of each article and the amount of loss of sound value sustained as to articles which were wholly or partially destroyed, that the property consisted of factory machinery of varying ages and conditions, but that the adjusters applied an appraisal formula limited to replacement value less observed depreciation, hence excluding considerations of obsolescence and market conditions, and that the total amount of the loss would approximate $ 800,000.

Where the insured made an affidavit to a loss of $ 24,423.20, and the court found the loss to be $ 21,000, the affidavit was held not to be necessarily wilfully false and fraudulent, in New York Underwriters' F. Ins. Co. v Malham & Co. (1928, CA8 Ark) 25 F2d 415.

In Buffalo Ins. Co. v Amyx (1958, CA10 Okla) 262 F2d 898, and action on a fire insurance policy covering a machine shop and stock used in the business of selling and repairing stationary oil field engines and magnetos, the court upheld a verdict against the insurer of $ 15,231.14 as the value of the property destroyed although the insured made an inventory and arrived at a valuation thereof in excess of $ 30,000, where one competitor testified that he had checked the inventory for cost and found it to be approximately correct and that the stock and equipment as represented were not

unusually large for the character of the business, and another competitor testified that he was a frequent visitor to the shop, was generally familiar with the equipment and stock, and that in his judgment its value was between $ 32,000 and $ 37,000, although there was evidence to the contrary.

Where it appeared that immediately after the fire the insurer, with the consent of the insured, through its adjuster made an inventory as of the time of the fire, and the insured, in the preparation of a proof of loss, adopted the inventory and in fixing a valuation used an approved method of appraisal and also used information obtained from the original vendors of the merchandise, arriving at an amount of $ 17,983 as the actual or reasonable value of the merchandise lost by reason of the fire and the court-appointed master recommended a judgment of $ 12,744 upon the stock of merchandise it was held in <u>Transportation Ins. Co. v Hamilton (1963, CA10 Okla) 316 F2d 294</u>, that fraud and false swearing were not established so as to avoid the fire insurance policy. The court said that fraud and false swearing are very serious charges and cannot be substantiated simply because of differences of opinion as to reasonable value, and added that the insured, after the fire, with the records destroyed, was faced with the nearly impossible task of accurately determining the cost of the stock of merchandise, that there was no evidence that anything was withheld or concealed and that the situation presented was "just a case of wide variance in opinions as to the actual fire loss, and nothing more."

In a case where the insured stated in his proof of loss that the amount of his last inventory was $ 4,711.47, when in fact the correct amount of the inventory was $ 4,450, the evidence tending to show that the discrepancy was due to a bona fide mistake and was not intentional, it was held not to amount to fraud sufficient to avoid the policy. <u>American C. Ins. Co. v Ware (1898) 65 Ark 336, 46 SW 129.</u>

In <u>Clark v Phoenix Ins. Co. (1868) 36 Cal 168</u>, recovery was allowed in an action on a fire insurance policy in the amount of $ 1,250, although the proofs of loss fixed the value of the property destroyed or damaged in that sum and the jury returned a verdict for $ 1,100, the discrepancy being considered attributable to differences of opinion and there being no evidence or circumstance indicating that there was intentional fraud.

Where a dwelling house was destroyed by fire and the assured furnished the insurers with proofs of loss in which the sum of $ 5,858 was stated as the value of the building, but the trial court found the value of the building at the time of the fire to be $ 4,000 and there was evidence to the effect that the proofs of loss had not been prepared by the insured, but by a builder who arrived at his estimate as the cost of replacement, and there was also evidence that the insured had agreed to sell the property about a year prior to the fire, for $ 3,000, it was held in <u>Pedrotti v American Nat. Fire Ins. Co. (1928) 90 Cal App 668, 266 P 376</u>, that the above discrepancy did not show an intention to defraud or cheat the insurer. The court said that the rule was well established that an untrue statement in order to avoid the policy must have been knowingly and intentionally made with the intention of defrauding the insurer, and that notwithstanding the fact that the agreement to sell was for less than the value claimed, the conclusion of the trial court that the statements of value in the proofs of loss were not wilfully false was unsupported.

Where a building and its contents were destroyed by fire and the insured with the aid of hired appraisers made sworn proofs of loss stating that the actual cash value of the property was in excess of $ 100,000, and the court in accordance with estimates made by witnesses for the insurer placed the loss for the building at $ 43,000 and the value of the loss to the contents at $ 8,000, it was held in <u>Castoldi v Hartford County Mut. Fire Ins. Co. (1959) 21 Conn Supp 265, 154 A2d 247</u>, that the policy was not avoided for fraud or false swearing since any overvaluation by the insured was apparently arrived at from opinions given him by his experts, and there was no evidence that the overvaluation had been made with the intention to deceive the insurance company or that the company relied on the overvaluation to its prejudice. The court said that fraud or false swearing, to work a forfeiture, must be wilful and with the intent to deceive and defraud the insurer, and must be proved by clear and convincing testimony.

In <u>Boise Asso. of Credit Men v United States F. Ins. Co. (1927) 44 Idaho 249, 256 P 523</u>, an action on a fire insurance policy, no fraud or false swearing were held to be established by mere discrepancy in the valuation of the property, as distinguished from discrepancy plus other evidences of fraud, where it appeared that a building insured in the aggregate amount of $ 30,000 was a total loss, the whole amount was sought, and the jury allowed $ 22,500 for merchandise insured for $ 23,000, an amount in excess of $ 19,000 was claimed, and the jury allowed $ 14,000, and for the household furniture and personal effects insured for $ 3,500, which was sought, the jury allowed $ 2,500.

Where the insured in his proofs of loss valued part of a stock of furs destroyed and damaged by fire at $ 23,000, while the insurance company tended to establish the loss at approximately $ 13,000, and the court fixed the loss at $ 17,781, it was held in <u>Weininger v Metropolitan Fire Ins. Co. (1935) 359 Ill 584, 195 NE 420, 98 ALR 169</u>, that the insured was not guilty of making false statements with the intention to deceive or defraud so as to prevent recovery. The court said that the amount claimed by the insured was not materially in excess of that of apparently well-qualified wit-

nesses produced by him, that the subject of damages was a matter of opinion, that the price of fur is affected by many different factors and that the amount of the loss as determined by the trial court was well within the range of the evidence.

In Commercial Cabinet Co. v North British & Mercantile Ins. Co. (1921) 220 Ill App 453, recovery on a fire insurance policy was allowed as against the contention that the finding of the court was against the manifest weight of the evidence on the question of guilt of fraud and false swearing in making the proofs of loss, upon a record which showed that there were three policies aggregating $ 10,500, insuring the property against fire, that the insured prepared and submitted proofs of loss stating that the fire damaged the property to the amount of $ 23,182.84, and that its actual value was $ 23,282.84, that upon consolidation of the actions and submission to the court for trial without a jury the court returned a special finding that the aggregate cash value of the property at the time of the fire was $ 12,008.27, and that the aggregate actual amount of loss and damage was $ 11,508.27. It was observed that there was no fraud or false swearing which would avoid the policies under their terms, inasmuch as the proofs contained but the opinion, estimate, or belief of the insured as to what it would cost to replace the property destroyed, which was all the policy required, and that there was no evidence of an ulterior purpose or intent to defraud.

In Jay-Bee Realty Corp. v Agricultural Ins. Co. (1943) 320 Ill App 310, 50 NE2d 973, overvaluation of the contents of a large resort hotel, totally destroyed by fire, was held not so great as to constitute fraud for which the policy insuring the property could be avoided, under a provision therefor, and a finding in favor of the insured was approved, upon a record showing that the insured caused it to be valued by experts who arrived at the replacement value based on the cost of reproduction new, with depreciation deducted, and stated the result of the valuation in a proof of loss submitted to the insurer, although the master found the value of the property to be about 20 percent less than that stated in the proof of loss and about 10 percent less than the value fixed by the insured's witnesses on the trial, and it appeared that the insurers' witnesses fixed the value at a much lower figure and calculated reproduction cost upon the basis of secondhand or used material, as to the propriety of which there was a direct conflict in the evidence. The court observed that questions of value are largely matters of opinion, and that on the issue of replacement value the discrepancy between that stated in the proof of loss ($ 118,559.30) and that found by the master ($ 97,000) was not inconsistent with the master's finding that there was no fraud.

In Franklin Ins. Co. v Culver (1855) 6 Ind 137, wherein it appeared that the valuation placed by the insured on a stock of goods and a storehouse exceeded the verdict of the jury by $ 200, it was held that whether the overvaluation was made knowingly and with fraudulent intent was for the jury to determine, and the finding of the jury that it was not fraudulently made must be deemed a proper conclusion from the facts proved on the trial. The court said: "The value of the property, as estimated by the insured, it must be presumed, was properly considered with all the other evidence upon the same point. And though the jury, in view of all the facts, may have been convinced that he had erred in opinion, still they may have found such error to exist without any dishonest intention."

In Stone v Hawkeye Ins. Co. (1886) 68 Iowa 737, 28 NW 47, wherein it appeared that the proofs of loss stated the value of a stock of general merchandise to be $ 1,680.07 more than its actual value, which was fixed by the jury at $ 2,090.000, the court held that whether the overestimate was fraudulently made was a question of fact for the jury, and a general verdict in favor of the insured would not be disturbed, saying: "Whether it was done with such intent was a question of fact which was properly submitted to the jury, and by their general verdict it was determined adversely to defendant. The overestimate, it is true, appears to have been quite large, but it may have been honestly made, and, if so, it will not defeat plaintiff's right to recover for the loss actually sustained. The court cannot say, as matter of law, that it was not so made."

In Erb v German-American Ins. Co. (1896) 98 Iowa 606, 67 NW 583, 40 LRA 845, it appeared that the insured had estimated the value of a stock of drugs, patent medicines, etc., to be $ 3,960, while the jury had found the value to be $ 3,600. It was held that the discrepancy was merely the result of mistake or error, and did not defeat the right of the insured to recover on the policy.

In Goldstein v St. Paul F. & M. Ins. Co. (1904) 124 Iowa 143, 99 NW 696, wherein it appeared that the insured had valued a stock of goods at nearly $ 2,000, while the verdict in his favor was for but $ 1,200, it was held that the discrepancy was not evidence of fraud sufficient to avoid the policy. The court said in support of its holding that there is no rule of law which attaches a presumption of fraud to a claim because the full amount thereof is not recovered upon the trial.

In Helm v Anchor F. Ins. Co. (1906) 132 Iowa 177, 109 NW 605, it appeared that the jury had found the actual value of a store building to be only $ 1,200, while the insured had valued it in his proof of loss at $ 2,000, but the jury

Page 36

returned a special finding to the effect that the overvaluation was innocently made. The court held that it should not disturb the verdict.

In Western Assur. Co. v Ray (1899) 105 Ky 523, 49 SW 326, it was held that the question whether a corrected proof of loss submitted by the insured, which placed the value of a stock of tobacco at $ 13,369.90, or $ 5,000 less than the value stated in the proof of loss first filed, manifested a fraudulent intent to overvalue, was a question for the jury; and having been properly submitted to the jury and determined adversely to the insurer, the overvaluation could not be said as a matter of law to have been fraudulently made.

In Connecticut F. Ins. Co. v Union Mercantile Co. (1914) 161 Ky 718, 171 SW 407, it appeared that an insured had placed the valuation of a stock of goods at approximately $ 10,000, and the report of a commissioner had found the value to be only $ 8,002.53. The court held that it was not shown by the evidence that a deliberate overestimate of value, sufficient to avoid the policy, had been made.

Likewise, in Hanover F. Ins. Co. v Coffman (1927) 218 Ky 568, 291 SW 725, the trial court was held not to have erred in refusing to direct a verdict for the defendant on the issue of fraud in the valuation of loss by fire, it appearing that the insured misstated the value of her piano by listing it at $ 650, when it should have been $ 550, it further appearing that she undervalued her bed by listing it at $ 1 when its actual value was $ 100.

In Garnier v Aetna Ins. Co. (1935) 181 La 426, 159 So 705, recovery on a $ 3,000 valued fire insurance policy as for a total loss of a house, and a finding that no wilful or knowing false statement as to its valuation was made in a sworn proof of loss, were sustained upon evidence that the insured fixed the value at $ 3,000 and testified that he thought the house was worth this and more, that he employed a building contractor to estimate the cost of rebuilding, whose estimate, to his knowledge, was $ 2,272, and although a witness for the insurer estimated the cost of replacement at $ 1,983 and another witness fixed the figure at $ 2,400, there were seven other witnesses qualified to testify who estimated the value of the house at from $ 3,000 to $ 5,000, and the insurer itself had assessed or permitted a value of $ 3,000 to be assessed on the property, to the knowledge of the insured, when the policy was written. The court thought that although the insurer may have overvalued the house, it could not be said, upon such evidence, that he did so with ulterior motives or intentionally, with a purpose to obtain more than what he thought was its true value, there being nothing to show that he knew or should have known with reasonable certainty that it was not worth the amount claimed.

