United States District Court
District of Massachusetts

```
_____
                                )
AMERICAN PROCESS EQUIPMENT      )
COMPANY, INC.                   )
                                )
          Plaintiff,            )      Civil Action No.
                                )      04-10736-NMG
          v.                    )
                                )
ATLANTIC MUTUAL INSURANCE       )
COMPANY,                        )
                                )
          Defendant.            )
_____)
```

**CHARGE TO THE JURY**

December 16, 2005

**MEMBERS OF THE JURY:**

You have now heard the evidence and the closing arguments in this case.  It is now my duty to instruct you on the law that you must follow and apply.  In any jury trial there are, in effect, two judges.  I am one of the judges and you, collectively, are the other.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.  You, as jurors, are judges of the facts.  But in determining what actually happened in this case, that is, in reaching your decision as to the facts, it is your sworn duty to follow the law as I am about to define it for you.  When I have finished, you will begin your discussion with each other, what we call jury deliberations.

-1-

To help you understand and remember these instructions on the law, I will divide them into three parts: <u>First</u>, opening general instructions intended to guide you throughout your deliberations; <u>second</u>, instructions about the claims, about questions you will be asked to answer (as stated in the Verdict Form), and about the law you must apply in considering these questions; and <u>third</u>, some additional general instructions about procedures during your deliberations.

These instructions are somewhat complicated, and I ask you to pay very careful attention. I need to read them because I cannot commit to memory all of the law about which I have to instruct you, but I will submit to you a written copy of this charge when you go to the jury room. I want to caution you right away, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole and not just one individual particular instruction. So I ask you to do your best to stay with me.

## PART I

## <u>GENERAL INSTRUCTIONS</u>

All of my instructions are about the law you must apply. I do not mean any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case. It is your function to determine the facts. Although the law allows a trial judge in this court to comment on evidence, I deliberately do

not do so and instead leave the fact finding entirely in your hands.  You are to be the sole and exclusive judges of the facts.

Fortunately, you do not need to resolve every dispute of fact raised by the evidence.  In order to know which fact disputes are important, you need to know what rules of law to apply.  I have explained some of the rules to you during the course of the trial, and I will explain others to you now.  The lawyers were allowed to comment during their arguments on some of these rules of law, but if what they have said about the law differs in any way from my instructions, you must be guided only by the instructions on the law as I state them.

You must follow all of the rules as I explain them to you.  A single sentence or statement might not refer to an exception or qualification that I have stated elsewhere in these instructions, so you must consider all these instructions together, as a unit.

Even if you disagree with one or more of the rules of law, or don't understand the reasons for them, you are bound to follow them.  This is a fundamental part of our system of government by law rather than by the individual views of the judge or jurors who have the responsibility for deciding a case.  If I make any mistake in instructing you about the law, fair and even-handed application of the law to this and other cases is nevertheless assured, because any mistake I make on the law can be corrected on appeal.

In contrast, your decision on disputed facts is final.  That is, your findings on material disputed facts are not subject to

appeal.   You are the final and exclusive judges of the facts.

In your fact finding, of course, you are not to be swayed by bias, prejudice, sympathy or antagonism.   It is your function to find the facts fairly and impartially, on the basis of the evidence.

The evidence in the case consists of all exhibits received into evidence, all facts that may have been admitted or stipulated and all of the sworn testimony of the witnesses.   A stipulation means simply that the parties accept the truth of a particular proposition or fact.   Since there is no disagreement, there is no need for evidence apart from the stipulation.   Statements and arguments of counsel are not evidence in the case.   Any evidence ordered stricken by the Court must also be disregarded.   Anything you may have seen or heard outside the courtroom is not evidence and you must disregard it entirely.   Your verdict must be based solely on the evidence presented in this courtroom and in accordance with my instructions.

Also, from the facts proved, you may draw reasonable inferences about additional facts.   An inference is a deduction or conclusion.   An inference is an additional finding that your experience, reason and common sense lead you to draw from facts that you find are proved by the evidence.

Two more phrases often used in discussions about evidence received in a trial are "direct evidence" and "circumstantial evidence".

Testimony of a witness showing first-hand observation of a

fact by that witness is direct evidence.  For example, the testimony of an eyewitness just about what he or she saw is direct evidence.  If the witness is permitted to go beyond what he or she saw and is permitted to state a conclusion, or inference, or opinion, that part of the answer is not direct evidence.  Instead, it is one kind of circumstantial evidence.

