UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10736 (NMG)

| | |
|---|---|
| AMERICAN PROCESS EQUIPMENT COMPANY, INC. | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| ATLANTIC MUTUAL INSURANCE COMPANY | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO AMEND THE JUDGMENT
TO INCLUDE PRE-JUDGMENT INTEREST AT A RATE OF 12%**

Plaintiff American Process Equipment Company, Inc. ("plaintiff" or "APEC") hereby moves this Honorable Court, pursuant to Fed.R.Civ.P. 59(e), to amend the judgment in this case to include pre-judgment interest at a rate of 12% pursuant to M.G.L. c. 231, §6C as of August 27, 2002 for plaintiff's property damage award (the date of Atlantic Mutual Insurance Company's ("Atlantic Mutual" or "defendant") breach of the insurance contract), and as of March 19, 2004 for plaintiff's business interruption award (the date plaintiff filed suit). In further support of this Motion, plaintiff states as follows:

I.   **Facts Relevant To This Motion**

1.   On March 19, 2004, plaintiff filed a Complaint and Jury Demand in the Superior Court of Massachusetts alleging, *inter alia*, that Atlantic Mutual breached the

insurance contract[1] between APEC and Atlantic Mutual by failing to make insurance proceeds available to APEC as a result of its casualty.[2] APEC had submitted previously a Proof of Loss on July 22, 2002, which was received by Atlantic Mutual on July 29, 2002. A copy of the Proof of Loss is attached hereto as Exhibit 1.

2. On or around April 12, 2004, Atlantic Mutual removed APEC's Massachusetts state court action to Federal Court on diversity grounds.

3. On December 16, 2005, a jury returned a verdict in favor of plaintiff, finding that Atlantic Mutual breached the parties' insurance contract and that plaintiff's damages were in the sum of $4,060,000. A judgment was entered by the Court on December 19, 2005, but it did not include any amount for pre-judgment interest.

## II. Pre-Judgment Interest Should Be Calculated For Plaintiff's Property Damage Award At 12% From August 27, 2002– The Date of the Breach

4. It is well established law that questions concerning pre-judgment interest are substantive, not procedural. *See Quaker State Oil Refining v. Garrity Oil Co.*, 884 F.2d 1510 (1st Cir. 1989); *Militello v. Ann & Grace Inc.*, 411 Mass. 22 (1991); *Morris v. Watsco Inc.*, 385 Mass. 672, 675-78 (1982). Because this case concerns Atlantic Mutual's breach of a Massachusetts contract, *i.e.* the insurance policy, Massachusetts law applies.

---

[1] The insurance policy is a Massachusetts contract and, therefore, Massachusetts law applies.

[2] In the Complaint, plaintiff requested statutory interest. *See* Complaint at page 5, (¶ii).

5.  The applicable Massachusetts statute for the calculation of interest in a breach of contract claim is M.G.L. c. 231, §6C, which provides in pertinent part that in all actions based on breach of contract, "upon a verdict . . . for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages . . . at a rate of twelve percent per annum from the date of the breach or demand." *Id.*; *see also Pacific Insurance Company, Ltd. v. Eaton Vance Management*, 260 F.Supp.2d 334, 345 (D. Mass. 2003) (holding that under Massachusetts law, an insured was entitled to award of prejudgment interest against the insurer, at a rate of 12% per annum, after prevailing in breach of contract action from the date of the breach until the date of the judgment); *Commercial Union Fire Insurance Company v. Walbrook Insurance Company, Ltd.*, 41 F.3d 764 (D. Mass. 1994) (holding that Federal courts sitting in diversity jurisdiction are obligated to apply state law and that where Massachusetts law governs the underlying transaction a Federal court should apply Massachusetts law in calculating prejudgment interest).[3]

    a.  The Date of Atlantic Mutual's Breach Is August 27, 2002

6.  The undisputed evidence adduced at trial shows that APEC submitted its Proof of Loss to Atlantic Mutual on or around July 22, 2002 (*see* Trial Exhibit No. 14 –

---

[3] Pursuant to M.G.L. c. 231, §6C, plaintiff could request statutory interest from the "date of . . demand." If the Court concludes that the date of breach is not established, then interest should be awarded from the earlier date of July 29, 2002, which is without dispute the latest day that, the evidence shows, demand was made on defendant, which demand was in exactly the amount later awarded by the jury.

letter from Richard Benedetti to Douglas Dodge enclosing the Proof of Loss), and that it was received by Atlantic Mutual on July 29, 2002 (the Proof of Loss stamped received by Atlantic Mutual, *see* Trial Exhibit No. 15, attached hereto as Exhibit 1). Under the insurance policy, Atlantic Mutual was obligated to "pay for covered loss or damage within 30 days after we [Atlantic Mutual] receive the sworn proof of loss . . ." *See* Trial Exhibit No. 2, the insurance policy, at 31 of 44, which is attached hereto as Exhibit 2. Based on the jury's determination that Atlantic Mutual breached the insurance policy by failing to pay APEC's claim, Atlantic Mutual was in breach of the policy on August 27, 2002 – 30 days after Atlantic Mutual received APEC's Proof of Loss – when, according to the jury, it was contractually obligated to pay APEC's claim. Thus, interest on plaintiff's property damage award in the sum of $3,100,000 should be calculated at 12% from August 27, 2002.

### III. Pre-Judgment Interest Should Be Calculated At 12% From The Date of The Filing Of The Complaint For Plaintiff's Business Interruption Award

7. Plaintiff believes that in fairness, its business income damages should not be calculated from the date of Atlantic Mutual's breach, since lost income was incurred later as a result of APEC's loss of its use of its machines. Accordingly, pre-judgment interest for plaintiff's business interruption award in the sum of $960,000 should be calculated from March 19, 2004 -- the date plaintiff filed suit. Pursuant to G.L. c. 231, §6C, the date of the filing of the complaint should be used to calculate pre-judgment interest in the event the date of breach cannot be determined, and the parties are in agreement concerning the calculation of interest on plaintiff's

4

business interruption award.[4]

WHEREFORE, based on the foregoing, this Motion should be allowed and pre-judgment interest should be calculated at a rate of 12% from August 27, 2002 to the date of the judgment for plaintiff's property damage award and from March 18, 2004 for plaintiff's business interruption award.

Respectfully submitted,

American Process Equipment Company, Inc.,

By its attorneys,

/s/ Noah R.
David L. Kelston, BBO #267310
Noah Rosmarin, BBO #630632
Adkins, Kelston & Zavez, P.C.
90 Canal Street, Fifth Floor
Boston, MA 02214
(617) 367-1040

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 12/27/05

/s/ Noah R.

Dated: December 27, 2005

**CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 7.1(A)(2)**

Pursuant to L.R. 7.1(A)(2), I certify that I have conferred in good faith with counsel for the defendant in an attempt to resolve the issue that is the subject of the accompanying motion.

/s/ Noah R.
Noah Rosmarin

---

[4] During the parties Rule 7.1 Conference, defendant proposed to calculate all interest at a rate of 12% for plaintiff's business interruption award and property damage award from March 19, 2004 – the date plaintiff filed suit. While plaintiff believes interest on its property damage award should be calculated from the earlier breach date, it is in agreement with defendant as to the proper date for calculating interest on its lost business income claim.

5