In Perot v Carolina Ins. Co. (1937, La App) 171 So 458, an action on a fire insurance policy on household goods, furniture, and personal effects, the insured submitted a list as a part of his sworn proof of loss which the insurer claimed was fraudulent to his knowledge, and contained excessive and gross overvaluations, principally in evaluating a suite of furniture on the basis of a cost of $ 558, when he only paid $ 413.50 for it, stating that it was purchased in 1932, when it was 1931, and later explaining that the original price was $ 558, after being reminded by his wife on the day of trial and recalling that he was given 25 percent off for cash, and the court, affirming a recovery on the policy, said that there was evidently no intention on the part of the insured to defraud the insurer, and that in order to avoid the policy for false swearing "there must exist an intent to defraud and the statement made must be willfully false . . . and made with the intent to defraud the insurer."

In Moore v Protection Ins. Co. (1848) 29 Me 97, the court held that the fact that the insured had estimated the value of a stock of goods at $ 2,800, where the jury had found it to be of the value of only $ 1,853, was not proof of fraud, saying: "The defendants rely particularly upon this verdict as proof of false swearing on the part of the affiant, showing, as it is contended, that the jury disregarded the facts asserted and sworn to in the affidavit. The jury were properly instructed that if they found that there was false swearing on the part of the plaintiffs, they would not recover. It cannot be assumed that the instruction was disregarded without convincing evidence. The value of the goods in the store at the time of their destruction was only a matter of judgment by Moore, who made the estimation, and the affidavit founded thereon. No account of the stock had been taken previous to the fire, and the books were consumed with the goods and the store. No basis existed by which the amount of the loss could be ascertained with any degree of accuracy. The judgment of Moore in his estimation of the value of the property lost was properly considered with all other evidence upon the same point. They might believe that his interest in the question would affect his judgment to some extent, though honestly exercised. The general knowledge of the jury in relation to the kind of property consumed, and its value, might also have had upon their minds a legitimate influence. Other facts and circumstances on the same question, coming from other sources, would have their proper effect; and when the whole was weighed, it might have produced the conviction that Moore had erred in opinion, without being guilty of any dishonest intention."

In Austin v Maine Farmers' Mut. F. Ins. Co. (1927) 126 Me 478, 139 A 681, 56 ALR 384, upon the ground that whether a statement of the insured in her proof of loss, as to the value of buildings and other property destroyed by fire,

Page 37

was known by her to be false and was wilfully or dishonestly so falsely made, was a question for the jury, the court refused to set aside a verdict of the jury finding that there was not an intentional or fraudulent overvaluation of a dwelling and outhouses lost in a fire, though the valuation was placed at $ 2,940, and the jury found the actual loss to be only $ 1,582.72. The court said in this respect that if the insured in a sworn proof of loss puts such a false and excessive valuation on single articles or on the whole property as to display a reckless disregard of truth, he cannot recover on the policy because of his fraudulent acts, but that an excessive replacement value alone is not evidence of false swearing.

In Tiefenthal v Citizens' Mut. F. Ins. Co. (1884) 53 Mich 306, 19 NW 9, judgment on a verdict for slightly in excess of $ 1,900 against a fire insurer on a policy insuring farm buildings, goods, and equipment was affirmed upon a record showing that the insured had claimed them to be of the value of $ 2,200 in his proof of loss, which the insurer challenged for false swearing. The policy provided that it should be void if in making a statement of loss "there [should] be any fraud or false swearing, with fraudulent intent," and the court upheld an instruction which told the jury that to defeat recovery they must not only find that the insured swore to that which was false, but did so with fraudulent intent, that in weighing the question of false swearing with fraudulent intent it was their duty to take into consideration the knowledge the insured had of the facts alleged to have been sworn to and determine what he understood he was swearing to, that if they should come to the conclusion from the evidence that matter as to any of the items he understood he was swearing to was false, they should then inquire whether he made the statement with a fraudulent intent, that is, with an intent, knowingly, to get a greater price for an article than he knew it to be worth.

In Campbell v Great Lakes Ins. Co. (1924) 228 Mich 636, 200 NW 457, a case involving quantity, as well as value, of goods, the disparity between $ 31,458.30, the amount of loss and damage claimed in sworn proofs of loss, and $ 18,000, the amount found by the jury in an action on the fire insurance policy, was held to be not so great as to establish that the insureds were guilty of fraud and false swearing as a matter of law, rendering the policy void upon proof thereof, according to its provision, where the proofs were made under great difficulty and largely from memory, and the figures stated purported to be the insureds' best estimates.

In Gerhauser v North British & M. Ins. Co. (1871) 7 Nev 174, a ruling refusing a new trial after a verdict for the insured in an action on fire insurance policies covering furniture was affirmed and the insurer's contention that fraud and false swearing were established as a matter of law so as to avoid the policy according to its provision, for those reasons, was denied, where the record disclosed that the insured valued the property in his proof of loss at about $ 6,000, it "having cost said sum within the space of four years" before the fire, although the jury rendered a verdict fixing the value of the furniture at $ 3,000. The court observed that such a verdict was compounded of the varying estimates of 12 men, made on conflicting statements of witnesses, and was often the result of a mere compromise of opinions, that it should stand although based upon evidence evenly balanced by evidence corroborating the statement, that to hold it conclusive, not only of an overestimate but of a fraudulent over-estimate was altogether too arbitrary and harsh a rule, especially where the finding negatived the existence of actual fraud and the valuation in the statement was not positive but made in terms of an expression of an opinion deduced from given facts, and that while there may be cases where the overvaluation is so glaring that the disproportion will amount to proof of fraud it is "every day's experience that honest men will honestly differ as to the value of such property as that here in question, to a greater extent than this verdict differs from the statement."

In L. N. Gross Co. v Westchester F. Ins. Co. (1914) 88 Misc 327, 151 NYS 945, the court upheld a directed verdict for the insured in actions on fire insurance policies on the merchandise and fixtures of a manufacturing plant, as against the insurers' contention that fraud sufficient to avoid the policy as a matter of law was established because of the discrepancy between the amount of the valuation fixed by the insured in proofs of loss and that fixed by the award of appraisers, which amounted to over 23 percent and upon the merchandise alone more than 25 percent, upon evidence of an honest mistake in bookkeeping and calculation and failure of the insurers to produce other evidence of a fraudulent intent.

Although an insured has reason to know the market value of the property destroyed by fire, an overvaluation, if honestly made, has been held not to occasion a forfeiture of the policy. Gibbs v Continental Ins. Co. (1878, NY) 13 Hun 611, wherein the court said, in upholding a ruling of the trial judge: "We think the justice at the circuit was correct in holding that a fraudulent intent was a necessary ingredient in the false valuation, even though there might be evidence from which the jury might have come to the conclusion that the plaintiff knew, or had the means of knowing, or ought to have known, that the valuation in the proofs of loss was overstated." In that case a valuation of $ 400 was placed by the insured on a piano purchased a considerable time before the fire for $ 300. It was held not to be fraudulent in view of the fact that the insured had testified that she could not remember what the piano cost, but that a music dealer had offered her $ 400 for it in exchange for another piano, and in view of the additional fact that it was proved by another

witness, an expert, that he knew the piano in question, that it had been used very little, and that, in his judgment, it was worth $ 300 at the time of the fire.

The fact that an insured stated the valuation of his loss through fire which partially consumed his house to be $ 1,017.64, in the proof of loss, whereas appraisers had valued it at $ 694, was held in Dolan v Aetna Ins. Co. (1880, NY) 22 Hun 396, not to establish fraud as a matter of law so as to avoid the policy.

In Hirschman v Fireman's Fund Ins. Co. (1910, City Ct NY) 123 NYS 781, it appeared that the insured had placed a valuation of $ 953 on a stock of groceries, and the jury had found the value to be only $ 600. The court held that the discrepancy did not establish fraud sufficient to avoid the policy.

Where in an action to recover on a fire policy insuring a stock of finished leather products, it appeared that the insured in his proof of loss alleged that the sound value of the merchandise damaged was $ 50,843 and that the damages amounted to $ 40,553, and the court in rejecting the insurance company's allegation that the stock had a book value of only $ 9,194, concluded that the insured's loss amounted to $ 32,000, it was held in Mayfair Leather Products v Piedmont Fire Ins. Co. (1951, Sup) 105 NYS2d 802, that the insured was not guilty of fraud and wilfully exaggerating his loss. The court said that a mere misstatement of the loss, based upon an erroneous estimate of values, which is but the expression of an opinion, does not operate to avoid the policy and that in the present instance the insured based his estimation on the cost of reproduction or the market value, as distinguished from an estimate of what the merchandise would bring on a forced liquidating sale.

Where a policy of fire insurance contained a provision that the policy should be void in case of any "fraud or false swearing by the insured touching any matter or relating to this insurance or the subject thereof whether before or after the loss," and the insured in the statement of loss gave the value of the property destroyed at $ 7,670, while the verdict of the jury established the value of the property destroyed at only $ 5,100, it was held in Griffin v Implement Dealers' Mut. Fire Ins. Co. (1933) 64 ND 146, 250 NW 780, that it could not be said as a matter of law that prejury and false swearing had been established so as to avoid the policy merely because the insured swore to the value of the insured property in an amount in excess of the value of the property as found by the verdict of the jury.

In Alliance Ins. Co. v Woods (1938) 182 Okla 620, 79 P2d 573, a provision for forfeiture of a fire insurance policy for fraud or false swearing as to value in a proof of loss was invoked, but a judgment for the insured was affirmed, where it appeared that although the loss was stated to be $ 1,711.11 and the jury returned a verdict for about $ 800, the valuation was based upon estimates furnished to the insured by one who had had considerable experience in the building trade and was familiar with costs, and if the estimates were excessive there was nothing to show that they were intentionally false, and that the court instructed the jury that if they found from a fair preponderance of the evidence that subsequently to the fire the insured furnished a sworn statement wherein he falsely and wilfully set forth that the cash value of the property just previous to the fire was $ 1,711.11, then the verdict should be for the insurer.

In Post v American Cent. Ins. Co. (1912) 51 Pa Super 352, the court upheld a recovery on a fire insurance policy and approved a finding of the jury that the insured did not intend to defraud the insurer, although he stated in his proof of loss that the sound value of his stock of goods was $ 15,167.73 and the loss or damage was $ 7,737.03, whereas the jury found that the sound value of the goods was $ 8,689.42 and the loss $ 4,200, where the value of the goods was difficult to determine, there was considerable conflicting evidence, and the jury were instructed that if they believed that the insured knowingly exaggerated his loss, and wilfully made false statements or if he knowingly concealed or misrepresented in writing or otherwise any material fact or circumstance, or if they believed that he knowingly concealed or destroyed his bills, vouchers, receipts, or checks, and that these would be material concerning the value of the goods, then they would be warranted in saying that he had violated the condition of the policy making it void for fraud.

Where an action was brought on a $ 2,000 fire insurance policy to recover $ 900 for the loss of a barn and its contents, including the machinery, a verdict was rendered for $ 748, and it appeared that the insured in his statement of the claim alleged that his feed mill was a total loss, whereas it was only damaged and was subsequently repaired, and the evidence established that the building was totally burned and the machinery in question fell through the floor in a mass and was apparently ruined and that it required some 3 weeks to salvage it and substitute new parts before it would function and thereafter it was considerably impaired, the court in Clingerman v Everett Cash Mut. Fire Ins. Co. (1936) 124 Pa Super 89, 188 A 93, in refusing to grant a compulsory nonsuit or enter a judgment notwithstanding the verdict on the ground that there was false swearing which avoided the policy, stated that it could not be conclusively determined that one is guilty of false swearing when the value of the goods is less than that stated as the claim, that to show fraud the insurer was required to show that the false swearing was done wilfully and knowingly, with an intent to cheat and defraud, that it might be that the insured erred in his opinion without being guilty of any dishonest intention, and that

Page 39

whether he attempted to perpetrate a fraud by a false statement was under the circumstances a question for the jury's determination.

In <u>Mulkey v United States Fidelity & Guaranty Co. (1963) 243 SC 121, 132 SE2d 278</u>, the court held that the fact that the jury in an action on a fire insurance policy found the loss of the insured to be $ 2,000, when he claimed that the property burned was worth $ 3,045, was not presumptive evidence of false swearing or fraud, such not necessarily being established by a showing that the statement of value in the proof of loss was in excess of the value later determined, where, for aught that appeared, the statement may have been made in good faith.

In <u>Pelican Ins. Co. v Schwartz (1892, Tex) 19 SW 374</u>, it appearing that the insured had estimated the value of a stock of goods to be $ 8,683.52, when the actual value, as found by the trial court, was only $ 4,500, the court held that the trial court was justified in finding that, notwithstanding the fact that an overvaluation was made, the insured did not intend to defraud the insurer, and the policy was not, therefore, avoided.

In <u>Fidelity Phenix Fire Ins. Co. v Sadau (1915, Tex Civ App) 178 SW 559</u>, it was held that where the insured valued certain household furniture destroyed by fire at $ 1,000, and the actual value, as found by the jury, was only $ 578.85, the discrepancy was not such as would require a peremptory instruction to the effect that if the jury found the furniture to have been excessively valued, they should find for the insurer.

In <u>American Central Ins. Co. v Borschow (1928, Tex Civ App) 5 SW2d 829</u>, judgments for the insured on two fire insurance policies were affirmed as against the defense that recovery was precluded by fraud and false swearing in fixing an excessive valuation in the proofs of loss, upon a record showing that the insured stated therein that the loss was a sum in excess of $ 63,000, that at least three disinterested witnesses qualified to testify fixed a valuation greater than that figure, and at least nine qualified witnesses for the insured valued the property at from $ 47,000 to $ 67,000, that such valuations were supported by the witnesses for the insurers and that the jury found upon special issues that the insured did not knowingly, wilfully, and with intent to defraud state an excessive value in his proofs of loss required to avoid the policy, although they also found that the actual cash value of the property was $ 40,000.