Circumstantial evidence is proof of some facts, including events and circumstances, on the basis of which the jury may infer the existence or nonexistence of additional facts.

For example, let's suppose that you have been in this courtroom for a few hours and you have not been able to look outside.  A man comes into this courtroom wearing a wet raincoat and carrying a dripping umbrella.  You may draw the inference from those circumstances that it is raining outside.  That is what we call circumstantial evidence as opposed to direct evidence which would be the testimony of the man in the wet raincoat taking the stand and telling you that it is raining outside.

Direct and circumstantial evidence have equal standing in law. That is, with respect to what weight shall be given to evidence before you, the law makes no distinction between direct and circumstantial evidence.  No greater degree of certainty is required of circumstantial evidence than of direct evidence.  You are to consider all the evidence in the case and give each item of evidence the weight you believe it deserves.

Any inference that you draw from the facts proved must be a reasonable one and not merely conjecture or guesswork.  You might

-5-

decide that you do not have a sufficient basis to decide what inference to draw. It is for you, as judges of the facts, to decide whether the evidence before you is or is not sufficient for you to draw an inference. Ultimately, in drawing inferences, you should use your common sense.

If any reference by the Court or by the lawyers to matters of evidence is different from the way you remember the evidence, let your collective memory control.

At times during the trial you heard lawyers object to questions asked by the other lawyer, and to answers by witnesses. It is a proper function of lawyers to object. In objecting, a lawyer is requesting that I make a decision on a question of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

When I sustained an objection to a question, the witness was not allowed to answer. Do not attempt to guess what the answer might have been. And, if you heard an answer to the question before my ruling, you are to disregard it. In your deliberations, do not consider or talk about any question to which I sustained an objection or any answer or other statement that I excluded, or struck, or told you not to consider.

Also, during the course of the trial I may have made comments to the lawyers, or spoken to a witness concerning the manner of his or her testifying. Do not assume from anything that I may have

said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

### Note Taking

At the beginning of the trial, I instructed you about taking notes.  I remind you that notes taken by any juror are not evidence in the case and must not take precedence over your independent recollection of the evidence received in the case.  Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.

### Credibility

An important part of your job as jurors will be deciding whether or to what extent you believe what each witness had to say, and how important that testimony was.  You are the sole judges of the credibility of each witness.  In deciding whether to believe a witness or how much weight to give a witness's testimony, you may consider anything that reasonably helps you to assess that testimony.  The following are the kinds of questions you may want to consider in evaluating a witness's credibility.  Did the person seem honest?  Did he have some reason not to tell the truth?  Did the witness have an interest in the outcome of the case?  Did he gain any personal advantage by testifying in this case?  Did the witness seem to have a good memory?  Did the witness's testimony

differ from his earlier testimony or from the testimony of other witnesses?  Was the witness's testimony different on cross and direct examination?    What was the witness's manner while testifying?  These are some, but, of course, not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

You may also consider any demonstrated bias, prejudice or hostility of a witness in deciding what weight to give to the testimony of that witness.

The mere number of witnesses or exhibits or the length of the testimony has no bearing on what weight you give to evidence, or on whether you find that the burden of proof has been met.  Weight does not mean the amount of the evidence.  Weight means your judgment about the credibility and importance of the evidence.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because an inconsistency or difference exists.  Two or more witnesses may see or hear things differently.  Innocent misrecollection, like failure of recollection, is a common experience.  In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

On the other hand, you are not required to accept testimony merely because it is uncontradicted.  You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for whatever reason, that a witness's testimony

is not worthy of belief.  You may accept all of a witness's testimony or you may reject all of it, or you may accept part and reject another part.

### Prior Inconsistent Statements

You have heard evidence that at some earlier time a witness has said or done something which counsel argue is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered as affirmative evidence in determining credibility.  Rather, it was placed before you for the more limited purpose of helping you decide whether, or how much, if any, of that witness's trial testimony to believe.

In making this determination, you may consider whether the witness purposely made a false statement or made an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency, and if so, whether it appeals to your common sense.

### Expert Witnesses

During the trial you have heard testimony from individuals having specialized skill or knowledge.  Such a witness is referred to as an "expert witness".  The mere fact that a witness is allowed to testify as one having specialized knowledge or experience does not indicate that you must believe that testimony.  Nor should you substitute the expert's testimony for your own reasonable judgment and common sense.  The credibility of each witness is for you to determine.