And where the value placed on a stock of general merchandise was only $ 1,600 above the $ 3,600 which the jury found it to be; and no motive appeared for the excessive valuation, as the value proven on the trial and fixed by the verdict was nearly $ 2,000 in excess of $ 1,700, which was the amount of the policy, it was held that there was no ground for a finding of fraud. <u>Phoenix Ins. Co. v Shearman (1897) 17 Tex Civ App 456, 43 SW 930</u>, motion for reh den <u>17 Tex Civ App 459, 43 SW 1063</u>.

In <u>Rasmusson v North Coast F. Ins. Co. (1915) 83 Wash 569, 145 P 610</u>, LRA 1915C 1179, it appeared that the insured had estimated the value of a stock of groceries at $ 2,750.67, while the jury found the value to be $ 2,100. It was held that the question whether the overvaluation was fraudulently made having been submitted fairly to the jury and determined adversely to the insurer, the verdict could not be disturbed.

In <u>Wiesman v American Ins. Co. (1924) 184 Wis 523, 199 NW 55</u>, motion to amend mandate den <u>184 Wis 535, 200 NW 304</u>, it appeared that the insured stated the value of his merchandise and fixtures lost in a fire to be $ 77,796, but the jury found their actual value to be only $ 49,500. The court held that such a discrepancy in valuation was not, as a matter of law, fraud, saying: "The jury found the value of the merchandise damaged or destroyed at less than one-half the valuation claimed in the proofs of loss. This is undoubtedly a large discrepancy. But according to the overwhelming weight of authority such differences between the amounts claimed in the proofs of loss and the verdict do not as a matter of law establish fraud."

[*18]     Overvaluation of more than 100 percent but less than 500 percent
[*18a]     Held fraudulent

Under a provision that a fire insurance policy may be avoided for fraud or attempt at fraud by false swearing or otherwise, a knowing and wilful overvaluation of property destroyed or damaged by fire (numerically nearly $ 27,000, as against nearly $ 12,000 determined by arbitrators) in a proof of loss, inter alia, constitutes an attempt at fraud by false swearing and is sufficient to bar recovery on the policy. <u>Claflin v Commonwealth Ins. Co. (1884) 110 US 81, 28 L ed 76, 3 S Ct 507</u>.

Where the insured submitted to a fire insurance company, as a basis for the payment of a claim, a sworn statement of the value of the goods claimed to have been destroyed by fire to the effect that the sound value of the goods was $ 43,719.70, and that his loss amounted to $ 35,719.70, while expert appraisers of a salvage company estimated the sound

value at $ 22,622.51, and the total damage at $ 12,694.22, and the appraisers selected by the insured and the insurer under the terms of the policy to determine the amount of the loss fixed the sound value of the goods at $ 26,237.95, and the total damage at $ 13,804.90, it was held in Orenstein v Star Ins. Co. (1926, CA4 SC) 10 F2d 754, that the insured's statement showed a fraudulent and wilful intent and purpose to deceive. The court pointed out that the overvaluation was more than a mere matter of opinion or judgment, it appearing that it was made by one having special knowledge of the property with the idea that the insurer, who was ignorant of the subject and had no equal means of information, should rely upon it, and that the value so stated was grossly excessive when considered in relation to the value found.

Recognizing, in relation to an overvaluation of property insured as avoiding a fire insurance policy, that an honest mistake would not do so, and that to preclude recovery an overvaluation must be of a material character and must have been knowingly and intentionally made, the court in Globe & Rutgers Fire Ins. Co. v Stallard (1934, CA4 Va) 68 F2d 237, reversing a judgment for the insured held that intentional overvaluation might be inferred and that the question whether it was intentional and with a purpose to deceive was one for the jury on the issue of false swearing, upon evidence that the insured made and submitted to the insurer a sworn proof of loss stating that the value of the property destroyed exceeded $ 12,000, although he had bought it with other property a short while before for only $ 10,000, none of his witnesses would value it at exceeding $ 8,000, he had settled with another insurance company on the basis of a valuation of approximately $ 5,000, and it could not be said that the overvaluation was immaterial inasmuch as the right to recover the full amount of a $ 4,000 policy was dependent upon a showing of value of $ 8,266.66.

Where a joint physical inventory taken by representatives of plaintiff and defendant disclosed that the inventory, valued at retail prices, less 37 percent, amounted to $ 63,582, but a proof of loss was filed by the president of the insured company which stated that the merchandise on hand at the time of the fire had a value of $ 132,178, the latter figure derived from insured's books, it was held in Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136, that the jury had properly found that there had been such fraud and false swearing within the meaning of a provision of a fire insurance policy as to avoid the claim. The court specifically approved a part of the instruction to the effect that the furnishing to the insurers by the insured of a statement of values that he knows to be false, for the purpose of securing an advantageous position in the settlement of the loss, is a fraudulent design which constitutes an attempt to defraud within the provisions of the policy, and vitiates the contract of insurance even though the insured may not have intended to secure more than his actual loss.

Overvaluation in a sworn proof of loss of personal property insured against fire by stating its value at the time of loss to be $ 650, whereas it cost $ 150 new, submitted for payment of the insured's claim by the insurer, constitutes a basis for a finding that a wilfully false oath was made with the intention to deceive. Joiner v Firemen's Ins. Co. (1934, DC NC) 6 F Supp 103.

In Morgan v Badger Mut. Ins. Co. (1960, DC Fla) 181 F Supp 496, wherein the insured submitted sworn proofs of loss fixing the valuation of property damaged by fire at $ 95,000, and upon instruction to the jury that if they found that the insured did not falsely swear they should find in his favor the amount they believed represented his actual loss, which, they were told, could be anywhere between $ 12,000, the insurer's lowest estimate of value, and the $ 95,000 stated in the proofs of loss, a verdict for $ 33,000 was returned, it was held that although great disparity in the verdict and the acount claimed is not in all cases conclusive of fraud, where the amount stated was challenged as fictitious great disparity might become determinative, and that the trial court should have instructed the jury to the effect that they should find for the insured in the amount of $ 95,000, or an amount reasonably approximating it, or should find for the insurer outright, allowing nothing to be recovered under the policy. Stating that the trial court committed error in allowing the jury latitude to determine for insured any amount between $ 12,000 and $ 95,000, the court pointed out that it would defy credibility to accept a verdict for approximately $ 62,000 less than the amount sworn to have been lost by plaintiff, and, then, infer from such verdict that there was no false swearing by plaintiff, but that it was a mere mistake, error in judgment, or inadvertence. As stated by the court: "This is not an immaterial overvaluation situation. For a businessman to swear that he counted each and every item and placed a value on those items, and have a jury return and give the plaintiff almost two-thirds less than he claimed and, then, infer from that verdict that the jury did not believe that there was false swearing or fraud, defies credulity. The defendants' contention that the jury's verdict was inconsistent with the law requiring the contract to be void if there was false swearing is clearly the only logical inference that can be drawn."

In Tenore v American & Foreign Ins. Co. (1958, CA7 Ill) 256 F2d 791, cert den 358 US 880, 3 L ed 2d 110, 79 S Ct 119, an action on a policy insuring the stock of a gun shop against fire in the total amount of $ 80,000, in reversing a finding of fact of the trial judge, the court held as a matter of law that the insured knowingly and wilfully made a false statement of the value of the property in a proof of loss with an intention to defraud the insurer, and that no recovery

16 A.L.R.3d 774, *

could be allowed, upon evidence establishing that the proof of loss was sworn to and evaluated the stock at $ 78,698.34, that the highest valuation figure of two witnesses for the insured was $ 58,698.34 less than that figure, that many of the items were of a period or class or in a condition which made their value small, that the insured's evaluater gave as the valuation, in the preparation of the proof of loss, the catalog wholesale price of each article as a new item, and that the judgment rendered was for $ 20,000. Admitting that ordinarily the question of fraud is one of fact, the court characterized the figure submitted as a "deliberate exaggeration of values" and as having reached and passed the point where the question of fraud or false swearing becomes one of law, and beyond which the insured cannot be heard to say that his intent was innocent.

Evidence was sufficient to support jury verdict finding that insured acted fraudulently or failed to comply with conditions of contract of insurance, thereby voiding insurance contract, where there was evidence that damage to insured's home and property, for which he asserted claim of over $ 120,000, amounted to only $ 25,000, and where there was also evidence that insured included in his claim items that were primarily insured by another insurance company. Barber v Wausau Underwriters Ins. Co. (1987) 184 Ga App 479, 362 SE2d 109.

In Kavooras v Insurance Co. of Illinois (1912) 167 Ill App 220, wherein it appeared that the insured placed a valuation of $ 4,114.08 on a stock of groceries which the trial court found did not exceed in value the sum of $ 1,163.94, it was held that the overvaluation justified the conclusion that the insured was guilty of wilful false swearing.

In Appa v Pennsylvania Fire Ins. Co. (1940) 307 Ill App 85, 30 NE2d 100, an action on a fire insurance policy providing for avoidance for fraud and false swearing, the court sustained a jury's verdict in favor of the insurers upon evidence permitting the jurors to find, inter alia, that in a sworn proof of loss the insured knowingly stated the value of personal property burned in a sum which was approximately four times the loss found.

In Alfred Hiller Co. v Insurance Co. of N.A. (1910) 125 La 938, 52 So 104, 32 LRA NS 453, it appeared that the insured had placed a valuation of $ 31,718.82 on a stock of merchandise which the jury found to be of the value of only $ 15,757.12, and the evidence showed that, besides errors in bookkeeping, certain items of goods set forth in the inventory on which the proof of loss was based did not truly represent stock on hand at the time of the fire. It was held that the case showed very clearly an attempt to defraud the insurer sufficient to avoid the policy, and to warrant a reversal of the verdict in favor of the insured.

Submitting an inventory of a stock of goods to a fire insurer as the basis of a claim which in effect served as a part of the proof of loss has been held sufficient to avoid the policy for fraud, according to its terms, where the insured thereby falsely misrepresented that there was a stock of goods of the value of some $ 23,000 on hand, when in reality the stock on hand was valued at about $ 11,000. Richard D'Aigle Co. v Western Ins. Co. (1915) 136 La 777, 67 So 827.

In Wall v Howard Ins. Co. (1862) 51 Me 32, it appeared that the proofs of loss stated the value of a stock of clothing to be $ 2,400, and the actual value was found by the jury to be only $ 1,060. The court held that the inference could not be avoided that the insured had attempted to defraud the insurers, and that he had thereby forfeited all his rights under the policy, saying: "If the difference had been less, we might have supposed that it resulted from some mistake, or error of opinion, that would not necessarily involve the plaintiff in any fraud. But, when the jury have found that his claim was for nearly three times the actual amount, we are not at liberty to account for it on the ground of error or mistake. Assuming that the verdict is for the right amount, the inference cannot be avoided that the plaintiff, by rendering on oath a false account, attempted to defraud the insurers, and thereby forfeited all his rights under the policy."

In Rovinsky v Northern Assur. Co. (1905) 100 Me 112, 60 A 1025, the court held that a valuation of $ 2,076 placed by an insured on household and personal property, some items of which had been purchased for less than half of what the insured claimed their value to be, was fraudulent, saying: "It clearly appears that the plaintiff did not prepare this schedule . . . under the embarassment which the ordinary householder would experience in attempting to recall specifically a multitude of articles purchased separately, many years before, or to give his judgment or opinion in regard to the exact value of those not purchased by him. The exact prices were here readily accessible, if not actually before his eyes; and the conclusion is irresistible that he wilfully refused to avail himself of the information, and knowingly made false statements in regard to the values."

In Pottle v Liverpool & L. & G. Ins. Co. (1911) 108 Me 401, 81 A 481, wherein it appeared that the insured had placed a valuation of $ 3,272.77 on a stock of merchandise which the jury found to be actually worth only $ 1,293.75, the court held, in setting aside the verdict, that the overvaluation was fraudulent, and would forfeit the right of the insured to recover on the policy.

16 A.L.R.3d 774, *

A verdict of a jury finding guilt of an attempt to defraud the insurers was upheld in Zane v Home Ins. Co. (1934) 191 Minn 382, 254 NW 453, an action on fire insurance policies, upon evidence, inter alia, that the insured in a sworn proof of loss stated that before the fire the value of fixtures damaged was $ 5,726.44, and the value of a stock of merchandise damaged was $ 18,790.30, that the fire was promptly extinguished so that a small part of the insured property was consumed, and a rather accurate inventory was possible and was taken both by the insurers and by an adjuster selected by the insured to represent him, and that such values could well be found by a jury to be less than $ 10,000.

In Moreau v Pallatine Ins. Co. (1930) 84 NH 422, 151 A 817, an action on a fire insurance policy on personal property in the amount of $ 250, which was shown by the evidence to have been a reasonable estimate of the loss, supported by the proof at the trial, the court held that there could be no recovery because of attempted fraud by the insured, under a provision avoiding the policy upon proof thereof, where, in the proof of loss, he valued the property at $ 639.75.