The law allows a person having specialized knowledge or experience to state an opinion in court about matters in that person's particular field.  The fact that such a witness expressed an opinion does not mean, however, that you must accept that opinion.  It is for you to decide whether the opinions expressed were mere speculations or guesses, which you should disregard, or were instead based on sound reasons, judgment and facts.

If you find that part or all of the opinion testimony was based on stated or unstated assumptions, and you further find that those assumptions are contrary to what you find on the evidence before you, then you will disregard any part of the opinion testimony that was based on assumptions contrary to your factual findings.

Also, your decision whether or not to rely upon opinion testimony by an expert witness will depend on your judgment about whether the witness's training and experience is sufficient for him to give the opinion that you heard.

It is up to you, bearing all these considerations in mind, to decide whether you believe and choose to rely on the testimony of a witness having specialized knowledge or experience.  You may accept all of it, part of it, or none of it, as you find appropriate.

## **Burden of Proof**

In this case, the plaintiff has alleged a breach of contract claim against the defendant.  The defendant, in response, has

alleged that it was excused from its performance under the contract. Such an excuse is known in legal terms as an "affirmative defense". In addition to its affirmative defense, the defendant has alleged an independent claim against the plaintiff for intentional misrepresentation. When a defendant alleges a claim against the plaintiff, that claim is called a "counterclaim".

Because this is a civil case, the plaintiff has the burden of proving every disputed element of its claim by a preponderance of the evidence. Similarly, with respect to its counterclaim and affirmative defense, the defendant bears the burden of proving the material allegations of those claims by a preponderance of the evidence. If you conclude that the plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against the plaintiff on that issue. By the same token, if you conclude that the defendant has failed to establish its counterclaim or affirmative defense by a preponderance of the evidence, you must decide against the defendant on the issue then under consideration.

To establish something by a preponderance of the evidence means to prove that it is more likely true than not true. It means that such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely true than not true. As I said at the beginning of the trial, to put it differently, if you were to put the plaintiff's and defendant's

-11-

evidence on opposite sides of the scales, the plaintiff would have to make the scales tip somewhat to its side with respect to its claim, and the defendant would have to make the scales tip somewhat to its side with respect to its counterclaim or affirmative defense.  In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them.  The burden of proof has not been carried if, after considering all the evidence, you find that you must speculate, guess or imagine that one or more of the necessary facts is true.

Although, on the claims involved in this case, the burden is on the party seeking to establish the claim to prove its contentions by a preponderance of the evidence, this rule does not, of course, require proof to an absolute certainty.  Nor is proof beyond a reasonable doubt or by clear and convincing evidence required.  As to all of the issues in this case, the standard for defining the burden of proof is the "preponderance of the evidence" standard.

### <u>Sympathy</u>

In many cases there is an element of sympathy which surrounds the trial.  People involved in the case may be deserving of sympathy in everyday life.  However, the courtroom is not the place for sympathy.  When you decide this case, you must do so on the

basis of the facts as you find them, disregarding sympathy and emotion.  You must consider the evidence in a calm, dispassionate, analytical manner in accordance with the burden of proof I have just described and the specific instructions I will give you momentarily.

### **Corporate Defendant**

The fact that a party is a corporation does not mean that it is entitled to any lesser consideration by you than if it was an individual.  All litigants, corporations as well as individuals, are entitled to your fair and unbiased consideration.

In the remainder of my instructions, I may refer to acts or omissions of American Process Equipment Company (which I will refer to as "APEC") and of Atlantic Mutual Insurance Company (which I will refer to as "Atlantic Mutual").  You may consider these statements to refer to the acts or omissions of principals or employees of those entities.  I also will talk about things that a "person" may do or rights that a "person" may have, but in this case I mean "person" to include any legal entity, including a corporation.

### **PART II**

In this case, I will submit specific questions to you in a Verdict Form.  First, I will summarize each claim and explain how to apply the law to that claim.  In a moment, my deputy clerk will distribute copies of the Verdict Form that you will have in the jury room and that I will refer to during the remainder of my

instructions.

This case involves a claim by the plaintiff, APEC, as well as a counterclaim and affirmative defense by the defendant, Atlantic Mutual. APEC alleges that Atlantic Mutual breached the insurance contract between the parties with respect to losses the plaintiff suffered as a result of water leaks on the date or dates of loss in 2002. The defendant alleges that it is excused from its performance under the insurance contract because the policy is void and it further alleges that APEC made an intentional misrepresentation of material fact when it submitted its insurance claim. A number of the issues that you will need to consider as you deliberate are affected by _when_ APEC allegedly suffered the loss that is at issue in this case. Consequently, you should consider, as an initial matter, what was the date or dates of the loss that APEC claims was covered by the insurance contract that Atlantic Mutual allegedly breached.