In Anibal v Insurance Co. of N.A. (1903) 84 App Div 634, 82 NYS 600, it appeared that the insured claimed in his proof of loss the value of certain hotel property destroyed and injured by fire to be $ 6,780.30, and the actual value was found by trial court to be only $ 1,857. The court held that a finding of innocent overvaluation was not supported by the evidence, and said that the purpose of the insured in grossly inflating the values stated in his proofs of loss was to enhance his damages as nearly as possible to the aggregate of his entire insurance, and that upon this evidence the conclusion was unavoidable that the insured was guilty of intentional and wilful false swearing in his proofs of loss, that he so swore for the purpose of defrauding the company, and that therefore the policy was, by its terms, rendered void.

In Domagalski v Springfield F. & M. Ins. Co. (1926) 218 App Div 187, 218 NYS 164, the court reversed a judgment on a verdict in favor of the insured and granted a new trial in an action on a fire insurance policy on personal property in which the insurer sought to avoid the policy for fraud, upon a record showing that the aggregate insurance was $ 15,000, that in the proof of loss the insured stated that the value of the property insured was at the time of the fire $ 24,361.10 and the total loss and damage was $ 22,761.10, and so testified at the trial, the jury returned a verdict in his favor which established the loss at $ 5,000, and there was evidence that the defense of fraud and false swearing should be more fully developed, consisting, inter alia, of the insured's faulty memory and lack of records pertaining to his business operations and the condition of his inventory.

In Sternfeld v Park Fire Ins. Co. (1888) 50 Hun 262, 2 NYS 766, it was held that the fact that a discrepancy of over $ 18,000 existed between the valuation of $ 23,342, placed by the insured in his proof of loss on the property destroyed, and the verdict of the jury fixing the loss at $ 5,000, was evidence that the overvaluation had been made with a view to defraud the insurer, and precluded the possibility that the loss had been overstated by mistake or inadvertence. The court said that no evidence had been introduced tending to explain the difference on the ground of any mistake or misapprehension, and that in the absence of such an explanation it must be inferred that the loss had been overstated fraudulently in order to defraud the insurance company, such an inference necessarily following from so great a difference.

In Reiter v Michigan Commercial Ins. Co. (1915) 61 Pa Super 587, an action on a fire insurance policy, an affidavit of defense was considered sufficient with respect to a showing of fraud and false swearing necessary to avoid the policy according to its terms, where it was shown that the insured in his proofs of loss fixed the valuation of the goods at $ 2,745, and the actual loss sustained at $ 2,645, whereas the value of the property destroyed was not in excess of $ 700.

In Mazzella v Hanover Fire Ins. Co. (1934) 114 W Va 728, 174 SE 521, it was held that no recovery on a $ 2,000 policy of fire insurance on household goods could be supported, and that the policy was avoided for fraud and false swearing, according to its terms, where the evidence established that insured prepared and submitted a sworn proof of loss which listed every article as being completely lost and fixed their values at full cost when new, in a total sum in excess of $ 3,000, that at the time it was submitted he had caused to be made two separate listings of the articles valued according to their replacement costs, both of which were under 50 percent of the total loss claimed and which were before him when he filed the proof of loss, that, inter alia, he listed a piano at $ 750, whereas the proof showed that when it was acquired by him 2 or 3 years before the trial its estimated value did not exceed $ 500, and that an assertion of total loss of every article and the claim measured by a valuation based on original cost could not be defended upon any possible view of the evidence, the excessive figure being obviously adopted and intended for use and its effect in making certain of a recovery of the full amount of the policy in any event, first by negotiation with the insurer, and, failing in that, by jury trial.

[*18b]    Held not fraudulent

16 A.L.R.3d 774, *

Under a fire insurance policy provision that if a claim for loss is in any respect fraudulent or if any false declaration is made or used in support thereof, or fraudulent means or devices used by the insured to obtain any benefit under the policy all benefit shall be forfeited, the court in Jose Rivera Soler & Co. v United Firemen's Ins. Co. (1936) 299 US 45, 81 L ed 30, 57 S Ct 54, held that no conclusive presumption of fraud arose because a verdict for the insured was for far less than the amount stated as the value of the property in the proof of loss. The evidence was that the policy was issued for $ 30,000, that after the fire the insured presented a proof of loss fixing a value exceeding $ 35,000 and demanding payment of the full amount of the policy, and that a verdict for $ 17,000 was returned. After stating that if the jury were properly instructed that the provision required a verdict in favor of the insurer if the claim was in any respect fraudulent, their finding indicated that they discovered no fraud, the court added: "Policy holders may present inaccurate proofs of loss without conscious dishonesty or intent to defraud; different views of values are common; memory is faulty; insurance company and assured often entertain widely different views concerning the policy; and evidence cannot always be produced to establish something declared to be true in entire good faith."

Under a provision that a fire insurance policy should be void if the insured wilfully concealed or misrepresented any material fact or circumstance concerning the insurance, the court in Royal Exchange Assur. v Fraylon (1955, CA4 NC) 228 F2d 351, held that recovery on a fire policy was not precluded upon the ground of fraudulent overvaluation of the property in a proof of loss, where the insured's statement that the house was worth $ 23,000 was apparently based upon his own opinion and the facts that improvements had been made costing approximately $ 14,000, and that he had entered into a written executory contract of sale for $ 25,000, and from the testimony of three other witnesses as to the probable cost of a similar structure it appeared that the estimates ran from $ 13,000 to $ 16,128. The court affirmed fact-findings of the trial court, except for the finding that the house was worth $ 14,000 at the time of the fire, holding that $ 8,500 would be a liberal estimate.

Confirming the position taken in Pennsylvania Lumbermens Mut. Fire Ins. Co. v Nicholas (1958, CA5 Fla) 253 F2d 504, the court in Pennsylvania Lumbermens Mut. Fire Ins. Co. v Nicholas (1961, CA5 Fla) 296 F2d 905, a later appeal, held that an overestimate of fire loss and damage to the stock of a retail store in the proof of loss furnished to the insurer, by stating a salvage valuation as $ 4,900, whereas negotiations had opened between the insured and the suppliers of a large portion of the stock which would enable him to realize $ 11,587.73 for the damaged merchandise upon return, where the proof of loss was prepared and submitted evidently without thought of the possible result or that the total amount so realizable would represent the true value of the salvage, did not establish fraud which voided the policy.

In Badger Mut. Ins. Co. v Morgan (1963, CA5 Fla) 313 F2d 783, the court permitted recovery on a fire insurance policy although the insurer contended that it should be avoided for fraud, upon a record which showed that the insured prepared and submitted sworn proofs of loss fixing the value of the property lost or damaged by fire at a sum in excess of $ 95,000, based upon a physical inventory made after the fire and found by the jury, as submitted to them, to have been made item for item, with each item counted and evaluated, that to a special interrogatory whether there was a wilful concealment or misrepresentation of any material fact or circumstance concerning the quantity or value of the stock inventoried, the jury gave a negative answer, and that to an interrogatory as to what was the actual cash value thereof at the time of the fire, replied that it was $ 35,400, which were both found to be based upon substantial evidence. The court held that the findings were not irreconcilably inconsistent, that the evidence did not compel the conclusion that there was a conscious, wilful, and fraudulent misrepresentation by the insured, and that, accordingly, a judgment based thereon should be affirmed. Stating that the trial judge correctly charged the jury that even though they found a material variance as to the $ 95,000 they must also find that the insured wilfully misrepresented the facts if recovery on the policy was to be barred for fraud, the court added that a material variance in the amount claimed and the amount found by the jury, standing alone, "would not conclusively prove a willful misrepresentation amounting to fraud as a matter of law," and that since the jury by its answers did not necessarily find or intimate that the $ 35,400 figure was reached because the insured did not actually count many items of inventory as claimed, it was reasonable to assume that the jury believed the value of the inventory was substantially less than the figure claimed in the proof of loss, and that apparently, the jury did not accept the contention of the insurers that the insured was guilty of wilful misrepresentation or fraud, but merely disagreed with him as to the value claimed.

In Spring Garden Ins. Co. v Amusement Syndicate Co. (1910, CA8 Kan) 178 F 519, it appeared that the insured had valued an opera house building and personal property therein at $ 57,000, and the master appointed to hear and decide the case had found the value to be approximately $ 22,000. It was held that the overvaluation was not made with any view to deceive the insurer, and did not avoid the policy.

In Goodwin v Maryland Casualty Co. (1964, DC Okla) 233 F Supp 81, a finding of the court that there was no fraud or false swearing in overvaluing in a proof of loss by fire, and a judgment of recovery on the policy, were af-

Page 44

firmed, where it appeared that the value of a house was fixed by the insured at $ 30,000, and by the court at $ 15,000, the value of the contents was fixed by the insured at $ 12,000, and by the court at $ 4,000, and the amount of increased living expenses resulting from the fire was fixed by the insured at $ 6,000, and by the court at $ 820 (all the claims representing the maximum policy coverages), but there was independent expert testimony tending to support the statements made by the insured and indicating that his claims were not unreasonable.

In Obersteller v Commercial Assur. Co. (1892) 96 Cal 645, 31 P 587, an action on a $ 1,200 fire insurance policy, where the insured prepared and presented a sworn proof of loss of over $ 1,800, and demanded payment of $ 1,200, and the insurer asserted that the loss did not exceed $ 350, the parties offering evidence in support of their respective claims, the fact that the jury returned a verdict fixing the loss at $ 500 was held not conclusively a finding of fraud.

In Liverpool & L. & G. Ins. Co. v Stuart (1942) 67 Ga App 184, 19 SE2d 822, an action on a fire insurance policy sought to be avoided, by its terms, for fraud and false swearing, the court held that there was no inconsistency in a verdict in favor of the insured for $ 3,262, which found that although his proof of loss set forth a valuation on stock and equipment in an amount in excess of $ 7,600, there was no intent to defraud the insurer, upon the grounds that there was opinion evidence of one witness as to the value of the property burned which in no way was dependent on the proof of loss or the books of the insured, and the jury could have considered the nature of the property and other circumstances present, bearing on and illustrating its value. The court said that overvaluation does not bar a recovery as a matter of law, in such a case, and that in authorities cited by the insurer there was no independent opinion evidence of value and no such other basis for explaining the difference between the amount claimed in the proof of loss and the amount found by the jury as the loss sustained.

In Dunn v Springfield F. & M. Ins. Co. (1902) 109 La 520, 33 So 585, it appearing that the insured had placed a valuation of $ 48,465.25 on a stock of stationers', bookbinders', and lithographers' merchandise which appraisers found to be worth the sum of $ 10,924.87, the court held that the discrepancy would not avoid the policy in the absence of proof that the overvaluation was fraudulently made.

Where the insured, preparatory to making his proof of loss, procured estimates from carpenters of what it would cost to replace the burned buildings with new ones, and made his proofs in accordance with those estimates claiming a loss of $ 2,800, assuming that he was entitled to money enough to replace the buildings, so far, at least, as the insurance would do it, it was held to be error, but not so uncommon an error in the practical affairs of life as to justify the court in saying that the mere possibility that the owner had committed such an error was sufficient evidence of intentional false swearing although the court determined the loss at merely $ 800. Hilton v Phoenix Assur. Co. (1898) 92 Me 272, 42 A 412.

In Bass v Phenix Ins. Co. (1914) 161 App Div 296, 145 NYS 1112, n6.1  the court, in a per curiam opinion adopting the opinion of the dissenting judge in the court below, held that an insured who claimed $ 10,700 on a stock of goods, and $ 869 on certain fixtures destroyed and damaged by fire, which appraisers found to be worth about $ 3,200 and $ 326, respectively, was not guilty of making a fraudulent overvaluation sufficient to avoid the policy.

In Davis v Guardian Assur. Co. (1895) 87 Hun 414, 34 NYS 332, affd 155 NY 682, 50 NE 1116, an action on a policy insuring against fire property consisting of household furniture, clothing, and stores and supplies, the court sustained a recovery against a charge of fraud as a matter of law, although the valuation in the proof of loss was slightly more than twice the amount awarded by the jury. It was observed that there is no class of property in which opinions of value vary more widely, that such "always is deemed to be of greater value by its owner than by any other person," that household articles "possess more value to the owner than to a dealer who estimates their value at what they will sell for as second-hand articles," and that personal clothing "has little or no market value, though unworn, while it may be worth to its owner substantially what it cost."

In McCulley v Cherokee Ins. Co. (1962) 49 Tenn App 713, 359 SW2d 561, an action to recover on a fire insurance policy for the loss of personal property stored in a warehouse, the court rejected the contention of the insurer that because the amount of property damage awarded by the jury was only one-third the valuation thereof which the insured stated in his proof of loss, the overvaluation was such as to avoid the policy as a matter of law, under a provision therein so providing in a case of fraud or false swearing, and justify directing a verdict for the insurers, observing that the discrepancy was large, but according to the weight of authority, even such a difference alone would not as a matter of law establish fraud, false swearing, or overvaluation which would avoid the policy.

False swearing as a matter of law, avoiding a fire insurance policy according to its provisions, was held not established in Toupkin v Federal Ins. Co. (1943) 125 W Va 458, 25 SE2d 212, where surgical and hospital instruments and equipment were insured for $ 6,000, the insured produced evidence of the market value to him which supported the

16 A.L.R.3d 774, *

valuation stated in his proof of loss, at even the maximum figure, considering that the property was unique and that such value was difficult to estimate, the element of his own opinion was an influential factor, and his explanations of the variances were at least partially plausible, if believed, and the jury allowed $ 2,300.