<u>**BREACH OF CONTRACT**</u>

**[Distribute Verdict Form and read Question 1]**

The plaintiff in this case, APEC, alleges that the defendant, Atlantic Mutual, breached the insurance contract that the plaintiff purchased from it. To prevail on a breach of contract claim, a plaintiff must prove that:

1)   the parties entered into a contract;

2)   the plaintiff performed its obligations under the contract;

3)   the defendant failed to perform its obligations under the

-14-

contract, or breached the contract; and

4)    the plaintiff suffered damages as a result of the breach
of contract.

A contract is a legally enforceable promise, or set of promises, between two or more persons to do or not to do a certain thing.  A contract is formed when the parties agree to the terms and conditions of mutual promises and understand what each party is agreeing to do or not to do.  This is often referred to as a "meeting of the minds".  Both parties must intend to agree to the terms of the contract at the time the contract is made.

The terms of the contract are those terms to which the parties mutually assent with reasonable certainty.  If the terms of the insurance contract are unambiguous, you must interpret those terms according to their usual and ordinary meaning.  Written or verbal evidence not contained in a written contract cannot be used to contradict or change the terms of an otherwise unambiguous contract.  If the terms of the insurance contract are ambiguous, you should resolve the ambiguity against Atlantic Mutual and for APEC because ambiguities in insurance contracts are normally resolved against the insurer.

In order for APEC to prove that Atlantic Mutual breached the insurance contract in this case, it must first show that the parties entered into a valid contract covering the alleged loss and that APEC performed its own obligations under the contract.

The plaintiff must then show that Atlantic Mutual failed to comply with its obligations under the contract.  In addition to the express terms of the insurance contract itself, under Massachusetts

-15-

law, all contracts contain an implied covenant of good faith and fair dealing. That covenant means that neither party may do anything that will have the effect of destroying or injuring the right of the other party to receive the benefits under the contract. The phrase "good faith" has generally been defined as honesty in fact in the conduct or transaction concerned, but it is ultimately circumscribed by the obligations contained in the contract itself. A lack of good faith may be inferred where a party's conduct is "unreasonable under all the circumstances". If a party violates the implied covenant of good faith and fair dealing, that party is deemed to have violated its obligations under the contract.

If you find that APEC has proved each required element of the breach of contract claim, by a preponderance of the evidence, you should find that Atlantic Mutual breached the insurance contract. If you find that APEC has failed to prove one or more of the elements, however, you should find that there was no breach of the insurance contract.

## **AFFIRMATIVE DEFENSE: AVOIDANCE OF CONTRACT**

**[Read Question 2]**

The defendant in this case, Atlantic Mutual, alleges that it is excused from its performance under the insurance contract at issue because the policy was made void by APEC's conduct. The insurance contract, which you will have in its entirety in the jury room, includes a provision that

> [the] policy is void in any case of fraud by [the insured]
> as it relates to [the] policy at any time. It is also void
> if [the insured], at any time, intentionally conceal[s] or

-16-

misrepresent[s] a material fact concerning: 1. [the] policy; 2. [t]he Covered Property; 3. [the insured's] interest in the Covered Property; or 4. [a] claim under [the] policy.

Under Massachusetts law, if an insured party provides its insurer with a statement of values known to be false "for the purpose of securing an advantageous position in the settlement of the loss", that conduct is considered an attempt to defraud the insurer and therefore makes the policy void.

However, the mere fact that an insured party submitted a false statement or exaggeration of value in a proof of loss is not sufficient, in and of itself, to void an insurance policy. If the insured party acted "in good faith in an honest effort to ascertain the truth as to the value of his property and the amount of his loss," the fact that he made an "innocent mistake or an accidental misrepresentation will not deprive the insured of the benefits of the polic[y]".  Consequently, in considering whether or not the policy is void, you should give close consideration to what was the intent of APEC when it submitted statements to Atlantic Mutual.