Where the total loss shown in a proof of loss was $ 22,865 for personal property, and $ 40,000 for real estate, and the jury found the value of the personal property destroyed in the fire to be $ 12,262, and the building to be $ 14,000, and it appeared that the insured's proof of loss did not reflect the actual market value of the property destroyed by the fire, much of which was old, but the replacement cost was submitted as the value of the goods, the insured testifying that if he could not obtain an old replacement part he would have to purchase a new one, it was held in Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW2d 737, 16 ALR3d 760, that the above evidence amply supported the jury's factual conclusion that the misrepresentations of the plaintiff in the proof of loss as to the value of the property were not wilfully or falsely made with the intention to deceive the insurer. The court said that overvaluation on one hand and wilful misrepresentation and fraud on the other do not follow ipso facto, and that it could be argued quite fairly that the insured acted in good faith, although he was misguided in his actions.

[*19]    Overvaluation of more than 500 percent but less than 1,000 percent
[*19a]    Held fraudulent

In Hyland v Millers Nat. Ins. Co. (1937, CA9 Cal) 91 F2d 735, reh den 92 F2d 462, cert den 303 US 645, 82 L ed 1107, 58 S Ct 644, recovery on fire insurance policies was held to be precluded, and findings of the trial court that the insured had materially and fraudulently overvalued his property were sustained, where he stated in the proofs of loss that such property, subject to "out of sight" losses, was worth $ 15,645.25, while the trial court found that the out-of-sight loss was not over $ 2,000. The court said that the out-of-sight claim was grossly overstated and that the evidence makes it difficult to see how any other conclusion could have been reached except that the insured was guilty of fraud and false swearing when he swore to his out-of-sight loss.

There was ample evidence to support finding that insured misrepresented material facts in its proof of loss and examination under oath, so as to void fire insurance policy, where insured valued properties at $ 55,000, a figure approximately five times greater than the appraised value of the property set by insurer's appraiser and the price of the property when purchased by the insured just two years earlier. Pogo Holding Corp. v New York Property Ins. Underwriting Asso. (1983, 2d Dept) 97 App Div 2d 503, 467 NYS2d 872, app dismd 61 NY2d 756, 472 NYS2d 920, 460 NE2d 1356 and affd 62 NY2d 969, 479 NYS2d 336, 468 NE2d 291.

[*19b]    Held not fraudulent

"There are numerous cases found in the books where the recovery has been sustained although much less than the amount of loss as the same was estimated in the proofs of loss." Commercial Ins. Co. v Friedlander (1895) 156 Ill 595, 41 NE 183, holding that where the insured estimated the value of a stock of leaf tobacco to be $ 9,840, and the jury returned a verdict of $ 1,277.80, the discrepancy was not such as would avoid the policy on the ground of fraudulent overvaluation.

In Wolf v Goodhue Fire Ins. Co. (1864, NY) 43 Barb 400, affd 41 NY 620, an action on a fire insurance policy in the amount of $ 1,000 on the stock and fixtures of a watch and jewelry store, the insured in his proof of loss valued the property at slightly over $ 3,100 and the goods destroyed or damaged at slightly over $ 3,000, and the fact that the jury found that goods of the value of slightly over $ 400 were destroyed or damaged was held not to establish conclusively that fraud was present or that the jury so believed, upon the ground that there was a possibility of legitimate, if great, differences of opinion as to the value of such property.

In Merchants' Nat. Bank v Insurance Co. of N.A. (1878) 4 Ohio Dec Reprint 340, 1 Cleve LR 339, wherein it appeared that the insured had placed a valuation of $ 11,000 on a stock of liquors, the jury found the actual value to be only $ 1,400, but did not find that the overvaluation had been fraudulently made.

In Dickerson v Great American Ins. Co. (1942) 125 W Va 135, 23 SE2d 117, an action on a $ 30,000 fire policy insuring sawed lumber, although the cash value of the lumber burned and damaged was stated in a sworn proof of loss to be somewhat in excess of $ 43,900, and the jury returned a verdict finding the total loss to be somewhat in excess of $ 8,700, the discrepancy was held not to show fraud or false swearing as a matter of law, so as to avoid the policy according to its terms, where there was evidence which, if believed, would have sustained the valuation asserted in the proof of loss, as opposed to the evidence produced by the insurer which the jury made the basis of its finding. The court said that

on such a record the sole fact that there was a great disparity between the amount claimed and that found by the jury did not bring the case within the rule of cases in which the evidence presented by the insurer to show an actual loss in a lesser sum than that claimed in the insured's proof of loss was uncontradicted, since because of the conflict on that point between the evidence of the insured and that of the insurer it could not be said as a matter of law that the insured swore falsely.

[*20]    Overvaluation exceeding 1,000 percent

An overvaluation in excess of 1,000 percent has been held to demand or warrant a finding of fraud and false swearing in all the cases within the scope of this annotation in which this situation existed.

In Newman v Firemen's Ins. Co. (1944) 67 Cal App 2d 386, 154 P2d 451, fraud and false swearing within the meaning of a fire insurance policy provision for avoidance for those reasons were found after a trial by the court, and a judgment for the insurer was affirmed, upon evidence that the insured, with knowledge of the facts and an intention to induce the insurer to pay the amount claimed, in his proof of loss fixed the value of a building loss at $ 4,000, when it did not exceed $ 750, and the value of the contents at $ 8,000, when it did not exceed $ 200. The court said that upon the evidence presented, an inference of intentional falsity was more reasonably consistent with the facts than an inference of good faith, and that it could not be said, therefore, that the facts warranted any presumption of mistake or misapprehension on the part of the insured.

In New York Underwriters' Ins. Co. v Mullins (1932) 244 Ky 788, 52 SW2d 697, an action on a fire insurance policy providing for forfeiture for fraud or false swearing, the court held that upon those issues a jury question was presented, where the insured made and submitted proofs of loss valuing the merchandise insured in excess of $ 3,600, based upon an inventory shown to have been made merely from memory and to be so faulty and unreliable that his testimony on the subject at the trial was held inadmissible, and where other evidence strongly indicated that its value was less than $ 200.

In Claxton v Fidelity & Guaranty Fire Corp. (1937) 179 Miss 556, 175 So 210, where a fire insurance policy insured the furniture and fixtures in a dwelling in the amount of $ 1,000, the court sustained a finding of fraud and false swearing in a sworn proof of loss sufficient to avoid the protection of the policy as to personal property, upon evidence that the insured claimed damages for the loss of a piano and fixed its value at $ 500, when at the time of the fire it was not worth more than $ 25 to $ 50 and was not wholly destroyed, and he knew or should have known all the relative facts, and it appeared that the insured later admitted that he had owned the piano for more than 20 years, instead of 5 or 6 years as he swore on an examination, and that perhaps he had overvalued it.

In Furlong v Agricultural Ins. Co. (1892, Sup) 45 NYSR 856, 18 NYS 844, wherein it appeared that the insured, in his proof of loss, estimated the value of personal property at $ 1,161, and the jury found the valuation to be less than $ 100, it was held that the discrepancy showed fraud sufficient to avoid the policy. The court pointed out that there was a very great disparity between the value as found by the jury of the personal property and the amount stated in the proof of loss; that such a disparity has been held in some cases sufficient of itself to require the finding of fraud; and that it was difficult to see how, upon the insured's own evidence, so large an exaggeration could be honestly attributed to a mistake.

[*V]    Procedural aspects

[*21]    Generally

Matters of practice and procedure in actions involving an overvaluation of the property insured in the proofs of loss are governed in the main by the rules applicable generally to actions arising ex contractu, and therefore constitute but an application of these rules to particular circumstances. n7 In this division, only two questions are dealt with separately, namely, the matter of presumptions and burden of proof, and the matter of fraudulent intent as a question for the jury or the factfinders, since questions relating to the weight and sufficiency of the evidence have been treated in connection with individual cases throughout this annotation.

[*22]    Presumption and burden of proof

Page 47

In accordance with the general rule governing the question in the case of breach of conditions, warranties, and representations, n8 it appears to be well established that no presumption of fraud arises from a mere overvaluation, and that the burden is upon the insurance company to prove that the insured's statement in the proof of loss was intentionally false so as to void the policy. The following statements illustrate the general acceptance of this rule.

Stating that the rule that under the policy provision a forfeiture results when the insured falsely and fraudulently misrepresents the amount of his loss, even though there is no showing of any prejudicial detriment suffered by the insurer, is obviously harsh, the court in Badger Mut. Ins. Co. v Morgan (1963, CA5 Fla) 313 F2d 783, added that for this reason the courts will protect valuable contract rights by placing the heavy burden on the insurer of establishing that the conduct complained of was wilful and purposeful, and was substantially material in the circumstances and must have been designed "to cheat and deceive."

A mere overvaluation in a proof of loss by fire is not conclusive of fraud; there must have been an intent to deceive, and in the absence of satisfactory proof of an intent to deceive an overvaluation will be presumed to have been innocent and not fraudulent. Imperial Assur. Co. v Joseph Supornick & Son, Inc. (1950, CA8 Minn) 184 F2d 930.

In an action to recover on a fire insurance policy in which the insurer alleges that a valuation of the property destroyed, stated in a proof of loss, is fraudulent or constitutes false swearing, the burden is upon it to prove the defense "by clear and convincing evidence." Woods v Insurance Co. of Texas (1956, DC Alaska) 146 F Supp 82.

In Singleton v Hartford Fire Ins. Co. (1932) 127 Cal App 635, 16 P2d 293, the court reiterated and approved the proposition that ordinarily, whether fraud is to be inferred from an overvaluation of insured property in proofs of loss is a question of fact, that no presumption of fraud arises from a mere overvaluation, and that the burden is not cast upon the insured to prove that his statement was not intentionally false. The court also held that there was no prejudicial error in instructing the jury, in relation to the effect of overvaluation, that where a question of fraud is presented, if there are two inferences equally reasonable and equally susceptible of being drawn from the proved facts, the one favoring fair dealing and the other favoring corrupt practice, it is the duty of the jury to draw the inference favorable to the former, and that fraud must be proved, though not necessarily by direct evidence, but when the defendant's case goes no further than to establish a state of facts from which an inference of fraud may or may not be reasonably drawn, he has failed to establish his case by a preponderance of the evidence, and it becomes the jury's duty to find in favor of innocence and uprightness.

In a case within the factual scope of this subject, it was said that fraud in fixing a valuation of property in a proof of loss is never imputed except on legal and convincing evidence produced by the insurer who alleges it, and therefore the latter has the burden of proving not only that the insured made a misrepresentation in the premises but also that he knowingly did so. Garnier v Aetna Ins. Co. (1935) 181 La 426, 159 So 705.

It was stated in United States Fire Ins. Co. v Merrick (1937) 171 Md 476, 190 A 335, that fraud is never presumed and that the burden of proof is upon the insurer to establish such fact.

Similarly, it was stated in Gechijian v Richmond Ins. Co. (1937) 298 Mass 487, 11 NE2d 478, that an intent to defraud is not to be presumed, and that all reasonable allowance must be made for lack of knowledge or sound judgment or for honest mistake on the part of the insured, as well as for the tendency to believe that which is to one's own interest.

An overestimate of the amount of a loss by fire, in a proof of loss, which is attributable to inexperience, carelessness in keeping records, and lack of knowledge or sound judgment is insufficient to support a finding that there was fraud, within the meaning of a provision for avoidance of the policy for that reason. Lititz Mut. Ins. Co. v Miller (1951, Miss) 50 So 2d 221, where it was observed that the court will not presume the existence of an intent to defraud, but will make every reasonable allowance for lack of knowledge or sound judgment, or for honest mistake of the insured, as well as the tendency "to believe that which is to one's own interest."

When insured can only prove small percentage of claimed loss, presumption arises that proof of loss is false, presumption becoming conclusive upon proof that amounts claimed and proved are grossly disparate and explanation tendered is unreasonable. Saks & Co. v Continental Ins. Co. 23 NY2d 161, 295 NYS2d 668, 242 NE2d 833.

[*23]    --Verdict for lesser amount as proof of fraud

Overvaluation, even to a substantial degree, in a proof of loss is not considered to furnish conclusive proof of fraud within the meaning of a fraud and false-swearing clause in a fire insurance policy. Accordingly, it has been held in the

following cases that the fact that a jury returns a verdict or a finding is made for the recovery of less than the amount claimed by the insured is not proof of fraud such as will bar a recovery on the policy.

United States--

Jose Rivera Soler & Co. v United Firemen's Ins. Co. (1936) 299 US 45, 81 L ed 30, 57 S Ct 54.
Badger Mut. Ins. Co. v Morgan (1963, CA5 Fla) 313 F2d 783.
Yates v State Farm Fire & Casualty Co. (CA5 Fla) 417 F2d 766.
Palace Cafe v Hartford F. Ins. Co. (1938, CA7 Ind) 97 F2d 766, cert den 305 US 634, 83 L ed 407, 59 S Ct 102.
Gipps Brewing Corp. v Central Mfrs' Mut. Ins. Co. (1945, CA7 Ill) 147 F2d 6.
Spring Garden Ins. Co. v Amusement Syndicate Co. (1910, CA8 Kan) 178 F 519.
Atlas Assur. Co. v Hurst (1926, CA8 Mo) 11 F2d 250.
New York Underwriters' F. Ins. Co. v Malham & Co. (1928, CA8 Ark) 25 F2d 415.
Wiede v Insurance Co. of North America (1871, CC Minn) F Cas No 17617; Mack & Co. v Lancashire Ins. Co. (1880, CC Mo) 2 McCrary 211, 4 F 59; Morgan v Badger Mut. Ins. Co. (1960, DC Fla) 181 F Supp 496 (recognizing rule);
Goodwin v Maryland Casualty Co. (1964, DC Okla) 233 F Supp 81..
Buffalo Ins. Co. v Amyx (1958, CA10 Okla) 262 F2d 898.
Transportation Ins. Co. v Hamilton (1963, CA10 Okla) 316 F2d 294.