After considering the evidence, including the terms of the insurance contract as a whole, if you find that Atlantic Mutual has proven, by a preponderance of the evidence, that the policy is void, you should find that Atlantic Mutual was excused from performing under the terms of the contract, i.e., from paying the claim.  If you find that Atlantic Mutual has failed to prove that the policy is void, however, you should find that Atlantic Mutual was not excused from its performance under the contract.

## COUNTERCLAIM: INTENTIONAL MISREPRESENTATION

-17-

**[Read Question 3]**

The defendant, Atlantic Mutual, also alleges in a counterclaim that APEC made intentional misrepresentations to it with respect to the proof of claim APEC submitted. Atlantic Mutual's counterclaim against APEC for intentional misrepresentation is very similar to, but slightly different from, its allegation that it is excused from performance of the contract. To succeed on its counterclaim for intentional misrepresentation, Atlantic Mutual must prove, by a preponderance of the evidence, that

1) APEC made a false representation;

2) that misrepresentation related to a material fact;

3) APEC knew or should have known that the misrepresentation was false;

4) APEC intended that Atlantic Mutual would rely upon the misrepresentation;

5) Atlantic Mutual in fact relied upon the misrepresentation and its reliance was reasonable under the circumstances; and

6) Atlantic Mutual suffered damages as a result of its reliance.

A fact is "material" to an insurance claim if it is reasonably relevant to the insurance company's investigation of the claim.

The principal difference between Atlantic Mutual's counterclaim against APEC for intentional misrepresentation and its allegation that it is excused from performing the insurance contract because of APEC's intentional misrepresentation relates to the last two elements of the counterclaim that I have just described. In order for Atlantic Mutual to succeed on its

-18-

counterclaim for intentional misrepresentation, it must show that it reasonably relied on the misrepresentation and that it suffered damages as a result of that reasonable reliance.

In contrast, in order for Atlantic Mutual to prove that the policy is void, it does not need to show that it reasonably relied on a misrepresentation by APEC or that it suffered damages.  Thus, the threshold that Atlantic Mutual must meet to prove the counterclaim for intentional misrepresentation is higher than the standard it must meet to prove that the policy is void.

If you find that Atlantic Mutual has proven, by a preponderance of the evidence, that APEC is liable for intentional misrepresentation, you should find for Atlantic Mutual on that counterclaim.  In addition, because the terms of the insurance contract state that the policy is void if APEC intentionally misrepresents a material fact concerning its claim, if you find that APEC is liable for intentional misrepresentation, you should also find that Atlantic Mutual was excused from its performance under the contract.  If, on the other hand, you find that Atlantic Mutual has not proven, by a preponderance of the evidence, all of the elements of its counterclaim for intentional misrepresentation, you should find for APEC on that counterclaim.

## DAMAGES

I have completed my instructions on the substantive claims and will now instruct you on the law of damages as that law applies to this case.  The mere fact that I instruct you on the law of damages

does not mean that I believe damages are due or not due in this case. That is for you to decide. You are to consider damages only if you first find that the defendant is liable to the plaintiff on a claim made by the plaintiff or that the plaintiff is liable to the defendant on a counterclaim made by the defendant.

If you find that one party is liable to the other party, then you must determine the extent to which that party is liable. The burden is on the party asserting the claim to prove damages by a preponderance of the evidence. You may award only that amount of damages that will reasonably compensate a party for its loss.

You are not permitted to award speculative damages. Any award of damages must be based on the evidence and on a finding by you that the plaintiff has convinced you, by a preponderance of the evidence, that it has been damaged as it claims to have been damaged. Moreover, the party seeking damages must prove, by a preponderance of the evidence, that the damages it suffered were proximately caused by the wrongful conduct of the other party. Damages must be ascertainable by reference to some definite standard, either of market value, established experience or direct inference from known circumstances. However, a mathematical certainty in measuring damages is not a prerequisite for recovery. The determination of damages is left to your judgment and estimation as the triers of fact.

A party which has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss

and to minimize damages.  A party may not recover for losses that it could have prevented by reasonable efforts on its part. Furthermore, in this case the insurance contract itself imposes a duty upon the insured to "[t]ake all reasonable steps to protect [its] Covered Property from further damage" in the event of a loss covered under the policy.

You must not award duplicative or overlapping damages or award damages more than once for the same injury.  A party seeking damages is entitled to be made whole again but not to recover more than its loss.  Of course, if different damages are attributed to different claims, then you may compensate a party in full for all of its damages.