California-----

Helbing v Svea Ins. Co. (1880) 54 Cal 156.
Obersteller v Commercial Assur. Co. (1892) 96 Cal 645, 31 P 587.
Pedrotti v American Nat. F. Ins. Co. (1928) 90 Cal App 668, 266 P 376.

Connecticut----

Castoldi v Hartford County Mut. Fire Ins. Co. (1959) 21 Conn Supp 265, 154 A2d 247.

Georgia--------

Liverpool & London & Globe Ins. Co. v Stuart (1942) 67 Ga App 184, 19 SE2d 822.

Idaho----------

Boise Asso. of Credit Men v United States F. Ins. Co. (1927) 44 Idaho 249, 256 P 523.
Young v California Ins. Co. (1935) 55 Idaho 682, 46 P2d 718.

Illinois-------

Rockford Ins. Co. v Nelson (1874) 75 Ill 548.
Commercial Ins. Co. v Friedlander (1895) 156 Ill 595, 41 NE 183.
Weininger v Metropolitan Fire Ins. Co. (1935) 359 Ill 584, 195 NE 420, 98 ALR 169.
Commercial Cabinet Co. v North British Mercantile Ins. Co. (1921) 220 Ill App 453.
Jay-Bee Realty Corp. v Agricultural Ins. Co. (1943) 320 Ill App 310, 50 NE2d 973.

Indiana--------

Franklin Ins. Co. v Culver (1855) 6 Ind 137.

Iowa-----------

Erb v German-American Ins. Co. (1896) 98 Iowa 606, 67 NW 583, 40 LRA 845.
Goldstein v St. Paul F. & M. Ins. Co. (1904) 124 Iowa 143, 99 NW 696.
Helm v Anchor Fire Ins. Co. (1906) 132 Iowa 177, 109 NW 605.

16 A.L.R.3d 774, *

Kentucky-------

Connecticut F. Ins. Co. v Union Mercantile Co. (1914) 161 Ky 718, 171 SW 407.
Insurance Co. of North America v McCraw (1934) 255 Ky 839, 75 SW2d 518.

Louisiana------

Beck v Germania Ins. Co. (1871) 23 La Ann 510.
Israel v Teutonia Ins. Co. (1876) 28 La Ann 689.
Dunn v Springfield F. & M. Ins. Co. (1902) 109 La 520, 33 So 585.

Maine----------

Moore v Protection Ins. Co. (1848) 29 Me 97.
Williams v Phoenix F. Ins. Co. (1871) 61 Me 67.
Austin v Maine Farmers' Mut. F. Ins. Co. (1927) 126 Me 478, 139 A 681, 56 ALR 384.

Michigan-------

Tiefenthal v Citizens' Mut. F. Ins. Co. (1884) 53 Mich 306, 19 NW 9.
Barrett v Connecticut F. Ins. Co. (1917) 195 Mich 209, 161 NW 916.
Campbell v Great Lakes Ins. Co. (1924) 228 Mich 636, 200 NW 457.

Minnesota------

Hodge v Franklin Ins. Co. (1910) 111 Minn 321, 126 NW 1098.

Missouri-------

Schulter v Merchants' Mut. Ins. Co. (1876) 62 Mo 236.

Nevada---------

Gerhauser v North British & M. Ins. Co. (1871) 7 Nev 174.

New York-------

Unger v People's F. Ins. Co. (1871) 4 Daly 96.
Scheider v Corby (1878) 15 Hun 493.
Dolan v Aetna Ins. Co. (1880) 22 Hun 396.
Davis v Guardian Assur. Co. (1895) 87 Hun 414, 34 NYS 332, affd 155 NY 682, 50 NE 1116.
Hirschman v Fireman's Fund Ins. Co. (1910, City Ct NY) 123 NYS 781.
Mayfair Leather Products v Piedmont Fire Ins. Co. (1951, Sup) 105 NYS2d 802.
Wolf v Goodhue Fire Ins. Co. (1864) 43 Barb 400, affd 41 NY 620.

North Dakota---

Griffin v Implement Dealers' Mut. Fire Ins. Co. (1933) 64 ND 146, 250 NW 780.

Ohio-----------

Merchants' Nat. Bank v Insurance Co. of N.A. (1878) 4 Ohio Dec Reprint 340, 1 Cleve LR 339.

Oklahoma-------

Alliance Ins. Co. v Woods (1938) 182 Okla 620, 79 P2d 573.

Pennsylvania---

Post v American Cent. Ins. Co. (1912) 51 Pa Super 352.
Clingerman v Everett Cash Mut. Fire Ins. Co. (1936) 124 Pa Super 89, 188 A 93.

South Carolina-

Mulkey v United States Fidelity & Guaranty Co. (1963) 243 SC 121, 132 SE2d 278.

Tennessee------

McCulley v Cherokee Ins. Co. (1962) 49 Tenn App 713, 359 SW2d 561.

Texas----------

Pelican Ins. Co. v Schwartz (1892, Tex) 19 SW 374.
Fidelity Phenix Fire Ins. Co. v Sadau (1915, Tex Civ App) 178 SW 559.
American Central Ins. Co. v Borschow (1928, Tex Civ App) 5 SW2d 829.
Phoenix Ins. Co. v Shearman (1897) 17 Tex Civ App 456, 43 SW 930, motion for reh den 17 Tex Civ App 459, 43 SW 1063.

Washington-----

Rasmusson v North Coast F. Ins. Co. (1915) 83 Wash 569, 145 P 610, LRA1915C 1179.

West Virginia--

Dickerson v Great American Ins. Co. (1942) 125 W Va 135, 23 SE 2d 117.
Toupkin v Federal Ins. Co. (1943) 125 W Va 458, 25 SE2d 212.

Wisconsin------

Dogge v Northwestern Nat. Ins. Co. (1880) 49 Wis 501, 5 NW 889.
Wiesman v American Ins. Co. (1924) 184 Wis 523, 199 NW 55, motion to amend mandate den 184 Wis 535, 200 NW 304.
Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW2d 737, 16 ALR3d 760.

In Buffalo Ins. Co. v Amyx (1958, CA10 Okla) 262 F2d 898, holding that the fact that the verdict of the jury for the amount of loss, in an action on a fire insurance policy, was for only approximately one-half of the valuation of property lost, stated in the proof of loss, was not conclusive evidence of fraud or false swearing, the court considered that there was no error in instructing the jury on this issue that if they believed the reasonable value of the property was less than the proof of loss valuation but also believed the insured was honestly and in good faith mistaken and did not in any way deliberately try to deceive the insurers, they should determine the reasonable value of the property destroyed and fill in the amount they so found to be reasonable, on a submitted interrogatory.

In Boise Asso. of Credit Men v United States F. Ins. Co. (1927) 44 Idaho 249, 256 P 523, it has been held that misstatements of the values of insured property which were not so gross or unreasonable as to import total unreliability or wrongdoing would not alone permit an inference that they were made deliberately, wilfully, and knowingly, and that guilty knowledge and purpose could not be based alone on the discrepancies between values stated and those finally established, but must be based on additional evidence or circumstances sufficient to permit an inference thereof.

The fact that there is a difference between the value stated by the insured in his proof of loss and the value proved on the trial is not necessarily evidence of fraud sufficient to avoid the policy. Beck v Germania Ins. Co. (1871) 23 La Ann 510, wherein the court said: "The difference between the amount sworn to by him and the value proven on the trial,

is not necessarily evidence of fraud and false swearing on his part, and the circumstances of this case are not such as to impose on him any further explanation of the discrepancy than the record contains. It is often extremely difficult, if not impossible, to prove the exact value of goods insured in an open policy, and merchants may always be supposed to consider their goods worth more than they give for them." See also Israel v Teutonia Ins. Co. (1876) 28 La Ann 689.

And in Barrett v Connecticut F Ins. Co. (1917) 195 Mich 209, 161 NW 916, an action on a fire insurance policy, the court held that evidence claimed to show conclusively concealment, misrepresentation of a material fact, and fraud and false swearing, made by the policy grounds for its avoidance, presented a question of the intent of the insured for determination by the jury, where it appeared that the insured prepared and submitted proofs of loss which she stated contained a correct and full inventory of the property destroyed, with the cost and cash value of each article and the amount of loss, aggregating $ 1608, and that the jury returned a verdict for an amount slightly in excess of $ 965, after the trial judge had refused to direct a verdict for the insurer upon the ground that its defense was established as a matter of law.

Fact that insured did not recover for all items claimed does not establish fraud as matter of law so long as there is some basis to indicate that claim was made in good faith. Saks & Co. v Continental Ins. Co. 23 NY2d 161, 295 NYS2d 668, 242 NE2d 833.

In Unger v People's F. Ins. Co. (1871, NY) 4 Daly 96, the court said: "The fact that the plaintiffs in their preliminary proofs, and in their testimony on the trial, swore that their loss was about $ 3,489.03 more than the referees found it to be, is not even presumptive evidence of false swearing or of fraud. If it were, then it would be dangerous for the insured to make, in any case, a claim of loss, or to attempt to prove it in court, lest the referees or jury should find for them less than they claimed, and their policies be avoided. They have the right to testify to what they believe to be their loss, and no matter how much that may exceed their recovery, no fraud can be predicated of a result which is due to the judgment of the tribunal alone, unless two points be established against them, i. e., that there were no such goods of such value destroyed, and that the insured knew, or must have known, the fact when they swore to their preliminary proof of loss; otherwise it is the misfortune, and not the crime, of the claimants that the court or jury refused to award them the full sum they swore to. The report of referees or verdict of a jury for a lesser sum, when based on evidence sufficient to support it, is deemed conclusive for the purposes of the particular action as to the actual loss, whether the finding be attacked by the insured or the insurer, but it is not conclusive of false swearing or fraud, particularly where it is not based on positive testimony as to that amount, and that only given in contradiction of the insured."

Fraud is not necessarily established when it is shown that the value stated in a proof of loss by fire is in excess of the value proved during the trial in an action on a policy of fire insurance, for such a statement may have been made in good faith. Mulkey v United States Fidelity & Guaranty Co. (1963) 243 SC 121, 132 SE2d 278.

Similarly, it was stated in Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW2d 737, 16 ALR3d 760: "[w]here a party acts in good faith and with the honest belief that the property was worth the amount claimed, an excess found by the jury will not avoid recovery where intent to defraud is not shown."

[*24]    Fraudulent intent as question for jury or factfinder

Many cases hold that where it appears from the evidence that there was an overestimate of value of the insured property in the proofs of loss, it is a question of fact for the jury to determine whether the insured acted honestly and in good faith in making such valuation, or whether there was an intention on his part to defraud the insurer.

United States--

Jose Rivera Soler & Co. v United Firemen's Ins. Co. (1936) 299 US 45, 81 L ed 30, 57 S Ct 54.
Schmutz v Employees' Fire Ins. Co. (1935, CA2 NY) 76 F2d 119.
See also Miller v Alliance Ins. Co. (1881, CC NY) 19 Blatchf 308, 7 F 649..
Globe & Rutgers Fire Ins. Co. v Stallard (1934, CA4 Va) 68 F2d 237.
American Ins. Co. v Vann (1941, CA4 NC) 118 F2d 1004.
Royal Exchange Assur. v Fraylon (1955, CA4 NC) 228 F2d 351.
Home Ins. Co. v Eisenson (1950, CA5 Fla) 181 F 2d 416.
Canners Exchange Subscribers v North American Canning Co. (1952, CA5 Fla) 194 F2d 588.
Badger Mut. Ins. Co. v Morgan (1963, CA5 Fla) 313 F2d 783.

Cooper v Firemen's Ins. Co. (1945, CA6 Mich) 148 F2d 337.

National F. Ins. Co. v Renier (1927, CA7 Wis) 22 F2d 671.

National Union F. Ins. Co. v Kaplan (1930, CA7 Ill) 41 F2d 569, cert den 282 US 887, 75 L ed 782, 51 S Ct 90.

Palace Cafe v Hartford F. Ins. Co. (1938, CA7 Ind) 97 F2d 766, cert den 305 US 634, 83 L ed 407, 59 S Ct 102.

Sundquist v Camden Fire Ins. Asso. (1941, CA7 Ill) 119 F2d 955, cert den 314 US 658, 86 L ed 527, 62 S Ct 110.

Gipps Brewing Corp. v Central Mfrs' Mut. Ins. Co. (1945, CA7 Ill) 147 F2d 6.

Tenore v American & Foreign Ins. Co. (1958, CA7 Ill) 256 F2d 791, cert den 358 US 880, 3 L ed 2d 110, 79 S Ct 119.

Damico v Firemen's Fund Ins. Co. (1925, CA8 Mo) 5 F2d 318.

Atlas Assur. Co. v Hurst (1926, CA8 Mo) 11 F2d 250.