If you award damages, you are not to include any amount for interest.  The law provides for interest on any damages awarded and such calculations in this case are not for the jury.  In addition, you are not to take into account any kind of taxes and you may not include any amount for court costs or for attorneys' fees.  Additionally, you may not award punitive damages or damages to punish either of the parties; you may only award damages in an amount necessary to compensate a party according to the principles on which I will instruct you.

### Contract Damages

[Read Questions 4, 5a, 5b, 6, 7a, 7b]

If you find that Atlantic Mutual is liable to APEC on the breach of contract claim referred to in Question 1, then you must

determine the extent to which Atlantic Mutual is liable for
contract damages.

Upon any breach of a contract, the breaching party is liable
for whatever damages follow as a natural consequence and as a
proximate result of its conduct or which were within the
contemplation of the parties at the time the contract was made as
a probable result of a breach of that contract.

The standard measure of recovery for a breach of contract is
compensatory or expectancy damages, that is, an amount intended
to put the non-breaching party in the position it would have been
in if the contract had been fully performed.  In other words, the
non-breaching party should receive "the benefit of the bargain".
The non-breaching party should not be awarded damages that put it
in a better position than if the contract had been carried out.

In this case, the insurance contract itself contains
detailed provisions on Atlantic Mutual's payment obligations in
the event that the insured submits a valid claim.  Those
provisions are primarily located in the insurance policy (which
is Exhibit 2) in the section entitled "Special Property Plus
Coverage Form" at pages 27 of 44 through 31 of 44.  You should
consider carefully those provisions, among others that may be
relevant as well, if you conclude that APEC should be awarded
damages to put it in the position that it would have been in had
Atlantic Mutual fully performed under the policy.

If the breach of the insurance contract caused no damage, or
if the loss is not proved with sufficient certainty, you may
award the injured party nominal damages, which for your purposes,

would be one dollar ($1).

## Intentional Misrepresentation Damages

**[Read Questions 8 and 9]**

If you find that Atlantic Mutual has proven each of the elements of its counterclaim against APEC for intentional misrepresentation, Atlantic Mutual is entitled to recover the amount reasonably required to put it in the position that it would have been in had APEC not made the intentional misrepresentation. In putting Atlantic Mutual in the position it would have been in absent the intentional misrepresentation, you should include an amount to compensate Atlantic Mutual for any additional expenses that were reasonably foreseeable as a result of APEC intentional misrepresentation.

## PART III

## Procedures During Deliberations

When you go to the jury room to begin considering the evidence in this case, the foreman, Mr. Chen, will assure that every juror is present during all of your deliberations and that all jurors, the foreman included, will have equal and full opportunity to participate in the deliberations. Once you are in the jury room, if you need to communicate with me, the foreman will send a written message to me. If you do send a written message to me, I will discuss it with the lawyers for both sides before responding to you, so please continue your deliberations to the extent you are able during the time it takes for me to respond to your question.

-23-

Do not stop your deliberations while you wait for a response. And do not tell me how you stand, either numerically or otherwise, on any issue before you, until after you have reached a verdict.

On matters touching simply on the arrangements for your meals, schedule and convenience, you are free to communicate with the marshal orally rather than in writing. You are not to communicate with anyone other than me about the case, however, and then only in writing.

I have read to you what is called a verdict form. A verdict form is simply the written notice of the decision that you reach. You will have the original and copies of this form in the jury room and, when you have reached your verdict, you will have your foreman fill in, date, and sign the original to state the verdict upon which you agree. You will then report, in writing to the marshal, that you have reached a verdict after which you will be invited to return with your verdict to the courtroom. Your verdict must be unanimous. That is, you must be unanimous as to the answer to each of the questions you answer.

It is my practice, absent special circumstances, to allow a jury to recess before dinner and begin deliberation again in the morning of the next regular court day.

It is not yet time for you to start deliberating. I will have a sidebar conference with counsel and you can be at ease for a few minutes. I will then have some brief final instructions to give you before you retire to deliberate.

-24-

**[SIDEBAR]**

Members of the jury, it is now time for the case to be submitted to you. You may commence your deliberations. All of you who are the jury must be together at all times when you are deliberating. Whenever you need a recess for any purpose, your foreman, Mr. Chen, may declare a recess. Do not discuss the case during a recess in your deliberations. All your discussion of the case should occur only when you are all together and your foreman has indicated that deliberations may proceed. This should be your procedure so that everyone in the jury will have equal opportunity to participate and to hear all of what other members of the jury have to say.

You may go to the jury room and may commence your deliberations.