New York Underwriters' F. Ins. Co. v Malham & Co. (1928, CA8 Ark) 25 F2d 415.

Michigan F. & M. Ins. Co. v National Surety Corp. (1946, CA8 Minn) 156 F2d 329.

Wiede v Insurance Co. of North America (1871, CC Minn) F Cas No. 17617; Mack & Co. v Lancashire Ins. Co. (1880, CC Mo) 2 McCrary 211, 4 F 59; Oshkosh Packing & Provision Co. v Mercantile Ins. Co. (1887, CC Wis) 31 F 200; Joiner v Firemen's Ins. Co. (1934, DC NC) 6 F Supp 103; Woods v Insurance Co. of Texas (1956, DC Alaska) 146 F Supp 82; Tru-Fit Clothes, Inc. v Underwriters at Lloyd's London (1957, DC Md) 151 F Supp 136; Morgan v Badger Mut. Ins. Co. (1960, DC Fla) 181 F Supp 496 (recognizing rule); Wisconsin Screw Co. v Fireman's Fund Ins. Co. (1960, DC Wis) 193 F Supp 96, affd (CA7) 297 F2d 697; Goodwin v Maryland Casualty Co. (1964, DC Okla) 233 F Supp 81.

Baldwin v Bankers & Shippers Ins. Co. (1955, CA9 Cal) 222 F2d 953.

Hargrove v American Cent. Ins. Co. (1942, CA10 Okla) 125 F2d 225.

Buffalo Ins. Co. v Amyx (1958, CA10 Okla) 262 F2d 898.

Transportation Ins. Co. v Hamilton (1963, CA10 Okla) 316 F2d 294.

Insurance Cos. v Weide (Republic F. Ins. Co. v Weide) (1872) 14 Wall 375, 20 L ed 894.


Alabama--------

Tubb v Liverpool & L. & G. Ins. Co. (1894) 106 Ala 651, 17 So 615.


Arkansas-------

Seaboard Ins. Co. v Caver (1944) 207 Ark 1038, 183 SW2d 922.


California-----

Clark v Phoenix Ins. Co. (1868) 36 Cal 168.

Helbing v Svea Ins. Co. (1880) 54 Cal 156.

Obersteller v Commercial Assur. Co. (1892) 96 Cal 645, 31 P 587.

Pedrotti v American Nat. F. Ins. Co. (1928) 90 Cal App 668, 266 P 376.

Singleton v Hartford Fire Ins. Co. (1930) 105 Cal App 320, 287 P 529.

Singleton v Hartford Fire Ins. Co. (1932) 127 Cal App 635, 16 P2d 293.

Newman v Firemen's Ins. Co. (1944) 67 Cal App 2d 386, 154 P2d 451.


Colorado-------

Western Assur. Co. v Bronstein (1925) 77 Colo 408, 236 P 1013.


Connecticut----

Castoldi v Hartford County Mut. Fire Ins. Co. (1959) 21 Conn Supp 265, 154 A2d 247.


Florida--------

Berkshire Mut. Ins. Co. v Moffett (CA5 Fla) 378 F2d 1007 (applying Florida law).


Georgia--------

16 A.L.R.3d 774, *

Liverpool & London & Globe Ins. Co. v Stuart (1942) 67 Ga App 184, 19 SE2d 822.

Illinois-------

See Commercial Ins. Co. v Friedlander (1895) 156 Ill 595, 41 NE 183..
Weininger v Metropolitan Fire Ins. Co. (1935) 359 Ill 584, 195 NE 420, 98 ALR 169.
Ledford v Hartford Fire Ins. Co. (1911) 161 Ill App 233.
Commercial Cabinet Co. v North British Mercantile Ins. Co. (1921) 220 Ill App 453.
Jay-Bee Realty Corp. v Agricultural Ins. Co. (1943) 320 Ill App 310, 50 NE2d 973.

Indiana--------

Franklin Ins. Co. v Culver (1855) 6 Ind 137.

Iowa-----------

Stone v Hawkeye Ins. Co. (1886) 68 Iowa 737, 28 NW 47;Goldstein v St. Paul F. & M. Ins. Co. (1904) 124 Iowa 143, 99 NW 696.
Helm v Anchor F. Ins. Co. (1906) 132 Iowa 177, 109 NW 605.

Kentucky-------

Western Assur. Co. v Ray (1899) 105 Ky 523, 49 SW 326.
Springfield F. & M. Ins. Co. v Shapoff (1918) 179 Ky 804, 201 SW 1116.
Davis v Henry Clay F. Ins. Co. (1926) 216 Ky 715, 288 SW 674.
Hanover F. Ins. Co. v Coffman (1927) 218 Ky 568, 291 SW 725.
Stokes v Huddleston (1929) 227 Ky 613, 13 SW2d 784.
New York Underwriters' Ins. Co. v Mullins (1932) 244 Ky 788, 52 SW2d 697.
Insurance Co. of North America v McCraw (1934) 255 Ky 839, 75 SW2d 518.
Pennsylvania Fire Ins. Co. v Thomason (1943) 293 Ky 142, 168 SW2d 547.

Louisiana------

Perot v Carolina Ins. Co. (1937, La App) 171 So 458.

Maine----------

Moore v Protection Ins. Co. (1848) 29 Me 97.
Williams v Phoenix F. Ins. Co. (1871) 61 Me 67.
Archibald v Granite State F. Ins. Co. (1918) 117 Me 205, 103 A 162.
Austin v Maine Farmers' Mut. F. Ins. Co. (1927) 126 Me 478, 139 A 681, 56 ALR 384.

Massachusetts--

Goldstein v Franklin Mut. F. Ins. Co. (1898) 170 Mass 243, 49 NE 115.

Michigan-------

Tiefenthal v Citizens' Mut. F. Ins. Co. (1884) 53 Mich 306, 19 NW 9.
Barrett v Connecticut F. Ins. Co. (1917) 195 Mich 209, 161 NW 916.
Campbell v Great Lakes Ins. Co. (1924) 228 Mich 636, 200 NW 457.

Minnesota------

16 A.L.R.3d 774, *

Hodge v Franklin Ins. Co. (1910) 111 Minn 321, 126 NW 1098.
Studer v Hudson Ins. Co. (1930) 179 Minn 289, 229 NW 88.
Foot v Yorkshire Fire Ins. Co. (1939) 205 Minn 478, 286 NW 400.

Mississippi----

Charles Stores, Inc. v Aetna Ins. Co. (CA5 Miss) 490 F2d 64 (applying Miss law).
Phoenix Ins. Co. v Summerfield (1893) 70 Miss 827, 13 So 253.
Mississippi F. Ins. Co. v Dixon (1923) 133 Miss 570, 98 So 101.
Continental Ins. Co. v Thrash (1955) 223 Miss 344, 78 So 2d 344.

Missouri-------

Gould v M.F.A. Mut. Ins. Co. (1960, Mo App) 331 SW2d 663.

Montana--------

Vukmanovich v State Assur. Co. (1928) 82 Mont 52, 264 P 933.

Nebraska-------

Springfield Fire & Marine Ins. Co. v Winn (1889) 27 Neb 649, 43 NW 401, 5 LRA 841.

Nevada---------

Gerhauser v North British & M. Ins. Co. (1870) 6 Nev 15.

New Hampshire--

Salganik v United States F. Ins. Co. (1922) 80 NH 450, 118 A 815.

New Jersey-----

Carson v Jersey City Ins. Co. (1881) 43 NJL 300, affd 44 NJL 210.

New York-------

Domagalski v Springfield F. & M. Ins. Co. (1926) 218 App Div 187, 218 NYS 164.
Wolf v Goodhue Fire Ins. Co. (1864) 43 Barb 400, affd 41 NY 620; Dolan v Aetna Ins. Co. (1880) 22 Hun 396; Davis v Guardian Assur. Co. (1895) 87 Hun 414, 34 NYS 332, affd 155 NY 682, 50 NE 1116..

North Dakota---

Griffin v Implement Dealers' Mut. Fire Ins. Co. (1933) 64 ND 146, 250 NW 780.

Oklahoma-------

Alliance Ins. Co. v Woods (1938) 182 Okla 620, 79 P2d 573.

Oregon---------

Gibbs v First Nat. Ins. Co. (1935) 151 Or 241, 47 P2d 943.

Pennsylvania---

Williams v Southern Mut. Ins. Co. (1933) 312 Pa 114, 166 A 582.
Williams v Lumbermen's Ins. Co. (1938) 332 Pa 1, 1 A2d 658.
Post v American Cent. Ins. Co. (1912) 51 Pa Super 352.
Zaffuto v Northern Ins. Co. (1933) 109 Pa Super 376, 167 A 298.
Clingerman v Everett Cash Mut. Fire Ins. Co. (1936) 124 Pa Super 89, 188 A 93.
Lobnosky v New York Underwriters Ins. Co. (1941) 145 Pa Super 38, 20 A2d 824 (recognizing rule).

South Carolina-

Mulkey v United States Fidelity & Guaranty Co. (1963) 243 SC 121, 132 SE2d 278.
Nabors v South Carolina Farm Bureau Mut. Ins. Co. (1979) 273 SC 126, 255 SE2d 337 (citing annotation).

Tennessee------

McCulley v Cherokee Ins. Co. (1962) 49 Tenn App 713, 359 SW2d 561.

Texas----------

American Central Ins. Co. v Borschow (1928, Tex Civ App) 5 SW 2d 829.

Vermont--------

Mullin v Vermont Mut. F. Ins. Co. (1886) 58 Vt 113, 4 A 817.

Virginia-------

North British & Mercantile Ins. Co. v Nidiffer (1911) 112 Va 591, 72 SE 130.

Washington-----

Rasmusson v North Coast F. Ins. Co. (1915) 83 Wash 569, 145 P 610, LRA1915C 1179.

West Virginia--

Teter v Franklin F. Ins. Co. (1914) 74 W Va 344, 82 SE 40.
Summers v Automobile Ins. Co. (1932) 113 W Va 197, 167 SE 93 (recognizing rule).
Dickerson v Great American Ins. Co. (1942) 125 W Va 135, 23 SE2d 117.
Toupkin v Federal Ins. Co. (1943) 125 W Va 458, 25 SE2d 212.

Wisconsin------

Beyer v St. Paul F. & M. Ins. Co. (1901) 112 Wis 138, 88 NW 57.
Stebane Nash Co. v Campbellsport Mut. Ins. Co. (1965) 27 Wis 2d 112, 133 NW 2d 737, 16 ALR3d 760.

In Jose Rivera Soler & Co. v United Firemen's Ins. Co. (1936) 299 US 45, 81 L ed 30, 57 S Ct 54, where a claim on a fire insurance policy was held not conclusively demonstrated to be fraudulent, so as to avoid the policy, by the fact that the jury's verdict in an action on the policy was for only about one-half of what was claimed in the sworn proof of loss to be the value of the destroyed property, the court considered that the question of fraud was for the jury and observed that their finding in favor of the insured indicated that they had discovered no fraud, that policy holders may present inaccurate proofs of loss without conscious dishonesty or intent to defraud, that different views of values are common, that memory is faulty, that the insurer and the insured often entertain widely different views concerning the policy, and that evidence cannot always be produced to establish something declared to be true in entire good faith.

Where in an action on a fire insurance policy an overvaluation of property in a sworn proof of loss is material and there is some evidence that it was wilfully and knowingly made to deceive the insurer, the issue of fraud is submissible

Page 56

to a jury. National Union F. Ins. Co. v Kaplan (1930, CA7 Ill) 41 F2d 569, cert den 282 US 887, 75 L ed 782, 51 S Ct 90.

In Palace Cafe v Hartford F. Ins. Co. (1938, CA7 Ind) 97 F2d 766, cert den 305 US 634, 83 L ed 407, 59 S Ct 102, the court, upholding a recovery under a policy issued by a fire insurer upon a record showing that the insurance provided for was not excessive and that the insurers inspected the property and their agent checked its value before the loss, concluded that the questions of fraud and false swearing as to value in the proof of loss, upon conflicting evidence, were for the jury, saying that a misstatement wilfully made will avoid a policy but an innocent mistake will not, that the adjuster explained discrepancies between the items in the proofs of loss and the figures produced at the trial, and whether these were to be believed and whether he wilfully made false misstatements were questions of fact, that a discrepancy between the amount fixed in a claim for loss and the amount of a settlement or a judgment is not proof, as a matter of law, of a fraudulent intent to misstate the facts, and that a mere exaggeration of the value of property claimed to have been lost or damaged is not fraud unless made wilfully with the intention to mislead the insurer.

In Gipps Brewing Corp. v Central Mfrs' Mut. Ins. Co. (1945, CA7 Ill) 147 F2d 6, the court in an action on a fire insurance policy, speaking of a statement of value made in the proof of loss, said that the rule is well settled that an incorrect statement of value must be shown to have been wilful and made with an intent to defraud the insurer, in order to avoid the policy, that the burden is upon the insurer to establish such defense, and that a reviewing court is bound by a finding of fact thereon by the trial court if it is founded upon any rational basis.

In Buffalo Ins. Co. v Amyx (1958, CA10 Okla) 262 F2d 898, an action on a fire insurance policy, where there was a conflict of evidence as to the value of personal property lost and damaged, it was held that the trial court properly submitted the issues to the jury with instructions to the effect that it was incumbent upon the insured to prove by a fair preponderance of the evidence the reasonable value of the insured property, but that it was also incumbent upon the insurers to prove by the preponderance of the evidence that the policies were avoided by the intentional and deliberate submission of false statements as to the amount of the loss, based upon the valuation of the whole property.

It has been held that it does not inevitably follow from the fact that there is a material discrepancy between the statements as to value made by the insured in the proof of loss, and statements made when testifying on the trial, that the former are false, so as to justify the court in assuming it, and directing a verdict for the insurer. Insurance Cos. v Weide (Republic F. Ins. Co. v Weide) (1872, US) 14 Wall 375, 20 L ed 894, wherein the court said: "It may have been the testimony last given that was not true, or the statements made in the proofs of loss may have been honestly made, though subsequently discovered to be mistaken."

In an action to recover on a fire insurance policy claimed to be avoided by fraud and false swearing in the proofs of loss as to the value of the insured property, it must be concluded from a verdict of the jury favorable to the insured, which is general, that whatever statement he may have made as to value was not knowingly or wilfully fraudulent. Singleton v Hartford Fire Ins. Co. (1932) 127 Cal App 635, 16 P2d 293, where it was held that the trial court correctly instructed the jury that if the statement of value of the property insured, made in the proofs of loss, was not true, it would not avoid the policy unless it was knowingly and wilfully made.

In Franklin Ins. Co. v Culver (1855) 6 Ind 137, the court said: "In the present case, no basis existed by which the amount destroyed could be ascertained with any degree of accuracy. The invoices having been consumed with the goods, and there being no other account of the stock on hand, the statement of the insured could be nothing more than the result of his own deliberate judgment, without the means of testing its correctness by numerical calculation. Whether, in the language of the instruction, he 'knowingly exaggerated his loss,' was for the jury to determine."

In Davis v Henry Clay F. Ins. Co. (1926) 216 Ky 715, 288 SW 674, where there was some evidence of knowingly false and fraudulent overvaluations of property destroyed by fire, in a proof of loss, which were material, the insured claiming a loss of $ 750 as opposed to evidence that it was less than $ 200, the court held that the case was submissible to a jury.

In Hodge v Franklin Ins. Co. (1910) 111 Minn 321, 126 NW 1098, it appeared that the insured, after having filed a proof of loss in which several items of household goods were considerably overvalued, had corrected the same by filing another proof of loss. The court held that it was for the jury to determine whether the overvaluation made in the first proof of loss was done for the purpose of defrauding the insurer, and declined to disturb a verdict in favor of the insured.

It was stated in Gould v M.F.A. Mut. Ins. Co. (1960, Mo App) 331 SW2d 663, that where the owners of property insured by a fire insurance policy in an action thereon admit or their evidence conclusively shows false swearing, it is

Page 57

16 A.L.R.3d 774, *

appropriate for the court to direct a verdict in favor of the insurer, but where the evidence is such that the triers of the facts may draw different inferences and may reach different conclusions on the issue of false swearing, the case should not be taken from the jury.

In Vukmanovich v State Assur. Co. (1928) 82 Mont 52, 264 P 933, the court held that the trial court did not commit error in its refusal to direct a verdict for the insurer on the issue of fraud, where it appeared that the goods destroyed by fire were greatly overvalued. The court said: "It was for the jury to decide if such a person had been guilty of wilful false swearing, with intent to defraud. Apparently, counsel for defendant relies upon the statement itself and plaintiff's weak testimony to show that she had sworn falsely in swearing to the statement as a proof of loss. To what she swore, when examined under oath before the trial, does not appear in the record. 'So complicated a question is one peculiarly for the jury. . . . The jury may not have believed that the application was intentionally false, even in the absence of explanatory evidence.'"

In Williams v Southern Mut. Ins. Co. (1933) 312 Pa 114, 166 A 582, an action on a fire insurance policy, to the insured's claim that there was at the time of the fire $ 304,000 worth of merchandise in the burned building the insurer interposed with an income tax report filed by the insured and duly attested by its officers that there was then on hand only $ 235,000 worth, and the court held that the question of fraudulent intent was one for determination by the jury upon evidence which might establish that the insured kept two sets of books, upon one of which its claim was based, and another upon which its income tax return was based, showing the smaller value.

The general principle was well stated in Mulkey v United States Fidelity & Guaranty Co. (1963) 243 SC 121, 132 SE2d 278, where the court said that overvaluation, while some evidence of fraud, does not amount to fraud as a matter of law where it expresses the bona fide opinion of the insured, and that it becomes a question of fact for the jury whether the insured acted honestly and in good faith in overestimating in the proof of loss the value of the property destroyed or whether the insured intended to defraud the insurer.

[*25]    Fraudulent intent as question of law for court

A discrepancy between an overvaluation fixed in a proof of loss by fire and the valuation of a property loss determined by a verdict or factfinding, which is so large as to import fraud and is not explainable upon any rational basis disclosed by the facts and circumstances, renders recovery insupportable and sufficiently establishes fraud to avoid the policy. Accordingly, it has been held or stated in the following cases that where there is a disparity between the actual value of the property destroyed and the value stated by the insured in his proofs of loss, so great as to plainly evince an intent to deceive and defraud the insurer, the question of fraudulent intent is not one of fact for the jury to determine, but one of law for the court.

United States--

Cuetara Hermanos v Royal Exchange Assur. Co. (1927, CA1 Puerto Rico) 23 F2d 270, cert den 277 US 590, 72 L ed 1002, 48 S Ct 437.
Orenstein v Star Ins. Co. (1926, CA4 SC) 10 F2d 754.
Morgan v Badger Mut. Ins. Co. (1960, DC Fla) 181 F Supp 496 (recognizing rule).
Cooper v Firemen's Ins. Co. (1945, CA6 Mich) 148 F2d 337 (recognizing rule).
Tenore v American & Foreign Ins. Co. (1958, CA 7 Ill) 256 F2d 791, cert den 358 US 880, 3 L ed 2d 110, 79 S Ct 119.
Hyland v Millers Nat. Ins. Co. (1937, CA9 Cal) 91 F2d 735, reh den 92 F2d 462, cert den 303 US 645, 82 L ed 1107, 58 S Ct 644.

Idaho----------

Boise Asso. of Credit Men v United States F. Ins. Co. (1927) 44 Idaho 249, 256 P 523.

Illinois-------

Kavooras v Insurance Co. of Illinois (1912) 167 Ill App 220.
Appa v Pennsylvania Fire Ins. Co. (1940) 307 Ill App 85, 30 NE2d 100.

16 A.L.R.3d 774, *

Louisiana------

Alfred Hiller Co. v Insurance Co. of North America (1910) 125 La 938, 52 So 104, 32 LRA NS 453.

Maine----------

Wall v Howard Ins. Co. (1862) 51 Me 32.
Rovinsky v Northern Assur. Co. (1905) 100 Me 112, 60 A 1025.
Pottle v Liverpool & L. & G. Ins. Co. (1911) 108 Me 401, 81 A 481.

Missouri-------

Gould v M.F.A. Mut. Ins. Co. (1960, Mo App) 331 SW2d 663.

New York-------

Anibal v Insurance Co. of N.A. (1903) 84 App Div 634, 82 NYS 600.
Demarest v Westchester Fire Ins. Co. (1932) 234 App Div 556, 255 NYS 325, app dismd 259 NY 627, 182 NE 209.
Sternfeld v Park Fire Ins. Co. (1888) 50 Hun 262, 2 NYS 766; Furlong v Agricultural Ins. Co. (1892, Sup) 45 NYSR 856, 18 NYS 844.
Hirschman v Fireman's Fund Ins. Co. (1910, City Ct NY) 123 NYS 781.
Simon Cloak & Suit Co. v Aetna Ins. Co. (1912, City Ct NY) 141 NYS 553.

Oregon---------

Fire Asso. of Philadelphia v Allesina (1907) 49 Or 316, 89 P 960.

West Virginia--

Riley v Aetna Ins. Co. (1917) 80 W Va 236, 92 SE 417, LRA1917E 983.
Mazzella v Hanover Fire Ins. Co. (1934) 114 W Va 728, 174 SE 521.

And in Cuetara Hermanos v Royal Exchange Assur. Co. (1927, CA1 Puerto Rico) 23 F2d 270, cert den 277 US 590, 72 L ed 1002, 48 S Ct 437, supra, the court refused to disturb a directed verdict for the insurer by the trial court on the issue of fraud, where it appeared that the loss by fire was highly and grossly overestimated.

While ordinarily the question of fraud or false swearing under a provision avoiding a fire insurance policy upon those grounds is a question of fact to be determined by a jury or by the trial court, there is a point at which an overvaluation given in a sworn proof of loss, within the scope of the facts established by the record, is so gross, unreasonable, or fantastic as to import fraud and false swearing, strip the statement of any implication of innocence, and as a matter of law, preclude recovery of any sum under the policy. Tenore v American & Foreign Ins. Co. (1958, CA7 Ill) 256 F2d 791, cert den 358 US 880, 3 L ed 2d 110, 79 S Ct 119.

Losses resulting from fire damage to restaurant building, equipment, and inventory were not recoverable, as matter of law, by insured restaurant owners under fire insurance policy providing for voiding of entire policy if insured willfully concealed or misrepresented any material facts, where evidence showed that owners, pursuant to plan involving public insurance adjuster retained by them, had knowingly and willfully exaggerated extent of loss by overvaluing many items, duplicating numerous claims, and claiming for items not in fact damaged. Lykos v American Home Assur. Co. (1978, DC Ill) 452 F Supp 533.

It was stated in Boise Asso. of Credit Men v United States F. Ins. Co. (1927) 44 Idaho 249, 256 P 523, that while a false statement of value in the proofs of loss must be knowingly and wilfully made, and with fraudulent intent, in order to avoid the policy, yet there may be cases where the misstatement is so gross as to furnish in itself the basis for the inference of wilfulness and knowledge of falsity. The court added that it will seldom happen that a case is rested upon the mere fact of falsity in the statement, and that usually, the circumstances under which it was made, the opportunity of the person making it to know the truth, and other facts bearing upon the scienter, appear from the evidence.

Page 59

As was pointed out in the opinion of the court in Sternfeld v Park Fire Ins. Co. (1888) 50 Hun 262, 2 NYS 766, where no other conception of the misrepresentation of the loss obtains, but that it was made to deceive the insurer, it becomes incumbent on the court to find fraud and to decree judgment in favor of the insurer.

Where it appears by the insured's own showing that the statements of value were knowingly and intentionally exaggerated, the court should declare the policy forfeited; and where the discrepancy between a representation of the insured and the finding of fact by the jury is very great, a limit will be reached where the court will intervene and decide as a matter of law that the amount of the error is consistent only with bad faith. Hirschman v Fireman's Fund Ins. Co. (1910, City Ct NY) 123 NYS 781.

So, in Simon Cloak & Suit Co. v Aetna Ins. Co. (1912, City Ct NY) 141 NYS 553, it was said that "unquestionably, where the loss is capable of more or less accurate ascertainment, a gross overvaluation of the goods destroyed compels the court to determine as a matter of law that intentional fraud was "attempted." The court added: "In order to determine the existence of fraud because of overestimation, the evidence must be conclusive against mistake or misapprehension."

In Riley v Aetna Ins. Co. (1917) 80 W Va 236, 92 SE 417, LRA1917E 983, it was held that where there is a disparity between the actual value of the property destroyed and the value stated by the insured in his proof of loss, so great as to show an intent to deceive and defraud the insurer, the question is not one of fact for the jury to determine, but one of law for the court, and the insurer is entitled to an instruction directing a verdict in its favor.

## FOOTNOTES

n1  This annotation supersedes those in 20 ALR 1164 and 56 ALR 390.

n2  For the purposes of this annotation "overvaluation" means any valuation by the insured in the proofs of loss which exceeds the valuation put on the same property by the trier of fact.

n3  As to fraud of, or false swearing by, agent or spouse, see Am Jur, Insurance (Rev ed § 1423).

n4  As used here the term comprises real and personal property which has been identified and made definite in amount or quantity and which has a value which is capable of estimate and establishment by appraisal or similar process. The term does not include cases where the insured claims a loss or destruction of property that does not exist or was not in the fire.

n5  As distinguished from other coverage provisions sometimes contained in fire insurance policies.

n6  As distinguished from property indemnity insurance policies which frequently contain similar provisions.

n7  As distinguished from misstatements made by the insured at the time of entering into the insurance contract and from false testimony in insured's pleadings or at the trial. The term "proofs of loss" is used here not in its technical sense, but includes inventories, affidavits, or other schedules affixed to and explanatory of the proofs of loss.

n8  It is assumed for the purposes of this annotation that the policy involved contains a provision voiding the contract for fraud or attempted fraud of the insured and that these so-called fraud and false-swearing clauses are valid.

n9  In one jurisdiction it has been held that an overvaluation, although intentionally and fraudulently made, will not operate to forfeit any rights of the insured under the policy, unless the instrument itself stipulates for such forfeiture. Phoenix Ins. Co. v Moog (1884) 78 Ala 284.

n10  Am Jur, Insurance (Rev ed § 1419).

n11  Am Jur, Insurance (Rev ed § 1419).

n12  Am Jur, Insurance (Rev ed § 1420).

n13  § 3 , infra.

n14  § 5 , infra.

n15  § 6 , infra.

n16  This is a generalization not supported by specific authority.

n17  § 4 , infra.